# FILED

NOV –2 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

EZEQUIEL ROMO  K·S8661

(Name of Plaintiff)
CCI · 4B · 8A'210 - P.O. Box 1906

(Address of Plaintiff)
TEHACHAPI, CA. 93581.

vs.

MATHEW CATE, SECRETARY OF

CDCR, . et al.

(Names of Defendants)

2:11CV 2898 DAD P

(Case Number)

COMPLAINT FOR
VIOLATION OF CIVIL
RIGHTS STATUTE
42.U.S.C.1983.
DEMAND FOR JURY
TRIAL...

I. Previous Lawsuits:

    A.  Have you brought any other lawsuits while a prisoner:  ☐ Yes  ☒ No

    B.  If your answer to A is yes, how many?: _____ Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

        1.  Parties to this previous lawsuit:

            Plaintiff _____

            Defendants _____

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983        Rev'd 5/99

2. Court (if Federal Court, give name of District; if State Court, give name of County)

_____

3. Docket Number _____

4. Name of judge to whom case was assigned _____

5. Disposition  (For example: Was the case dismissed? Was it appealed? Is it still pending?)

_____

6. Approximate date of filing lawsuit _____

7. Approximate date of disposition _____

II. Exhaustion of Administrative Remedies

   A.  Is there a grievance procedure available at your institution?    ☒ Yes    ☐ No

   B.  Have you filed a grievance concerning the facts relating to this complaint?
                                                                    ☒ Yes    ☐ No

       If your answer is no, explain why not _____

       _____

   C.  Is the grievance process completed?    ☒ Yes    ☐ No

III. Defendants

   (In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

   A.  Defendant MATHEW CATE _____ is employed as DIRECTOR OF CALIFORNIA·DEPARTMENT OF ___ at ___ SACRAMENTO. CORRECTIONS AND REHABILITATION.

   B.  Additional defendants JAMES WALKER, WARDEN; T.VIGRA (CDW); J. STEWART,(LT) ; ENGELLENER (SGT.) ; ELLEN (SGT.) ; R.MENDOZA ;E,BAKER AND DOES 1-50, INCLUSIVE ; EACH BEING SUED IN THEIR INDIVUAL AND OFFICAL CAPACITIES , et al..,

4

# I. JURISDICTION...

1. THIS ACTION IS BROUGHT PURSUANT TO 42 U.S.C. SECTIONS 1983 AND 1985 TO REDRESS THE DEPRIVATION, UNDER COLOR OF STATE LAW OF RIGHTS SECURED BY THE CONSTITUTION OF THE UNITED STATES. JURISDICTION IS BASED UPON 28 U.S.C. SECTIONS 1331 AND 1343. THE COURT ALSO HAS PENDENT JURISDICTION OVER STATE CLAIMS PURSUANT TO 28 U.S.C. SECTION 1367. PLAINTIFF SEEKS DECLARATORY RELIEF RURSUANT TO 28 U.S.C. SECTIONS 2201 AND 2202. THE UNLAWFUL ACTS AND PRACTICE(S) ALLEGED OCCURRED PRIMARILY WITHIN THIS JUDICIAL DISTRICT AND THE MAJORITY OF THE DEFENDANTS RESIDE WITHIN THIS DISTRICT 28 U.S.C. SECTION 1391(b). PLAINTIFF RESPECTFULLY REQUEST A JURY TRIAL ON THESE ALLEGATIONS.

# II. PARTIES...

2. PLAINTIFF EZEQUIEL ROMO, IS AND AT ALL TIMES MENTIONED HEREIN, A PRISONER OF THE STATE OF CALIFORNIA, IN THE CUSTODY OF THE DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR.). PLAINTIFF IS CURRENTLY CONFINED AT (CCI) CALIFORNIA CORRECTIONAL INSTITUTION AND HOUSED WITHIN THE SECURITY HOUSING UNIT (SHU).

3. DEFENDANT(S), CATE, IS THE DIRECTOR OF THE CDCR, HE IS LEGALLY RESPONSIBLE FOR THE OVERALL OPERATION OF THE DEPARTMENT AND EACH INSTITUTION UNDER ITS JURISDICTION INCLUDING CALIFORNIA STATE PRISON, SACRAMENTO (CSP/SAC).

DEFENDANTS AND DOES 1-50, ARE EACH RESPONSIBLE IN SOME MANNER FOR THE CONSTITUTIONAL VIOLATIONS AND DAMAGES TO PLAINTIFF DESCRIBED HEREIN. PLAINTIFF THEREFORE SUES DOES 1-50 BY SUCH FICTICIOUS NAMES AND WILL SEEK LEAVE



1  TO AMEND THIS COMPLAINT TO ADD THEIR TRUE NAMES WHEN
2  THE SAME HAVE BEEN ASCERTAINED.

3              INTRODUCTION OF FACTS.

4  1. THIS ACTION ARISES FROM THE DEFENDANTS ACTS AND/OR
5  POLICIES WHICH HAVE CAUSED PLAINTIFF TO BE WRONGLY PLACED ON
6  CONTRABAND SURVEILLANCE WATCH (CSW), AND RETAINED ON CSW
7  FOR AN EXTENDED PERIOD OF TIME BASED ON PLAINTIFF'S OUT
8  TO COURT (OTC) AT CSP/SACRAMENTO. DEFENDANTS HAVE ARBITRARILY
9  PLACED AND RETAINED PLAINTIFF ON CSW:

10     a). WITHOUT DUE PROCESS OF LAW;
       b). INTENTIONALLY AND WITHOUT PROBABLE CAUSE;
11     c). FOR AN EXTENDED PERIOD OF TIME IN CONDITIONS
       THAT ADVERSLY IMPACTED PLAINTIFF'S PHYSICAL AND MENTAL
12     WELL-BEING;
13     d). PLAINTIFF WAS NOT FOUND GUILTY OF ANY RULES VIOLATION
14     REPORTS (RVR), SUBJECTIVE TO PUNITIVE DISCIPLINE.

15         FACTS PERTAINING TO PLAINTIFF'S
16         PLACEMENT ON CSW, RETENTION..

17  1. PLAINTIFF WAS ISSUED A COURT ORDER TO BE RESENTCED
18  ON NOVEMBER 20. 2009. TO APPEAR AT SACRAMENTO SUPERIOR
    COURT AND HOUSED AT CSP/SACRAMENTO ON OCTOBER 30. 2009.
19  2. DEFENDANTS, SOME OF WHICH PARTCIPATED IN THE INV-
20  ESTIGATION OF PLAINTIFF'S COURT ORDERED CASE AND/OR PRESE-
21  NT WHILE PLAINTIFF WAS HOUSED AT CSP/SAC. THROUGH SEPT
22  EMBER 8. 1999. AND JULY4. 2006.

23  3. DEFENDANTS, WERE GIVEN NOTICE OF COURT ORDER SAME
24  AS PLAINTIFF.

25
26
27

IV.    Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

1. ON NOVEMBER 13.2009, PLAINTIFF ARRIVED AT CSP/SACRAMENTO ON AN OUT TO COURT ORDER (PEOPLE v. ROMO CASE NO. 04F05789) AT 10:30 A.M.

2. AT 12:40 P.M. J. STEWART (LT), LIEUTENANT ISSUED PLAINTIFF SEGREGATION ORDER CDC 114 D.

3. CORRECTIONAL OFFICER'S R. MENDOZA AND E. BAKER ENTERED RECIEVING AND RELEASE (R/R) AREA AND SPOKE WITH (LT) STEWART.

CONTINUED ON ADDITIONAL PAGE (S).

V.    Relief.

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

! WHEREFORE, PLAINTIFF PRAYS FOR THE FOLLOWING: 1) DECLARATORY JUDGEMENT THAT DEFENDANTS' ACTS AND PRACTICES DESCRIBED HERE IN VIOLATE PLAINTIFF'S RIGHTS AS HEREIN STATED, 2): PRELIMINARY AND PERMANENT INJUNCTION WHICH PROHIBITS AND REQUIRES THAT DEFEND-ANTS, THEIR AGENTS AND EMPLOYEES/SUCCESSORS (i)CEASE HARRASSMENT, RETALIATION AND REPRISAL FOR PLAINTIFF'S COURT LITIGATION; 3)COM-PENSATORY AND PUNITIVE DAMAGES OF FIFTY-THOUSAND DOLLARS FROM EACH DEFENDANT FOUND TO HAVE INTENTIONALLY (CONTINUED ON ADD,.)

Signed this 18 day of OCTOBER, 2011.

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

OCTOBER 18, 2011.
(Date)

_____
(Signature of Plaintiff)

# IV. STATEMENT OF CLAIM.

4. AS R. MENDOZA AND E. BAKER EXITED (R/R) AFTER SPEAKING WITH J. STEWART. BAKER MADE THE COMMENT OF CALLING PLAINTIFF "ROMERO" AS HE PASSED PLAINTIFF.

5. PLAINTIFF'S NAME IS EZEQUIEL ROMO AND HAS NEVER KNOWN DEFENDANT BAKER.

6. DEFENDANT, R. MENDOZA PARTICIPATED IN THE INITIAL INVESTIGATION OF PLAINTIFF'S COURT ORDERED CASE.

7. DEFENDANT, J. STEWART (LT) LIEUTENANT AUTHORIZED PLAINTIFF TO POSSESS HIS LEGALWORK. (CCR. 3161.)

8. SERGEANT, BUCHANON WAS SEARCHING PLAINTIFF'S LEGAL WORK AND STATED HE WOULD ISSUE IT TO PLAINTIFF AS AUTHORIZED.

9. CORRECTIONAL OFFICER, (C/O) RAFFERTY TELEPHONED (AD/SEG) ADMINISTRATION SEGREGATION TO HOUSE PLAINTIFF PURSUANT TO CDC FORM 114D. (CCR. 3336)

10. (C/O) I. MONTEZ AND, HOOD ARRIVED TO ESCORT PLAINTIFF WHEN PLAINTIFF REQUESTED HIS LEGALWORK. PLAINTIFF WAS TOLD NO AND HE COULD NOT POSSESS IT WHERE HE WAS TO BE HOUSED.

11. PLAINTIFF, REQUESTED TO SPEAK WITH (LT) J. STEWART AND KNOW WHERE HE WAS TO BE HOUSED. SGT. BUCHANON STATED (LT) STEWART REFUSED TO SPEAK TO PLAINTIFF AND HE WOULD BE HOUSED AND PLACED ON CSW NOT GOING TO AD/SEG. (D.O.M. 520 50.23.2.)

12. PLAINTIFF HAVING COMPLETED NUMEROUS STRIP SEARCHES AND CLEARING ALL METAL DETECTORS. HAVING TRANSFFERED FROM (CCI) WITH AN LAY-OVER AT (DVI) DUEL VOCATIONAL INSTITUTION. (CCR. 3287.(4). (b).).

13. PLAINTIFF WAS NOT AGGRESSIVE IN ANYWAY AND FOLLOWED ALL DIRECT ORDERS IN ACCORDANCE TO CALIFORNIA CODE OF REGULATIONS (CCR.) 3005. CONDUCT.

## V. STATEMENT OF CLAIM.

14. PLAINTIFF WAS TAKEN TO C'FACILITY MEDICAL. DEFENDANTS, (SGT). ENGELLENER STATED HE DID NOT KNOW ANY REASON FOR PLAINTIFF TO BE PLACED ON CSW. (D.O.M. 52050.19.5)

15. PLAINTIFF STATED HE WAS NOT IN POSSESSION OF ANY CONTRABAND. (D.O.M. 52050.19.1) AND REQUESTED AN X-RAY. DEFENDANTS (SGT) ENGELLENER, I. MONTEZ AND OTHER UNIDENTIFIED (C/O'S) OFFICER'S ON DUTY STRIPPED/SEARCHED PLAINTIFF, WHICH RESULTED IN NEGATIVE RESULTS OF ANY CONTRABAND. (D.O.M. 52050.20)

16. DEFENDANTS SUBJECTED PLAINTIFF TO WEAR DOUBLE CLOTHING WHICH CONSISTED OF TWO PAIR OF UNDERWEAR, EACH TAPED INDIVUALLY TO AN APPENDAGE, AND TORSO AND TWO T-SHIRTS AND TWO JUMPSUITS All CLOTHING TAPED OVER EACH LAYER.

17. PLAINTIFF WAS THEN PLACED IN MECHANICAL RESTRAINTS AND WAISTCHAINED, LEG-IRONED. PLACED IN A COLD-CELL WITHOUT BEDDING LINEN AND DENIED SANITARY BASIC HYGEINE AND TOLIETRIES. (D.O.M. 52050.23).

18. OFFICER, JONES WAS ORDERED TO MONITOR PLAINTIFF, AND ISSUED PLAINTIFF A MATTRESS. DEFENDANT, (SGT) ENGELLENER CONFISCATED THE MATTRESS FIVE MINUTES AFTER IT WAS GIVEN TO PLAINTIFF.

19. DEFENDANTS, E. BAKER AND OFFICER HERRERIA CHECKED ON PLAINTIFF AND PERSONALLY ASKED PLAINTIFF IF HE HAD USED THE RESTROOM, ON NOVEMBER 14. 2009.

20. PLAINTIFF REQUESTED AN X-RAY, AND THE REASON FOR CSW PLACEMENT. BAKER, STATED IT WAS NOT HIS JOB TO TELL PLAINTIFF ANYTHING. HERRERIA, STATED HE WAS NOT ON DUTY NOVEMBER 13. 2009. AND ASKED WHY PLAINTIFF WAS AT CSP-SACRAMENTO.

21. CORRECTIONAL OFFICER(S) INDIVUALLY ASSIGNED TO MONITOR

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 98 10924

## STATEMENT OF CLAIM.

1    PLAINTIFF ON CSW, MENTIONED SECURITY AND INVESTIGATIONS

2    CONTINEOUSLY CALL TO INQUIRE IF PLAINTIFF USED THE REST-

3    ROOM (D.O.M.52050.21).

4    22. ON NOVEMBER 16.2009, PLAINTIFF WAS ABLE TO USE

5    THE RESTROOM AND WITH No RESULT OF ANY CONTRABAND.

6    23. DEFENDANT, (LT) LIEUTENANT, KRAMER AND ACTING CAPTAIN

7    REVIEWED CDC 114 PLACEMENT ORDER, PLAINTIFF REITERATED

8    NOT HAVING ANY CONTRABAND AND REQUESTED AN X-RAY,

9    KRAMER STATED HE DID NOT KNOW THE REASON FOR

     CSW PLACEMENT. (D.O.M, 52050,21).

10    24. An UNIDENTIFIED SERGEANT ON DUTY NOTIFIED PLAINT

11    IFF HE WAS TO BE RELOCATED TO B'FACILITY MEDICAL CSW.

12    25. PLAINTIFF WAS HOUSED IN AN PREVIOUS OCCUPIED

13    CELL WITH DIRTY LINEN OF A PRISONER WHO HAD JUST

14    BEEN RELEASED OFF CSW. UNSANITARY CLOTHING AND A

15    BAD SMELL OF ODOR, NOT HAVING BEEN DISINFECTED.

16    26. THE PRISONER NEXT CELL OVER TO PLAINTIFF WAS ON

17    CSW. ON NOVEMBER 13. 2009, HE WAS GIVEN AN X-RAY

18    PRIOR TO CSW PLACEMENT AND ALLOWED TO BRUSH HIS TEETH

19    AND FRESH CLOTHING AFTER EACH USE OF THE RESTROOM.

20    27. ON NOVEMBER 17.2009. SUPERVISING STAFF HAVING TO BE

21    PRESENT FOR USE OF RESTROOM. (D.O.M, 52050.23.7.) (SGT) SER

22    GEANT, ELLEN STATED HE WOULD NOT BE FOUND OR REACHED

     FOR CSW.

23    28. PLAINTIFF HAVING TO WAIT HOURS AND OFTEN AFTER SHIFT

24    CHANGE OR ANY OTHER SUPERVISING STAFF WILLING TO SUPER-

25    VISE CSW. ON AN OCCASSION (SGT). HRONEK WHO IS A FEMALE

26    HAD TO STAND IN AS (SGT), ELLEN COULD NOT BE LOCATED AS

     ASSIGNED TO CSW.

27    29. THE PUNITIVE PLACEMENT ON CSW, IS DEGRADING IN

     NATURE AS HAVING TO USE THE RESTROOM IN FRONT OF

# IV STATEMENT OF CLAIM.

1 All STAFF PRESENT AND ANY PASSERBY PRISONERS. (D.O.M.
2 52050.23.2).

3  30. ON NOVEMBER 18.2009, PLAINTIFF UNDERGOING AN INITIAL
4 CLASSIFICATION COMMITTE (ICC) PROCESS WHILE ON CSW.

5  31. PLAINTIFF, REITERATED NOT HAVING ANY CONTRABAND
6 AND REQUESTED AN X-RAY. ICC, STATED THEY DID NOT
7 KNOW THE REASON FOR PLAINTIFF'S PLACEMENT ON CSW.
8 (CCR. 3375.(F).(h).)

9  32. DEFENDANT, G. DRUMMOND, CHIEF DEPUTY WARDEN
(CDW). STATED, HE WOULD SPEAK TO THE WARDEN.

10  33. PLAINTIFF, HAVING USING THE RESTROOM AGAIN WITH
11 NO CONTRAND PRESENT.

12  34. DEFENDANTS, DENIED PLAINTIFF TO WASH HIS HANDS
13 WITH ANY SOAP OR SANITARY MEANS OF DECENT HYGEINE.
14 WHILE HAVING TO BE EXPECTED TO EAT AND USE THE RESTROOM
IN ACCORDANCE WITH (D.O.M. 52050.23.7.).

15  35. DEFENDANTS, DENIED PLAINTIFF ANY ACCESS TO MEDICAL
16 CARE WHILE ON CSW. (D.O.M. 5250.23.3.) A NURSE ON HER OWN
17 VOLITION ASKED TO TAKE PLAINTIFF'S VITALS. THE UNIDENTIFIED
18 NURSE DOCUMENTED PLAINTIFF'S LOW BLOOD PRESSURE AND A
RASH FROM CLOTHING, LACK OF HYGEINE.

19  36. PLAINTIFF, STATED HE SUFFERED FROM DOCUMENTED CHRONIC
20 ARTHRITIS, AND THE DISCOMFORT AS CHAINED AND LEG IRONS
21 HAVING TO SLEEP WITH MECHANICAL RESTRAINTS, THE LOCKS ON
22 THE WAISTCHAINS ARE SECURED SPECIFICALLY ON THE BACK.

23  37. OFFICER, MANDELL WHO WAS ASSIGNED CSW, STATED IT WAS
OKAY ON THAT OCCASSION FOR THE NURSE TO APPLY ANTIFUNGAL
24 CREAM, AND GIVE TYELNOL TO PLAINTIFF.

25  38. THE NURSE STATED PLAINTIFF WOULD HAVE TO SUBMIT A
CDC FORM 7362 TO SEE A PHYSCIAN FOR MEDICAL CARE.

26  39. ON NOVEMBER 20.2009, PLAINTIFF WAS SCHEDULED FOR
27 COURT IN THE SACRAMENTO SUPERIOR COURT.

40. (SGT), BUCHANON STATED PLAINTIFF WAS GOING TO COURT

# IV. STATEMENT OF CLAIM.

1  AS IS NO SHOWER NO SHAVE NOR ALLOWED TO BRUSH HIS TEETH,
2  AND DENIED PLAINTIFF'S LEGALWORK. IN ALL OF EIGHT DAYS AND
3  UPON RETURN FROM COURT PLAINTIFF WAS PLACED ON CSW.

4  41.   DEFENDANTS, AND PRISON OFFICALS IN CLOSE CONTACT
   TO PLAINTIFF CONTINUEOUSLY STATED PLAINTIFF SMELLED AND
5  NEED A SHOWER BUT DENIED PLAINTIFF ALL REQUEST AND BASIC
6  HYGEINE.

7  42.   ON NOVEMBER 21.2009. (SGT), G. WOLF NOTIFIED PLAINTIFF
   WAS TO BE RELEASED FROM CSW AND HOUSED IN AD/SEG. (D.O.M.
8  52050.23.8).

9  43.   ON NOVEMBER 25.2009. PLAINTIFF FILED GRIEVENCE 602 LOG.
   NO;. SAC. 3.09016Z0. (D.O.M. 52050.19.1.) CONTESTING THE CSW
10 PLACEMENT ARBITRARLY FOR AN EXTENDED PERIOD OF TIME
11 WITHOUT DUE NOTICE.

12 44.   ON NOVEMBER 27.2009. PLAINTIFF SUBMITED A CDC 7362
13 MEDICAL FORM FROM PAIN AND DISCOMFORT AND LACK OF SLEEP
14 AS A RESULT OF CSW.

15 45.   ON NOVEMBER 30.2009. PLAINTIFF RESUBMITED A CDC 7362
16 MEDICAL FORM.

17 46.   ON DECEMBER 23.2009. (LT), LIEUTENANT J. BAKER INTERVIEW
   ED PLAINTIFF REGARDING GRIEVENCE AND PARTIALLY GRANTED THE
18 602.

19 47.   DEFENDANTS FAILED TO FOLLOW ESTABLISHED PROCEDURE
20 BY DEPARTMENT OPERATION MANUAL; (DOM):

21 48.   J. STEWART, STATED HE RECIEVED NOTICE FROM (CDW)
22 T. VIGRA TO PLACE PLAINTIFF ON CSW ON NOVEMBER 13.2009.

23 49.   DEFENDANTS FAILED TO DOCUMENT THE NOTICE ON CDC 114D.
   (DOM. 52050.23).
24

25 50.   ON DECEMBER 29.2009. PLAINTIFF WAS TRANSFERRED BACK
   TO CCI, WITHOUT PLAINTIFFS LEGAL WORK.

26 51.   ON MARCH 9.2010. APPEAL REVIEWER., L. WILLIAMS DOCUMENTS
27 J. STEWARTS ADDITIONAL STATEMENT THAT INVESTIGATION
   SERVICES UNIT AT CSP/SACRAMENTO. REQUESTED PLAINTIFF

# IV. STATEMENT OF CLAIM.

1  BE PLACED ON CSW, BASED ON "REASONABLE SUSPICION".
2  (DOM. 52050.16.2.)

3  52. DEFENDANTS FAILED TO DOCUMENT THE REASONABLE
4  SUSPICION ON NOVEMBER 13.2009. (CCR. 3391.)

5  53. L. WILLIAMS, DOCUMENTS THE ERROR OF CDC 114A,
6  SEGREGATION RECORD CANNOT BE LOCATED TO CONFIRM
7  OR DENY PLAINTIFFS CLAIMS.

8  54. ON MARCH 12. 2009, APPEALS REVIEWER PARTIALLY GRANTED
9  GRIEVENCE.

10 55. ON MARCH 31. 2009 PLAINTIFF, DISATISSFIED RE-SUBMITTS
11 FOR THIRD LEVEL REVIEW.

12 56. ON APRIL 27.2010, PLAINTIFF RECIEVED CDC FORM 143 A
13 PROPERTY RECIEPT AND MISSING PROPERTY UNACCOUNTED FOR.

14 57. ON JULY 8.2010. APPEALS EXAMINER C. HOLSTORM DENIED
15 DIRECTOR'S LEVEL REVIEW. IAB. CASE NO., 0920583.

16 58. PLAINTIFF HAS DILIGENTLY EXHAUSTED ALL ADMINISTRAT-
17 IVE REMEDIES AND IS WITHOUT REDRESS BY INSTITUTION
18 AL MEANS.

# FACTS PERTAINING TO DEFENDANTS INTENT.

59. DEFENDANTS HAVE INTENTIONALLY PLACED PLAINTIFF ON CSW WITHOUT ANY PROBABLE CAUSE FOR A LEGAL AND LEGITIMATE ACCESS TO COURTS.

60. DEFENDANTS HAVE NO LEGITIMATE PENOLOGICAL INTREST IN PROHIBITING PLAINTIFF'S LEGAL PROPERTY AND LEGITIM-ATE OUT TO COURT STATUS AS COURT ORDERED.

61. DIRECT EVIDENCE OF DEFENDANTS RETALIATORY INTENT IS PROVIDED BY ACTIONS AND INACTIONS/STATEMENTS TO PLAINTIFF WHILE HOUSED ON CSW.

62. CIRCUMSTANTIAL EVIDENCE OF DEFENDANTS RETALIATORY INTENT AND LACK OF LEGITIMATE PENOLOGICAL ISNTREST IS PROVIDED BY THE FACT THAT CDC114D. SEGREGATION ORDER DOES NOT DOCUMENT ANY REASONABLE SUSPICION.

63. FURTHER CIRCUMSTANTIAL EVIDENCE OF DEFENDANTS RETALIATORY INTENT AND LACK OF PENOLOGICAL INTREST IS PROVIDED BY THE FACT CDC114A HAS BEEN LOST DUE TO ADMINISTRATIVE ERROR.

64. DEFENDANTS HAVE ARBITRARLY PLACED PLAINTIFF ON CSW IN ORDER TO RETALIATE AGAINST HIS LEGITIMATE FIRST AMENDMENT RIGHT. CIRCUMSTANTIAL EVIDENCE OF DEFENDANTS' STATE OF MIND IS PROVIDED BY THE ABSENCE OF ANY RELIABLE EVIDENCE TO SUPPORT CSW PLACEMENT.

a). DEFENDANT, J. STEWART FAILURE TO DOCUMENT "REASONABLE SUSPICION" ON CDC114D. DURING ISSUANCE TO PLAINTIFF.

b). J. STEWART REFUSAL TO ACKNOWLEDGE AND RESPOND TO PLAINTIFF'S REQUEST AND EXPLAINATION OF CSW PLACEMENT.

c). DEFENDANT, E. BAKER INTENTIONALLY CALLING PLAINTIFF BY ANOTHER NAME AND STATING IT WAS NOT HIS JOB TO TELL PLAINTIFF ANYTHING.

d). DEFENDANT, ENGELLENER DELIBERATELY CONFICATED THE MATTRESS ISSUED TO PLAINTIFF.

e). DEFENDANT, ELLEN REFUSAL AND DISREGARD TO ALLOW PLAINTIFF USE OF RESTROOM WHEN REQUESTED.

f). DEFENDANTS REFUSAL TO RESPOND TO PLAINTIFF'S

1   REQUESTS TO STOP CSW RETENTION AND ALLOW A MEDICAL
2   X-RAY.

3      g). DEFENDANT, J.WALKER FAILURE TO TRAIN SUBORDIN
4   ATE OFFICERS AND PREVENT THEM FROM MAINTAINING A
5   PATTERN OF ARBITRARY PLACEMENT ON CSW WITHOUT ANY
6   PROBABLE CAUSE.

7      h). PLAINTIFF HAS SUCCESSFULLY CHALLENGED HIS CRIMIN
8   AL CONVICTION (I.E., PEOPLE V. ROMO CASE NO.04F05789) AS
9   COURT ORDERED AT CSP/SACRAMENTO FOR RE-SENTENCE.
   PLAINTIFF WAS PLACED ON CSW.

10      i). PLAINTIFFS PLACEMENT ON CSW SIGNIFICANTLY REDUCED
11   HIS ABILITY TO PRESENT HIS VIEWS AT RESENTCING AND
12   DENIAL OF LEGALWORK ON NOVEMBER 20.2009, WHILE HE WAS
13   FORCED TO APPEAR ON CSW STATUS AS DOCUMENTED.

  **FACTS PERTAINING TO DELIBERATE INDIFFERENCE.**

14   65. ON NOVEMBER 13.2009, DEFENDANTS ALLOWED TWO PRISON
15   ERS TO BE X-RAYED PRIOR TO THEIR PLACEMENT ON CSW,
16   FOR ALLEGED MISCONDUCT AND ALLOWED TO BRUSH THEIR
17   TEETH AND CHANGE OF CLOTHING AFTER USING THE REST-
18   ROOM.

19   66. PLAINTIFF WAS NOT PLACED ON CSW FOR ANY ALLEGED MIS
20   CONDUCT AND TREATED INDIFFERENT DELIBERATELY.

21   67. PLAINTIFF'S CO-DEFENDANT ARRIVED AT CSP/SAC. ON THE
22   SAME COURT ORDER AND WAS NOT SUBJECTED TO CSW.

23   68. SUPERVISORY DEFENDANTS ACTIONS AND INACTIONS RESULT
  IN THE ARBITRARY PLACEMENT OF PLAINTIFF ON CSW.

24   **FACTS PERTAINING TO CRUEL AND UNUSUAL**
25   **PUNISHMENT**

26   DEFENDANTS' DELIBERATELY PLACED PLAINTIFF ON CSW
27   FOR AN EXTENDED PERIOD OF TIME WHILE BRIEFLY OUT TO
28   COURT FOR EIGHT DAYS.

70. DEFENDANTS WERE DELIBERATELY INDIFFERENT TO PLAIN
TIFFS COURT ORDER AND LEGITIMATE REASON FOR ARRIVING
AT CSP/SACRAMENTO.

71. DELIBERATELY SUBJECTING PLAINTIFF TO CSW, WITH
OUT THE BASIC HYGEINE AND SANITARY LIVING CONDITIONS
PLAINTIFF WAS FORCED TO SLEEP ON METAL BUNK WITHOUT
ANY LINEN, HOUSED IN MEDICAL COLD-CELLS AND THE
SEASONAL WEATHER OF NOVEMBER PLAINTIFF WAS COLD AND
SUFFERED FROM DOCUMENTED ARTHRITIS ON TOP OF HAVING
TO SLEEP WITH WAIST-CHAINS, LOCKS ON BACK CAUSED A PAIN
AND DISCOMFORT THROUGHOUT THE EIGHT DAYS AND AFTER.

72. DEFENDANTS REFUSAL TO ALLOW PLAINTIFF AN X-RAY UPON
REQUESTS, SUPERVISORY DEFENDANTS HAVE BEEN ON NOTICE
THAT THEY WERE ENFORCING AN UNREASONABLE PLACEMENT
OF PLAINTIFF ON CSW ON NOVEMBER 18. 2009, AT (ICC). B.
DRUMMOND STATED HE WOULD SPEAK TO WARDEN JAMES
WALKER.

73. DEFENDANTS FAILED TO FOLLOW ESTABLISHED POLICY AND PROCEDURE,
ARBITRARLY PLACING PLAINTIFF ON CSW WITHOUT PROBABLE CAUSE.

74 THESE POLICIES AND PRACTICES ARE NOT PROMULGATED AS REG-
ULATIONS AND NOT IN THE CALIFORNIA CODE OF REGULATIONS (CCR).
MANY OF THE DEFENDANTS POLICIES AND PRACTICES ARE PUBLISHED
IN THE DEPARTMENTAL OPERATIONS MANUAL, (DOM), AND OFFICAL
POLICY ESTABLISHED BY THE DECISION-MAKERS OF THE PRISON.

75. FOLLOWING PLACEMENT ON CSW, NOVEMBER 13. 2009. DEFENDANTS
DENIED PLAINTIFF AN X-RAY — DEFENDANTS RELEASED PLAINTIFF
OFF CSW WITHOUT ANY CONTRABAND AND WITHOUT FOLLOWING THE
PRACTICES OF (DOM.52050.23.8), DOCUMENTATION (DOM.52050.24.).

## VI. LEGAL CLAIMS.

### FIRST CAUSE OF ACTION
### (FIRST AMENDMENT.)

76. PLAINTIFF RE-ALLEGES AND INCORPORATES BY REFERENCE All PREVIOUS PARAGRAPHS OF THIS COMPLAINT. DEFENDANTS HAVE VIOLATED PLAINTIFF'S RIGHTS GUARANTEED BY THE FIRST AMENDMENT TO THE U.S. CONSTITUTION, IN THAT HIS CONFINEMENT ON CSW IS BASED WHOLLY OR IN PART UPON PLAINTIFF'S LEGAL AND LEGITIMATE COURT ORDER PURSUANT TO PLAINTIFFS ARRIVAL AT CSP-SACRAMENTO AND DID NOT CONSIST OF ANY FURTHERANCE OF ANY ILLEGAL PRISON GANG ACTIVITY WHATSOEVER, AND PLAINTIFF PLACEMENT ON CSW ON THE BASIS OF DEFENDANTS' ALLEGED REASONABLE SUSPICION IS NOT RELATED TO ANY LEGITIMATE PENOLOGICAL INTREST.

### SECOND CAUSE OF ACTION.
### (FIRST AMENDMENT- RETALIATION)

77. PLAINTIFF RE-ALLEGES AND INCORPORATES BY REFERENCE All PREVIOUS PARAGRAPHS OF THIS COMPLAINT.

78. DEFENDANTS HAVE VIOLATED PLAINTIFF'S FIRST AMENDMENTS RIGHTS IN THAT HIS PLACEMENT ON CSW CONSTITUTES RETALIATORY ACTION TAKE AGAINST PLAINTIFF FOR THE EXERCISE OF HIS CONSTITUTIONALLY PROTECTED RIGHT TO ACCESS THE COURTS.



THE RETALIATORY PLACEMENT ON CSW DID NOT ADVANCE LEGITIMATE PENOLOGICAL GOALS.

### THIRD CAUSE OF ACTION.
(FIRST AMENDMENT AND EQUAL PROTECTION CLAUSE.)

79. PLAINTIFF RE-ALLEGES AND INCORPORATES BY REFERENCE ALL PREVIOUS PARAGRAPHS OF THIS COM PLAINT.

80. DEFENDANTS HAVE VIOLATED PLAINTIFF'S FIRST AMENDMENT AND FOURTEENTH AMENDMENT BY NOT PROMULGATING, ENFORCING POLICY/AND PROCEDURES INDIFFERENTLY WITHOUT DUE NOTICE. IT IS ESTA BLISHED CUSTOM AND POLICY OF DEFENDANTS TO PLACE SOMEONE ON CSW FOR PROBABLE CAUSE.

### FOURTH CAUSE OF ACTION
(CRUEL AND UNUSUAL PUNISHMENT-DELIBERATE INDIF FERENCE OF RETALIATION.)

81. PLAINTIFF RE-ALLEGES AND INCORPORATES BY REFERENCE THE ALLEGATIONS CONTAINED IN ALL PREVIOUS PARAGRAPHS.

82. BY SUBJECTING PLAINTIFF TO PLACEMENT ON CSW FOR AN EXTENDED PERIOD, DEFENDENTS HAVE VIOLAT ED PLAINTIFF'S EIGHT AND FOURTEENTH AMENDMENT RIGHTS BY EXPOSING PLAINTIFF TO SUBSTANTIAL PHYSICAL AND MENTAL INJURY DELIBERATELY AS DEFENDANTS FAILED TO FOLLOW THEIR OWN POLICY AND PROCEDURES OF CSW.

## FIFTH CAUSE OF ACTION

(CRUEL AND UNUSUAL PUNISHMENT-ARBITRARY PLACE MENT OF PLAINTIFF ON CSW.)

83. PLAINTIFF RE-ALLEGES AND INCORPORATES BY REFERENCE THE ALLEGATIONS CONTAINED IN ALL PREVIOUS PARAGRAPHS.

84. DEFENDANTS HAVE VIOLATED PLAINTIFF'S EIGHT AND FOURTEENTH AMENDMENTS BY ARBITRARILY AND SUBJECTIVELY PLACING PLAINTIFF ON CSW FOR AN EXTENDED PERIOD OF TIME.

85. DEFENDANTS HAVE VIOLATED PLAINTIFF'S EIGHT AND FOURTEENTH AMENDMENTS BY THEIR DELIBERATE INDIFFERENCE.

## SIXTH CAUSE OF ACTION.

(CRUEL AND UNUSUAL PUNISHMENT-RETALIATION.)

86. PLAINTIFF RE-ALLEGES AND INCORPORATES BY REFERENCE THE ALLEGATIONS CONTAINED IN ALL PREVIOUS PARAGRAPHS.

87. DEFENDANTS ARBITRARILY DEPRIVED PLAINTIFF OF HIS EIGHT AND FOURTEENTH AMENDMENTS RIGHTS BY DENYING PLAINTIFF HIS BASIC HUMAN NEED OF SANITARY HYGEINE FOR EIGHT DAYS, AND MEDICAL CARE.

## SEVENTH CAUSE OF ACTION.
### (CONSPIRACY.)

88. PLAINTIFF RE-ALLEGES AND INCORPORATES BY REFERENCE THE ALLEGATIONS CONTAINED IN ALL PREVIOUS PARAGRAPHS.



1  89. DEFENDANTS, (CT) J. STEWART, E. BAKER,
2  R. MENDOZA, T. VIGRA, AND DOES 1-20, AND EACH
3  OF THEM, OR SOME AMONG THEM, DID CONSPIRE
4  AND AGREE TO DEPRIVE PLAINTIFF OF HIS CON
5  STITUTIONAL RIGHTS AS ALLEGED HEREIN, IN VIOLAT
6  ION OF 42 U.S.C. SECTION 1983 AND 1985.
7
        EIGHT CAUSE OF ACTION.
8

9  (CRUEL AND UNUSUAL PUNISHMENT—DELIBERATE INDIFFER
10  ENCE TO INHUMANE CONDITIONS OF CSW PLACEMENT.)
11  90. PLAINTIFF RE-ALLEGES AND INCORPORATES BY REF
12  ERENCE THE ALLEGATIONS CONTAINED IN ALL PREVIOUS
13  PARAGRAPHS.

14  91. DEFENDANTS HAVE VIOLATED PLAINTIFF'S EIGHT AMEND
15  MENT RIGHTS BY THEIR DELIBERATE INDIFFERENCE TO PLAINTIFF'S
16  PHYSICAL AND MENTAL WELL-BEING WHEN DEFENDANTS ARE AND
17  WERE AWARE OF INHUMANE/UNSANITARY CONDITIONS THAT
18  PLAINTIFF HAS BEEN EXPOSED TO FOR AN EXTENDED PERIOD
19  OF EIGHT DAYS ON CSW.

20
        NINTH CAUSE OF ACTION.
21
22  (EIGHT AND FOURTEENTH AMENDMENTS.)
23  92. PLAINTIFF RE-ALLEGES AND INCORPORATES BY REF
24  ERENCE THE ALLEGATIONS CONTAINED IN ALL PREVIOUS
25  PARAGRAPHS.

26  93. DEFENDANTS HAVE INTENTIONALLY INFLICTED A
27  SEVERE PHYSICAL AND MENTAL PAIN AND SUFFERING
    AGAINST PLAINTIFF BY PLACEMENT ON CSW IN VIOLATION



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV 3-95)

OSP 98 10924

1 | OF THE EIGHT AND FOURTEENTH AMENDMENTS AND
2 | PRESIDENTIAL EXECUTIVE ORDER NO. 13107.¹
3 |
## TENTH CAUSE OF ACTION.
4 |
(FEDERAL EQUAL PROTECTION.)
5 | 94.  PLAINTIFF RE-ALLEGES AND INCORPORATES BY REFE
6 | RENCE ALL PREVIOUS PARAGRAPHS OF THIS COMPLAINT.

7 | 95.  DEFENDANTS HAVE DENIED PLAINTIFF EQUAL PROTEC
8 | TION OF THE LAW AS GUARANTEED BY THE FOURTEENTH
9 | AMENDMENT OF THE U.S. CONSTITUTION BY INTENTIONALLY
10 | DISCRIMINATING AGAINST PLAINTIFF.

11 | 96. DEFENDANTS HAVE DISCRIMINATED AGAINST PLAINTIFF
12 | BASED ON DELIBERATE INDIFFERENCE OF CSW PLACEM-
| ENT.
13 |
## ELEVENTH CAUSE OF ACTION.
14 |
15 | (STATE EQUAL PROTECTION CLAUSE)

16 | 97. PLAINTIFF RE-ALLEGES AND INCORPORATES BY REFERENCE
17 | ALL PREVIOUS PARAGRAPHS OF THIS COMPLAINT.

18 | 98. DEFENDANTS HAVE DENIED PLAINTIFF EQUAL PROTECTION
19 | OF LAW AS GUARANTEED BY ARTICLE I, SECTION 7. OF THE
20 | CALIFORNIA CONSTITUTION BY INTENTIONALLY DISCRIMINATING
21 | AGAINST PLAINTIFF BY PLACEMENT ON CSW WITHOUT CAUSE.

22 |
23 |
24 |

25 | ¹ SUCH USE OF COERCION IS PROSCRIBED BY INTERNATIONAL
| COVENANT ON CIVIL AND POLITICAL RIGHTS, RATIFIED BY THE
26 | UNITED STATES IN 1992 AND THE CONVENTION AGAINST TORTURE
| AND OTHER CRUEL, INHUMAN OR DEGRADING TREATMENT OR
27 | PUNISHMENT WHICH ENTERED INTO FORCE IN THE UNITED STATES
| ON NOVEMBER 20, 1994.



## TWELVETH CAUSE OF ACTION.

(STATE CREATED LIBERTY INTREST.)

99. PLAINTIFF RE-ALLEGES AND INCORPORATES BY REFERENCE ALL PREVIOUS PARAGRAPHS, OF THIS COMPLAINT.

100. DEFENDANTS HAVE DEPRIVED PLAINTIFF OF HIS STATE CREATED LIBERTY INTREST RIGHTS PROTECTED BY THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION, WHEN DEFENDANTS:

a) FAILED TO NOTIFY PLAINTIFF BY WAY OF CDC 114D. FORM SEGREGATION ORDER. (TITLE 15 CALIFORNIA CODE OF REGULATIONS (CCR) SECTION. 3336.

b) FAILED TO GIVE PLAINTIFF DUE NOTICE OF PLACEMENT ON CSW FOR ALLEBED REASONABLE SUSPICION. (DEPARTMENT OPERATIONAL MANUAL (D.O.M.): 52050.19.2, 52050.21, 52050.23, 52050.23.8., ).

c) FAILED TO GIVE PLAINTIFF A FULL AND FAIR HEARING IN ORDER TO PRESENT EVIDENCE AND SUBMIT TO A MEDICAL X-RAY. (TITLE 15 (CCR) SECTION 3338. AND (D.O.M) 52050.19.2.)

d) REFUSED TO RELEASE PLAINTIFF FROM CSW ALTHOUGH HE POSSESSED NO CONTRABAND

e) USED NO RELIABLE INFORMATION TO PLACE PLAINTIFF ON CSW FOR AN EXTENDED PERIOD OF TIME.

f) FAILED TO PROVIDE PLAINTIFF WITH PROCEDURAL PROTECTIONS WHEN ALLEGING THAT THERE WAS REASONABLE SUSPICION. (D.O.M) 52050.19.2

g) FAILED TO CLEARLY MAINTAIN ADMINSTRATIVE SEGREG ATION RECORDS. (CCR 3344)

## THIRTEENTH CAUSE OF ACTION.

(FEDERAL DUE PROCESS)

101. PLAINTIFF RE-ALLEGES AND INCORPORATES BY REFER-ENCE ALL PREVIOUS PARAGRAPHS OF THIS COMPLAINT.

102. PLAINTIFF'S PLACEMENT ON CSW CONSTITUTES A DELIB-ERATE INDIFFERENCE AND RETALIATION.

103. PLAINTIFF'S RETENTION ON CSW VIOLATES THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION IN THAT DEFENDANTS:

a) PLACED PLAINTIFF ON CSW ON THE BASIS OF AN UNTRUE AND UNRELIABE SUSPICION.

b) FAILED TO GIVE PLAINTIFF AN OPPORTUNITY TO PRESENT HIS VIEWS TO THE OFFICALS MAKING THE DECISION TO PLACE PLAINTIFF ON CSW.

c) PLACED PLAINTIFF IN AN INESCAPABLE PREDICAM-ENT THAT VIOLATES THE FUNDAMENTAL PRINCIPLES OF DUE PROCESS OF LAW, BECAUSE DEFENDANTS ARBITRARILY HAVE ALLEBED PLAINTIFF TO BE "REASONABLY SUSPICIOUS".

d) FAILED TO INDICATE WHAT SPECIFIC CONDUCT POSED ANY "REASONABIE SUSPICION".

## FOURTEENTH CAUSE OF ACTION

(STATE DUE PROCESS)

104. PLAINTIFF RE-ALLEGES AND INCORPORATES BY REF-ERENCE ALL PREVIOUS PARAGRAPHS OF THIS COMPLAINT.

105. THE PLACEMENT AND RETENTION OF PLAINTIFF ON CSW FOR AN EXTENDED PERIOD OF EIGHT DAYS VIOLATES ARTICLE I, SECTIONS 7 AND 15 OF THE CALIFORNIA CONS-TITUTION IN THAT PLACEMENT VIOLATES THE DUE PRO-CESS OF LAW.

## FIFTEENTH CAUSE OF ACTION.

### (VIOLATION OF MANDATORY DUTIES - STATE LAW)

106. PLAINTIFF RE-ALLEGES AND INCORPORATES BY REFERENCE ALL PREVIOUS PARAGRAPHS OF THIS COMPLAINT.

107. THE PLACEMENT AND RETENTION OF PLAINTIFF ON CSW, VIOLATES CALIFORNIA PENAL CODE SECTION(S): 147 AND 673. IMPOSES A MANDATORY DUTY UPON DEFENDANTS; AND EACH OF THEM, TO TREAT PLAINTIFF FAIRLY AND HUMANELY AND TO PROTECT PLAINTIFF'S PHYSICAL AND WELL BEING.

108. THE TITLE 15 CALIFORNIA CODE OF REGULATIONS SECTION(S): 3312. IMPOSES A MANDATORY DUTY ON DEFENDANTS, EACH OF THEM, TO REPORT PLAINTIFFS ALLEGED MISCONDUCT.

109. THE TITLE 15 CALIFORNIA CODE OF REGULATIONS SECTION(S): 3310-3320 AND 3335-3341.5 IMPOSES A MANDATORY DUTY ON DEFENDANTS, AND EACH OF THEM, TO PROVIDE PLAINTIFF WITH PRO- CEDURAL PROTECTIONS WHEN ALLEGING THAT PLAINTIFF IS INVOLVED IN MISCONDUCT.

## SIXTEENTH CAUSE OF ACTION.

### (FAILURE TO LAWFULLY ADMINISTER, TRAIN AND SUPERVISE).

110. PLAINTIFF RE-ALLEGES AND INCORPORATES BY REFERENCE ALL PREVIOUS PARAGRAPHS OF THIS COMPLAINT.

111. SUPERVISORY DEFENDANTS HAVE A DUTY TO ESTABLISH POLIC- IES AND PROCEDURES FOR THE ADMINISTRATION OF CALIFORNIA STATE PRISON OF SACRAMENTO (CSP/SAC.). SUPERVISORY DEFENDANTS HAVE A DUTY TO PERFORM AND EXECUTE THEIR DUTIES IN A MANNER CONSISTENT WITH STATE AND FEDERAL LAW.

112. SUPERVISORY DEFENDANTS WERE DELIBERATELY INDIFFERENT TO THE VIOLATIONS OF PLAINTIFF'S RIGHTS DESCRIBED HEREIN.

113. SUPERVISORY DEFENDANTS BREACHED THEIR DUTIES TO LEGALLY ADMINISTER THE PRISON, AND TO TRAIN AND SUPERVISE SUBORD- INATES WHERE PLAINTIFF'S RIGHTS WERE VIOLATED AS A RESULT OF THE ENFORCEMENT OF OFFICIAL CUSTOMS AND POLICIES.

114. SUPERVISORY DEFENDANTS BREACHED THEIR DUTIES TO LEGALLY ADMINISTER THE PRISON, AND TO TRAIN AND SUPERVISE SUBORDINATES WHERE PLAINTIFFS RIGHTS WERE VIOLATED AS A RESULT OF DEFENDANTS ACTING IN VIOLATION OF DEFENDANTS' POLICIES AND PRACTICES, TO THE EXTENT SUPERVISORY DEFENDANTS HAD ACTUAL AND CONSTRUCTIVE KNOWLEDGE OF THE VIOLATIONS AND DID NOTHING TO PREVENT OR CORRECT THEM.

## VII. CAUSATION.

115. AS A DIRECT AND PROXIMATE RESULT OF ACTS AND OMISSIONS ON THE PART OF DEFENDANTS, PLAINTIFF HAS SUFFERED AND CONTINUES TO SUFFER GENERAL AND SPECIAL DAMAGES IN AN AMOUNT TO BE PROVEN AT TRIAL. PLAIN HAS NO PLAIN, ADEQUATE OR COMPLETE REMEDY AT LAW TO REDRESS THE WRONGS DESCRIBED HEREIN. PLAINTIFF HAS BEEN AND WILL CONTINUE TO BE IRREPARABLY INJURED BY THE CONDUCT OF DEFENDANTS UNLESS THE COURT GRANTS THE DECLATORY RELIEF PLAINTIFF SEEKS.

PROOF OF SERVICE

1   (RE: EZEQUIEL ROMO     CIV. CASE NO.,         )

2    I AM A RESIDENT IN THE COUNTY OF KERN, CALIFORNIA.

3 I AM OVER THE AGE OF 18 YEARS OLD AND A PARTY TO THE

4 WITHIN CAUSE OF ACTION. MY ADDRESS IS:

5          EZEQUIEL ROMO K38661

6          CCI · 4B1 8A· 210 · SHU

           P.O. BOX 1906

7          TEHACHAPI, CA 93581.

8 ON OCTOBER 18. 2011; I SERVED THE WITHIN:

9    CIVIL COMPLAINT, 42 U.S.C. 1983.

10    EZEQUIEL ROMO V. MATHEW CATE, et al.,

11 BY PLACING A TRUE COPY THEREOF ENCLOSED IN A SEALED

12 ENVELOPE ADDRESSED AS FOLLOWS:

13      CLERK OF THE U.S. DISTRICT COURT

      FOR EASTERN DISTRICT OF CALIFORNIA

14      501 I STREET, ROOM 4-400

15      SACRAMENTO, CA 95814.

16    I DECLARE UNDER PENALTY OF PERJURY THAT THE

17 FOREGOING IS TRUE AND CORRECT. EXECUTED AT TEHACHAPI

18 CALIFORNIA, ON OCTOBER 18, 2011,.

19

20 EZEQUIEL ROMO

21

22

23

24

25

26

27



URT PAPER
TE OF CALIFORNIA
). 113 (REV. 3-95)

'98 10924