Ezequiel Romo
K38661 · 48·8·210
CCI·P.O. Box 1906
Tehachapi CA
93581.

In Pro Se:



FILED

MAY 29 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
                    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA.

Ezequiel Romo,
          Plaintiff.

          V.

Mathew Cate, et al.,
          Defendants.

(Case No., 2:11 cv02898 DAD)

PROPOSED [FIRST]
AMENDED COMPLAINT
§42.U.S.C.1983§.
DEMAND FOR JURY
TRIAL.

[PROPOSED]
AMENDED COMPLAINT AS MATTER OF LAW.
                I.

1. Plaintiff, Ezequiel Romo pursuant to Rule 15(a), Fed. Civ.
P. Rule., Requests to file an amended complaint adding a
party. Fed. R. Civ. P., 15(a).

2. The plaintiff in his original complaint (named) John
Doe(s), Unidentified Defendants.

3. Since the filing of the complaint plaintiff has
determined that the name(s) of John Doe(s), Defendants.

1

# II.
# JURISDICTION

1. THIS ACTION IS BROUGHT PURSUANT TO 42 U.S.C SECTIONS 1983 AND 1985 TO REDRESS THE DEPRIVATION UNDER COLOR OF STATE LAW OF RIGHTS SECURED BY THE CONSTITUTION OF UNITED STATES. JURISDICTION IS BASED UPON 28 U.S.C. SECTION 1331 AND 1343. THE COURT ALSO HAS PENDANT JURISDICTION OVER STATE CLAIMS PURSUANT TO 28 U.S.C. SECTION 1367. PLAINTIFF, SEEKS DECLATORY RELIEF PURSUANT TO 28 U.S.C. SECTIONS 2201 AND 2202. THE UNLAWFUL ACTS AND PRACTICE ALLEGED OCCURRED PRIMARILY WITHIN THIS JUDICIAL DISTRICT AND THE MAJORITY OF THE DEFENDANT(S) RESIDE WITHIN THIS DISTRICT 28 U.S.C. SECTION 1391(b). PLAINTIFF RESPECT FULLY REQUEST A JURY TRIAL ON THESE ALLEGATIONS.

# III.
# PARTIES.

1. PLAINTIFF, EZEQUIEL ROMO IS AND AT ALL TIMES MENTIONED HEREIN, A PRISONER OF THE STATE OF CALIFORNIA, IN THE CUSTODY OF THE (CDCR) CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION. CURRENTLY CONFINED AT (CCI) CALIFORNIA CORRECTIONAL INSTITUTION AND HOUSED WITH THE (SHU) SECURITY HOUSING UNIT.

2. DEFENDANT(S), MATHEW CATE IS THE DIRECTOR OF THE CDCR AND LEGALLY RESPONSIBLE FOR THE OVERALL OPERATION OF THE DEPARTMENT AND EACH INSTITUTION UNDER IT'S JURISDICTION INCLUDING CALIFORNIA STATE PRISON AT SACRAMENTO (CSP/SAC.).

## III.

3. DEFENDANT, JAMES WALKER IS THE WARDEN AT CSP/ SACRAMENTO. HE IS LEGALLY RESPONSIBLE FOR THE OVERALL OPERATION OF CSP/SAC AND FOR THE WELFARE OF ALL PRISON ERS OF THAT PRISON.

4. DEFENDANT, T. VIGRA IS THE CHIEF DEPUTY WARDEN (CDW) AT CSP/SAC. AT ALL RELEVANT TIMES MENTIONED HERE IN, HE WAS LEGALLY RESPONSIBLE FOR ASSISTING THE WARDEN AT CSP/SAC WITH THE OPERATION OF ITS INSTITUTION.

5. DEFENDANT, G. DRUMMOND IS THE CHIEF DEPUTY WARD EN (CDW), AT ALL RELEVANT TIMES MENTIONED HEREIN.

6. DEFENDANT, JOSEPH STEWART AT ALL RELEVANT TIMES MENTIONED HEREIN, HELD THE RANK OF LIEUTENANT, ASSIGNED TO CSP/SAC.

7. DEFENDANT, KRAMER AT ALL TIMES RELEVANT HEREIN HELD THE RANK OF LIEUTENANT, ASSIGNED THE RANK AS ACTING CAPTAIN AT CSP/SAC.

8. DEFENDANT, BUCHANON AT ALL RELEVANT TIMES HERE IN HELD THE RANK OF SERGEANT, ASSIGNED AT CSP/SAC.

9. DEFENDANT, ENGELLENER AT ALL RELEVANT TIMES HERE IN HELD THE RANK OF SERGEANT, ASSIGNED AT CSP/SAC.

10. DEFENDANT, ELLEN/ALLEN AT ALL RELEVANT TIMES HERE IN HELD THE RANK OF SERGEANT, ASSIGNED AT CSP/SAC.

11. DEFENDANT, R. MENDOZA AT ALL RELEVANT TIMES HEREIN HELD THE RANK OF CORRECTIONAL OFFICER AT CSP/SAC.

12. DEFENDANT, E. BAKER AT ALL RELEVANT TIMES HEREIN HELD THE RANK OF CORRECTIONAL OFFICER AT CSP/SAC.

# INRODUCTION OF FACTS.

1. THIS ACTION(S) ARISES FROM THE DEFENDANTS ACTS AND OR POLICIES WHICH HAVE CAUSED PLAINTIFF TO BE WRONGLY PLACED ON CONTRABAND SURVEILLANCE WATCH (CSW), AND RETAINED ON CSW FOR AN EXTENDED PERIOD OF TIME BASED ON PLAINTIFF'S LEGITIMATE COURT ORDER ARRIVAL AT CSP/SAC. ARBITRARLY:

      A). WITHOUT DUE PROCESS OF LAW;

      B). INTENTIONALLY AND WITHOUT PROBABLE CAUSE;

      C). FOR EIGHT DAYS IN CONDITIONS THAT ADVERSLY IMPACTED PLAINTIFF'S PHYSICAL AND MENTAL WELL-BEING;

      D). SUBJECTIVE TO PUNITIVE DISCIPLINE ABSENT A RULES VIOLATION REPORT (RVR) OF ANY GUILT.

## FACTS PERTAINING TO PLAINTIFF'S PLACEMENT ON CSW, RETENTION

1. PLAINTIFF WAS ISSUED A COURT ORDER TO BE RESENT ENCED ON NOVEMBER 20. 2009, TO APPEAR AT SACRAMENTO SUPERIOR COURT AND HOUSED AT CSP/SACRAMENTO ON OCTOBER 30. 2009.

2. DEFENDANT(S) WERE GIVEN NOTICE OF COURT ORDER SAME AS PLAINTIFF.

## IV STATEMENT OF CLAIM.

1. November 13, 2009, Plaintiff Arrived At CSP/Sac. At 10:30 A.M. On Court Order (People V. Ramo Case No., 04F05789) For Resentence. Stripped Naked Of All Clothing And Underwent A Visual/Body-Cavity Inspection And Wanded By A Metal-Detector.

2. Defendant(s), (LT) Lieutenant Joseph Stewart Issued Plaintiff A CDCR 114D Form. Notifying Placement In Administrative Segregation (AD/SEG) At 12:40 P.M., R. Mendoza, And E. Baker (C/O's) Correctional Officers Entered (R/R) Recieving And Release And Spoke With (LT), Stewart Joined By (SGT), Sergeant Buchanan In Stewart's Office. As R. Mendoza And E. Baker Exited (R/R), Baker Made The Comment Of Calling Plaintiff "Romero".

3. Plaintiff [Ezequiel Ramo] Was Never Known Defendant, E. Baker. R. Mendoza Participated In Plaintiff's Court Case.

4. Defendant, (SGT), Buchanan [Stated] He Would Search Plaintiff's Legalwork And Issue As Authorized By (LT, Stewart. (C/O) Rafferty Telephoned (AD/SEG) To House Plaintiff Due To (R/R) Overcrowding. An [Unidentified] C/O Arrived And Was Told By (SGT), Buchanan Not To Escort Plaintiff To AD/SEG.

5. Defendant(s), I. Martez And R. Hood Correctional Officers. Arrived To Escort Plaintiff And When Plaintiff Requested His Legalwork, Was Told By Defendants He Could Not Possess Any Property Where Plaintiff Was To Be Housed.

6. Plaintiff Requested To Speak With (LT) Stewart And Know Where He Was To Be Housed. Defendant(s) [Stated] Lt, Stewart Had Refused To Speak To Plaintiff, And Hear Anything He Had To Say. Defendant, Buchanan [Stated] Nothing Personal It's Just Business, Plaintiff Was Ordered To Be .

on (CSW) Contraband surveillance watch, not going to Ad/seg.

7. Plaintiff, having completed [numerous] visual strip searches and clearing all metal detectors having been transferred from (CCI) California Correctional Institution (on November 12, 2009) and with a layover at, (DVI) Duel Vocational Institution. Plaintiff was not aggressive in anyway and followed all direct order(s) in accordance with Rules and Regulations.

8. Defendant(s), escorted plaintiff to (C/Facility) medical and was stripped naked of all clothing and given a visual and body inspection, wanded by metal-detector, (Sgt), Engellener asked if plaintiff had any contraband. Plaintiff, [stated] he requested an X-Ray and reason for placement on CSW. (Sgt), Engellener [stated] he does not know of the reason for CSW.

9. Defendant(s) subjected plaintiff to wear double clothing which consisted of: (2) pair of boxers, each taped to an appendage and torso over the other, (2) pair of T-shirts, and two jumpsuits taped at ankles, tighs, waist and chest and each arm to restrict any possible movement. Plaintiff was then placed in mechanical restraints (handcuffs) and waistchained and leg-irons and put in a cold-cell with no linen and denied basic sanitary toiletries and hygeine.

10. Correctional officer, Jones assigned to monitor plaintiff and document CSW observations. Issued plaintiff a mattress which was confiscated five minutes after it was issued, (Sgt), Engellener [stated] plaintiff was not to be allowed any property while on CSW. At which (Sgt) Engellener [stated] he asked (Lt), Lieutenant P. Kail of an X-ray and CSW

PLACEMENT and Told No One Knows Anything Or Does Not
Want to Say Anything.

11. November 14. 2009. Defendant(s) E. Baker and Herreria
came to check on plaintiff and asked if he used the
Restroom. plaintiff, Requested An X-Ray And the Reason For
PLACEMENT On CSW. Defendant, E. Baker [stated] it was Not His
Job to tell plaintiff anything, Herreria [stated] he was Not
On Duty (nov.13.2009) And asked why plaintiff was At CSP/
Sacramento.

12. Correctional officer(s), Individually Assigned to Monitor
and Observe CSW, asked plaintiff What if Any Contraband
plaintiff possessed And When plaintiff (stated) he was
Not In Possession, Was Told Security And Investigation
continue to call and ask if Plaintiff had used the Rest
Room Yet.

13. On November 16. 2009. plaintiff was Able to Use the
Restroom and [Defecate] with No Contraband Present.
(C/O) BoJunda, [stated] plaintiff was being mistreated and
Being Subjected to CSW. Defendant, Kramer As Acting
Captain Reviewed placement order CDCR 114D form, At
which plaintiff Reiterated Not having Any Contraband
And Requested an X-Ray. Kramer [stated] he Did Not Know
the Reason for CSW, placement. (SGT), on Duty (Unidentified)
Notified plaintiff he would Be Relocated To B'Facility
After Count cleared.

14. plaintiff was Escorted and placed In a cell previous
occupied By Prisoner (manuel chavez) who was placed on
CSW On November 11, 2009 After (six-days) Unsanitary cell

with Dirty Linen And clothing Still in the cell Not Having BEEN DISINFECTED PRIOR to Placing PLAINTIFF In the cell. The PRISONER NEXT cell OVER [GUILLERMO PANAMENO] to PLAINTIFF [STATED] HE WAS GIVEN An X-RAY On NOVEMBER 13. 2009 By ESCORTING OFFICERS, DEFENDANTS R. MENDOZA And, E. BAKER. THE PRISONER ALSO STATED HE WAS Allowed To WASHUP And GIVEN clothing AFTER USING THE RESTROOM And BRush his TEETH.

15. On NOVEMBER 17. 2009. DEFENDANT, (SGT) ELLEN AS SUPERVISING STAFF HAVING To BE PRESENT FOR THE USE OF CSW, SGT [STATED] HE WOULD NOT BE FOUND OR TO BE REACHED FOR CSW. PLAINTIFF, HAVING TO WAIT HOURS And OFTEN AFTER Shift CHANGE OR ANY OTHER SUPERVISING STAFF WILLING To SUPERVISE CSW, On ONE OCCASSION, (SGT) HRONER, A FEMALE HAD TO STAND In AS (SGT) ELLEN, Could NOT BE LOCATED, AS ASSIGNED To CSW.

16. PLAINTIFF WAS SUBJECTED To PUNITIVE PLACEMENT On CSW, DEGRADING In NATURE AS HAVING TO USE THE RESTROOM In FRONT OF All STAFF, PRESENT In THE OBSERVATION And ANY PASSERBY PRISONER'S. THE DISCOMFORT OF Only Allowed To USE THE RESTROOM WHEN SUPERVISING STAFF WOULD BE PRESENT And CORRECTIONAL OFFICER'S WOULD CALL THE SUPERVISING STAFF. THE TOILETRIES CONSISTED OF A BOTTLE To URINATE In And A MAKE Shift STAND OF A BUCKET TAPED TO A STAND TO SQUAT OVER And DEFECATE In. In VIEW OF AN STAFF. PLAINTIFF, WAS DENIED All ATTEMPTS To WASH And CLEAN UP AFTER EACH USE OF THE RESTROOM.

17. On NOVEMBER 18. 2009. PLAINTIFF UNDERWENT An Initial (ICC) Institutional Classification Committee, PROCESS While On CSW.

Plaintiff, reiterated not having any contraband and requested an x'ray. ICC, [stated] they did not know the reason for placement on csw. Defendant(s) G. Drummond (cdw), chief deputy warden, (stated) he would speak to the warden James Walker.

18. Defendant(s) denied plaintiff any access to medical care while on csw., while [panameno] the other prisoner was being issued his medication, on an occassion a nurse asked to take plaintiff's vitals and documented extremely low blood pressure and a rash and bruising from the tape being torn off after each use of restroom and lack of hygeine. Plaintiff, [stated] he suffered from chronic arthritis (documented) and asthma. The discomfort from the chained and shackled of legirons. Exacerbated the pain as the locks are placed on the back of waistchains plaintiff having to sleep on for (eight days) while on csw.

19. Correctional officer, c/o. Mandell was assigned to csw, and on that occassion allowed nurse to apply antifungal cream and tylenol to plaintiff, and [stated] he would have submitt a cdcr 7362 medical form to see the physician.

20. On November 20.2009. Defendant(s) Buchanan notified plaintiff he was scheduled for court and would be transported as is, no shower, no shave and returned to csw after court. Plaintiff, requested legal work and was denied. (c/o), Flood who was assigned to monitor plaintiff on csw, was told by (sgt) Buchanan to get equipment of bottle (to urinate) and stand (to defecate)

IV

facilities designated for use while on CSW. (SGT), Buchanon asked if plaintiff had already used the restroom because [he] did not want plaintiff to use while on transportation. While being escorted, staff asked plaintiff, how long it had been since [he] showered because he was ripe, and smelled.

21. November 21, 2009. (SGT) G, Wolf as supervising staff of CSW, notified plaintiff that after dinner [he] would be released from CSW, and housed in AD/SEG.

22. November 25, 2009. plaintiff filed grievance administrative appeal 602. [log no. SAC. S0901620) contesting the placement of CSW, lack of notice abitrarily for (8) eight days and extended period of time.

23. November 27. 2009, defendants issuing supplies and forms plaintiff was able to submitt medical CDCR 7362.

24. November 30, 2009. plaintiff Re-submitted medical forms and finally seen by physician was told nothing could be done for the pain and discomport as it was exacerbated by CSW, the physician [stated] arthritis never goes away, and lack of movement just made it difficult. plaintiff was issued antifungal cream for rash, discoloration from bruising of tape clothing and tylenol.

25. December 23, 2009. (LT), J. Baker appeals reviewer interviewed plaintiff and (LT) [stated] there was nothing she could do about CSW, placement.

26. December 29, 2009. plaintiff was being processed back to (CCI) without legalwork. while being in

IV.

(R/R) Defendant, (Sgt) Buchanon (stated) He Personally called Tehachapi To place Plaintiff On CSW, Upon Arrival, And then Went On To Say He Was Just Kidding.

27. January 6. 2010. Defendants Issued Plaintiff A Property Reciept CDCR 143. Form, And some Property

28. March 9. 2010. Appeals Reviewer, L. Williams. Documents, Defendant(s), Joseph Stewart Additional Statement The Investigation Services Unit At CSP/Sacramento Had Been The One To Request Plaintiff On CSW, Based On An "Reasonable Suspicion". (DOM. 52050.16.2).

29. Defendants, Failed To document Any Reasonable Suspicion on November 13. 2009. L. Williams, Documents The Error Of CDCR 114A. Segregation Record Lost And Cannot Be located To confirm Or Deny Plaintiff's Claim.

30. March 12. 2009, Appeals Reviewer Partially Granted the Grievence.

31. March 31. 2009, Disatissfied Plaintiff Re-Submits For the Director's level Review.

32. April 27. 2010. Plaintiff, Recieved Another Property Reciept 143. Form Property (Still) missing, Unaccounted For (legalwork, Personal Pictures And Drawings Arrived with At CSP/SAC On November 13. 2009.).

33. July 8. 2010, Appeals Reviewer Examiner C. Holstorm. Denied Director's level Review. IAB. Case No. 0920583.

34. Plaintiff Has Diligently Exhausted All Administrative Remedies And Is without Redress Of Constitutional

Rights Established By Institutional Means. (42. J.S.C. 1983)

## V.
## RELIEF REQUESTED.

Wherefore Plaintiff prays for the following:

1.) Declaratory Judgement that Defendants Acts And Practices Described Herein Violate plaintiff's Rights; 2) A Preliminary And Permanent Injunction which Prohibits And Requires that Def. endants, their Agents/Employees Successor(s); (i) Cease Harrassm ent, Retaliation And Reprisal for plaintiff's Court Litigation; 3) compensatory And Punitive Damages of Fifty (50) Thousand Dollars from Each Defendant Found To Have Intentionally Denied plaintiff His Rights; 4) Plaintiff's Cost of Suit; 5) for Cost and Reasonable Attorney Fees Pursuant To 42. U.S.C. Section 1983, And Any Other Grounds Authorized by law; 6) Trial By Jury Including To The Extent That Legitimate Security Concerns Dictate Judical Proceedings Regarding the Specific Factual Grounds That purportedly Justify plaintiff's Extended Placement On CSW; 7) Further Relief that the Court Deems Just.

I, Declare the Foregoing Is True And Correct, Under Penalty Of Perjury Under The laws Of The State of California, Executed At Tehachapi. Ezequiel Romo

PLAINTIFF.

IN PRO SE.

EZEQUIEL ROMO

May 15. 2012.

# FACTS PERTAINING TO DEFENDANTS INTENT.

1. DEFENDANTS HAVE INTENTIONALLY PLACED PLAINTIFF ON CSW WITHOUT ANY "PROBABLE CAUSE" FOR A LEGAL AND LEGITIMATE ACCESS TO COURTS.

2. DEFENDANTS HAVE NO LEGITIMATE PENOLOGICAL INTREST IN PROHI BITING PLAINTIFF'S LEGAL PROPERTY AND LEGITIMATE TO OUT TO COURT STATUS COURT ORDER RESENTENCE.

3. DIRECT EVIDENCE: DEFENDANTS RETALIATORY INTENT IS PROVID ED BY ACTIONS/AND INACTIONS OF STATEMENTS TO PLAINTIFF WHILE HOUSED ON CSW.

4. CIRCUMSTANTIAL EVIDENCE: DEFENDANTS RETALIATORY INTENT AND OF LEGITIMATE PENOLOGICAL INTREST IS PROVIDED BY THE FACT CDCR.114D FORM, SEGREGATION ORDER DOES NOT DOCUMENT ANY "REAS ONABLE SUSPICION". FURTHER CIRCUMSTANTIAL EVIDENCE, DEFENDANTS RETALIATORY INTENT IS PROVIDED BY THE FACT CDCR 114 A. WAS LOST DUE TO ADMINISTRATIVE ERROR.

5. DEFENDANTS, HAVE ARBITRARLY PLACED PLAINTIFF ON CSW IN ORDER TO IMPEDE AND RETALIATE AGAINST PLAINTIFF'S LEGITIMATE FIRST AMENDMENT, CIRCUMSTANTIAL EVIDENCE: DEFENDANTS STATE OF MIND PROVIDED BY THE ABSENCE OF ANY RELIABLE EVIDENCE TO SUPPORT PLACEMENT ON CSW.

a). DEFENDANT, (LT) JOESPH STEWART FAILED TO DOCUMENT "REASON ABLE SUSPICION" ON CDCR 114D DURING ISSUANCE TO PLAINTIFF.

b). DEFENDANT, E. BAKER, INTENTIONALLY CALLING PLAINTIFF BY ANOT HER NAME; AND [STATING] IT WAS NOT DEFENDANTS JOB TO TELL PLAINTIFF ANYTHING.

c). DEFENDANT, (SGT) ENGELLENER DELIBERATELY CONFISCATED

THE MATTRESS ISSUED (BY CORRECTIONAL OFFICER C/O: JONES).

d). DEFENDANT, (SGT). ELLEN REFUSAL AND DISREGARD TO ALLOW PLAINTIFF USE OF THE RESTROOM TIMELY WHEN REQUESTED.

(e). DEFENDANT, (SGT) BUCHANAN DENIAL OF LEGAL PROPERTY AND [STATING] (LT). JOSEPH STEWART REFUSED TO SPEAK TO PLAINTIFF OF CSW PLACEMENT.

(f) DEFENDANTS DIRECT REFUSALS TO RESPOND TO PLAINTIFF'S REQUESTS TO STOP CSW RETENTION AND ALLOW A MEDICAL X'RAY.

(g). DEFENDANT, WARDEN JAMES WALKER FAILURE TO TRAIN AND SUPERVISE SUBORDINATE OFFICER'S AND PREVENT THEM FROM MAINTAINING A ARBITRARY PATTERN OF PLACEMENT/RETENTION ON CSW, WITHOUT ANY "PROBABLE CAUSE" DOCUMENTATION.

(h). PLAINTIFF WAS SUCCESSFUL IN LAWFULLY BEING HOUSED AT CSU/SACRAMENTO (PEOPLE V. ROMO CASE.NO., 04F05789) COURT ORDER TO BE RE-SENTENCE; DEFENDANTS ORDERED PLACEMENT ON CSW.

(i) PLAINTIFF'S ABILITY TO PRESENT ANY VIEWS, DENIAL OF LEGAL WORK SIGNIFICANTLY REDUCED AND IMPEDED WHILE AT COURT CONFINED ON CSW (NOVEMBER 20. 2009).

# FACTS PERTAINING TO DELIBERATE INDIFFERENCE.

1. NOVEMBER 13. 2009, DEFENDANTS ALLOWED TWO PRISONERS (MANUEL CHAVEZ CDCR.NO.V.08690 AND GUILLERMO PANAMENO V.69840) TO BE X-RAYED; DENIED PLAINTIFF ALL X'RAY REQUESTS.

2. PLAINTIFF WAS NOT PLACED ON CSW FOR ANY ALLEGED MISCONDUCT OR "REASONABLE SUSPICION". AND TREATED DELIBERATELY INDIFFERENT.

3. PLAINTIFF'S CO-DEFENDANT (MARCOS AVALOS CDCR.NO. J46795) ARRIVED AT CSP/SAC. ON THE SAME COURT ORDER AND WAS NOT

SUBJECTED TO PLACEMENT ON CSW.

4. SUPERVISORY DEFENDANTS ACTIONS/INACTIONS RESULTED IN THE ARBITRARLY PLACEMENT OF PLAINTIFF ON CSW.

# FACTS
## PERTAINING TO CRUEL AND UNUSUAL PUNISHMENT.

1. DEFENDANTS' DELIBERATELY PLACED PLAINTIFF ON CSW FOR AN EXTENDED PERIOD OF TIME WHILE BRIEFLY OUT TO COURT FOR (8) EIGHT DAYS.

2. DEFENDANTS WERE DELIBERATELY INDIFFERENT TO PLAINTIFF'S LEGITIMATE COURT ORDER REASON FOR ARRIVING AT CSP/SACRAMENTO. SUBJECTED PLAINTIFF TO CSW, WITHOUT THE BASIC HYGEINE AND SANITARY LIVING CONDITIONS FORCED PLAINTIFF TO EAT, SLEEP AND BE RESTRAINED AT ALL TIME (8) EIGHT DAYS WITHOUT WASHING UP, A METAL BUNK TO SLEEP ON WITHOUT LINEN AND LIGHTS ON AT ALL TIMES TO BE OBSERVED BY STAFF AND HOUSED IN COLD CELLS; SEASONAL WEATHER. ALL STAFF WORE JACKETS, THERMALS.

3. PLAINTIFF, WAS COLD AND SUFFERS FROM ASTHMA, DOCUMENTED CHRONIC ARTHRITIS. EXACERBATED BY BEING RETRAINED AT ALL TIMES TO SLEEP WITH WAIST-CHAINS AND LOCKS ON BACK CAUSED PAIN, DISCOMFORT THROUGHOUT EIGHT DAYS AND AFTER.

4. DEFENDANTS, REFUSAL TO ALLOW PLAINTIFF AN X-RAY ON ALL REQUESTS. SUPERVISORY DEFENDANTS HAVE BEEN ON NOTICE THEY WERE ENFORCING AN UNREASONABLE PLACEMENT OF PLAINTIFF ON CSW, DEFENDANT G. DRUMMOND (ON NOVEMBER 18.2009) AT ICC, [STATED] HE WOULD SPEAK TO WARDEN, JAMES WALKER.

5. DEFENDANTS FAILED TO FOLLOW ESTABLISHED POLICY AND

procedure, Arbitrarily placing plaintiff On CSW without a "probable cause". These policies And practices Are not promulgated As Regulations And not In the California Code Of Regulations. Many Of the Defendants policies And practices Are published In The Departmental Operations Manual, (DOM) And Official Policy Established By the Decision-makers Of the prison.

6. Defendants placement Of plaintiff On CSW, November 13. 2009 Denied X-Ray Request Released plaintiff On November 21, 2009. without Any Reasonable Notice And without following the Established procedures (DOM. 52050.23.8 And Documentation (DOM. 52050.24).

16

## VI. Legal Claims.

### First Cause Of Action
### First Amendment.

1. Plaintiff Re-alleges And Incorporates By Reference all previous paragraphs Of this Complaint.

2. Defendant(s) Have Violated Plaintiff's Rights Guaranteed By the First Amendment To the U.S. Constitution, In that plaintiff's Confinement On CSW Is Based wholly Or In Part Upon plaintiff's legal And legitimate Court Order pursuant To Arrival at CSP/SAC. And Did Not Consist Of Any Furtherance Of Any Illegal Prison Gang Activity Whatsoever, And Plaintiff's placement On CSW The Basis Of Defendant's alleged Reasonable Suspicion Is Not Related To Any legitimate Penological Interest.

### Second Cause Of Action
### First Amendment / Retaliation.

3. plaintiff Re-alleges And Incorporates by Reference all previous paragraphs Of this Complaint.

4. Defendant(s) Have Violated plaintiff's First Amendment Rights In that His placement On CSW Constitutes Retaliatory Action Taken Against Plaintiff For The Exercise Of His Constitutionally protected Right To Access The Courts, Denial of legal-property. The Retaliatory placement On CSW Did Not Advance legitimate Penological Interest.

### Third Cause Of Action.
### First Amendment And Equal Protection Clause.

5. plaintiff Re-alleges And Incorporates By Reference all

VI.

previous paragraphs of this complaint.

6. Defendant(s) have violated plaintiff's First Amendment And Fourteenth Amendment by not promulgating, enforcing policy/and procedures indifferently without due notice. It is established custom and policy of defendants to place someone on CSW for probable cause.

## Fourth Cause Of Action.
Cruel And Unusual Punishment- Deliberate Indifference Of Retaliation.

7. Plaintiff Re-alleges And Incorporates By Reference The allegations Contained In all previous paragraphs.

8. Defendant(s) subjected plaintiff To placement On CSW for an extended period, violating plaintiff's Eight And Fourteenth Amendment Rights Exposing Plaintiff To Substantial physical And mental injury deliberately As Defendants Failed To follow their own policy And procedures Of CSW.

## Fifth Cause Of Action.
Cruel And Unusual Punishment= Arbitrary Placement Of plaintiff On CSW.

9. Plaintiff Re-alleges And Incorporates By Reference all allegations Contained In All previous paragraphs.

10. Defendant(s) have violated plaintiff's Eight And Fourteenth Amendment(s) by arbitrary And subjectively placing plaintiff On CSW For an extended period Of time.

11. Defendant(s) violated Eight And Fourteenth Amendment(s) by their deliberate indifference.

## VI.

### Sixth Cause Of Action.

### Cruel And Unusual Punishment — Retaliation.

12. Plaintiff Re-alleges And Incorporates By Reference The allegations Contained In all previous paragraphs.

13. Defendant(s) Arbitrarly Deprived Plaintiff Of His Eight And Fourteenth Amendments, Rights By Denying plaintiff His Basic Human Needs, Of Sanitary Hygeine For Eight Days, medical Care.

### Seventh Cause Of Action.

### Conspiracy.

14. Plaintiff Re-alleges. And Incorporates By Reference The allegations Contained In all previous paragraphs.

15. Defendant(s), Joseph Stewart, E. Baker, R. Mendoza, T. Vigra And Each Of Them, Or Some Among them Did Conspire And Agree To Deprive Plaintiff Of His Constitutional Rights As alleged Herein, In violation Of 42. U.S.C. Sections 1983 And 1985.

### Eight Cause Of Action.

### Cruel And Unusual Punishment — Deliberate Indifference To Inhumane Conditions Of CSW placement.

16. Plaintiff Re-alleges And Incorporates By Reference the allegations Contained In all previous paragraphs.

17. Defendants Have Violated plaintiff's Eight Amendment's Right By the Deliberate Indifference To plaintiff's physical And Mental Well-Being When Defendant(s) Are And Were

## VI.

AWARE OF INHUMANE/UNSANITARY CONDITIONS THAT PLAINTIFF HAS BEEN
EXPOSED TO FOR AN EXTENDED PERIOD OF (8) EIGHT DAYS ON CSW.

### Ninth Cause Of Action.
### Eight And Fourteenth Amendments.

18. PLAINTIFF RE-ALLEGES AND INCORPORATES BY REFERENCE THE ALL
EGATIONS CONTAINED IN ALL PREVIOUS PARAGRAPHS.

19. DEFENDANT(S) HAVE INTENTIONALLY INFLICTED A SEVERE PHYSICAL
AND MENTAL PAIN AND SUFFERING AGAINST PLAINTIFF BY PLACEMENT
ON CSW, IN VIOLATION OF THE EIGHT AND FOURTEENTH AMENDMENTS
AND PRESIDENTIAL EXECUTIVE ORDER (NO. 13107)!

### Tenth Cause Of Action.
### Federal Equal Protection.

20. PLAINTIFF RE-ALLEGES AND INCORPORATES BY REFERENCE ALL PRE
VIOUS PARAGRAPHS OF THIS COMPLAINT.

21. DEFENDANTS HAVE DENIED PLAINTIFF EQUAL PROTECTION OF THE LAW
AS GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE U.S. CONST
ITUTION BY INTENTIONALLY DISCRIMINATING AGAINST PLAINTIFF.
BASED ON THE DELIBERATE INDIFFERENCE OF CSW, PLACEMENT.

---

1. U.S. CONSTITUTION AND INTERNATIONAL LAW BARRING THE USE OF
TORTURE AND OTHER CRUEL, INHUMANE, OR DEGRADING TREATMENT OR
PUNISHMENT AS A MEANS OF OBTAINING INFORMATION, COERCION, AND
OR PUNISHMENT FOR ACTS - SUSPECTED ACTS COMMITTED (NOV. 20. 1994)

VI.

## ELEVENTH Cause Of Action.
### STATE EQual PROTECTION CLAUSE.

22. Plaintiff Re-alleges And Incorporates By Reference All Previous Paragraphs Of this Complaint.

23. Defendants Have Denied Plaintiff Equal Protection Of Law As Guaranteed By Article I. Section 7 And 15; Of the California Constitution By Intentionally Discriminating Against Plaintiff By Placement On CSW, without Probable Cause.

## TWELVETH Cause Of Action.
### STATE CReated LIBERTY INTREST.

24. Plaintiff Re-alleges And Incorporates By Reference All Previous Paragraphs of this Complaint.

25. Defendant(s) Have Deprived Plaintiff Of His State Created LIBERTY INTREST Protected Rights By the Fourteenth Amendment To the U.S. Constitution, when Defendants:

  a). Failed To Notify Plaintiff By Way Of CDC 114D Form. Segregation Order Of Placement.(CCR.Tit.15.,Sec.3336.)

  b). Failed To Give Due Notice Of Placement On CSW For Alleged "Reasonable Suspicion". (DOM.52050.19.2; 52050.21; 52050.23 And 52050.23.8.)

  c). Failed To Give Plaintiff A Full And Fair Hearing In Order To Object, Present Evidence And Submitt To A Medical X-Ray. (CCR.Tit.15.Sec.,3338 And DOM.52050.19.2).

  d). Refused To Release Plaintiff FRom CSW, Although He Possessed No ContRaBand.

VI.

e). Used no Documentation Of "Reasonable Suspicion" To place plaintiff On csw For An Extended period Of Time.

f). Failed To provide plaintiff with procedural protections when Alleging that there was Reasonable Suspicion. (Dom. 52050. 19.2).

g). Failed To Clearly Document And Maintain Segregation Records CDCR. 114A. (CCR. Tit. 15. Sec., 3344).

## Thirteenth Cause Of Action.
### Federal Due Process

26. plaintiff Re-alleges And Incorporates By Reference all previous paragraphs Of this Complaint.

27. placement On csw violates the Due process Clause Of the Fourteenth Amendment To the U.S. Constitution In that Defendant(s):

a). Failed To Indicate what Specific Conduct posed any "Reasonable Suspicion".

b) placed plaintiff In An Inescapable predicament that violates the fundamental principles of Due process of law.

c). Failed To Give plaintiff An Opportunity To present his views To the Officials making the Decision.

## Fourteenth Cause Of Action.
### State Due Process

28. plaintiff Re-alleges and Incorporates By Reference all previous paragraphs of this Complaint.

29. Defendant(s) placement and Retention Of plaintiff On Csw For (8)Eight Days, violates Article I. Section 7. And 15 of the California Constitution Due process of law,

VI.

FIFTEENTH CAUSE OF ACTION.
Violation OF MANDATORY DUTIES - STATE LAW.

30. Plaintiff RE-ALLEGES AND INCORPORATES BY REFERENCE ALL PREVIOUS PARAGRAPHS OF this Complaint.

31. THE PLACEMENT AND RETENTION OF Plaintiff ON CSW, Violates California Penal Code Section(s): 147 AND 673. Imposes A MANDATORY DUTY Upon DEFENDANT(S) EACH OF them TO TREAT Plaintiff FAIRLY AND HUMANELY AND TO PROTECT Plaintiff'S physical AND MENTAL WELL-BEING.

32. THE TITLE 15. California Code OF Regulation(s) Section: 3312. Imposes A MANDATORY DUTY ON DEFENDANT(S), EACH OF them TO REPORT Plaintiff's ALLEGED Misconduct.

33. THE TITLE 15. Section s: 3310. through 3320 AND 3335-3341.5. Imposes A MANDATORY DUTY ON DEFENDANT(S) AND EACH OF them To Provide Plaintiff with Procedural PROTECTIONS WHEN ALLEGING THAT Plaintiff Is Involved In Misconduct.

SIXTEENTH CAUSE OF ACTION.
FAILURE TO LAWFULLY ADMINISTER, TRAIN AND SUPERVISE.

34. Plaintiff RE-ALLEGES AND INCORPORATES BY REFERENCE ALL PREVIOUS PARAGRAPHS OF This Complaint.

35. DEFENDANT(S), SUPERVISORY HAVE A DUTY TO ESTABLISH policies And procedures FOR THE Administration OF California STATE Prison AT SACRAMENTO (CSP/SAC). TO PERFORM AND EXECUTE THEIR DUTIES In A MANNER Consistent with STATE AND FEDERAL LAW.

## VI.

36. Supervisory Defendant(s) were Deliberately Indifferent to the Violations of plaintiff's Rights Described herein.

37. Defendant(s) Breached their Duties to Legally administer the prison, and train and supervise subordinates where plaintiff's Rights were violated As a Result of the Enforcement of offical customs and policies.

38. Defendant(s) Breached their Duties to Legally administer the prison and train, supervise subordinates where plaintiffs Rights were violated as a Result of Defendants Acting In violation of Defendant's policies and practices, to the extent supervisory Defendant(s) had actual constructive knowledge of the violations and did nothing to prevent and correct them.

## VII Causation.

39. As a Direct and proximate Cause, Result of Acts and omissions on the part of Defendant(s); plaintiff has suffered and continues to suffer General and special damages In an amount to be proven at trial. plaintiff has no adequate or complete Remedy at law to Redress the wrongs described herein.

40. plaintiff has been and will continue to be irreparably injured by the conduct of Defendant(s) unless the court grants the Declatory Relief plaintiff seeks.

VERIFICATION
28 U.S.C. 1746

I, EZEQUIEL ROMO DECLARE:

I AM A PARTY TO THE WITHIN CAUSE OF ACTION 42.U.S.C 1983. In PRO SE THE FACTS DESCRIBED HEREIN ARE TRUE OF MY own KNOWLEDGE AND INFORMATION, EXCEPT AS TO MATTERS THAT ARE THEREIN STATED on MY own BELIEF, AS TO THOSE MATTERS I BELIEVE THEM TO BE TRUE.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT AND BY THE laws OF THE STATE OF CALIFORNIA, EXECUTED AT TEHACHAPI CALIFORNIA CORRECTIONAL Institution, (CCI). on

MAY 15. 2012.

In PROPIA PERSONA.
PRO SE.

# PROOF OF SERVICE.

(RE: EZEQUIEL ROMO          CIV. CASE NO. 2:11-CV-02898-DAD )

I AM A RESIDENT IN THE COUNTY OF KERN, CALIFORNIA. I AM OVER THE AGE OF (18) EIGHTEEN YEARS AND A PARTY TO THE WITHIN CAUSE OF ACTION. MY ADDRESS IS:

> EZEQUIEL ROMO K38661
> P.O. BOX 1906 (4B18A1 210 )
> TEHACHAPI, CA 93581.

ON MAY 15. 2012, I SERVED THE WITHIN:
   CIVIL COMPLAINT [FIRST] AMENDED, 42. U.S.C. 1983.
   EZEQUIEL ROMO V. MATHEW CATE, ET. al.,

PLACING A TRUE; AND ① ONE COPY THEREOF ENCLOSED IN A SEALED ENVELOPE ADDRESSED AS FOLLOWS:

   CLERK OF THE U.S. DISTRICT COURT
   FOR EASTERN DISTRICT OF CALIFORNIA.
   501."(I)" STREET, ROOM 4:400.
   SACRAMENTO, CA. 95814

I, DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED AT TEHACHAPI, CALIFORNIA. ON MAY, 15, 2012.

Ezequiel Romo

IN PRO SE.

## TRUST ACCOUNT WITHDRAWL ORDER

Date _5/23/12_

To: Warden          Approved _____

I hereby request that my Trust Account be charged $_____ for the purposes stated below and
authorize the withdrawal of that sum from my account.

_K'38661_

CDC NUMBER

_Romo Ezequiel_

NAME (SIGNITURE DO NOT PRINT)
PRINT PLAINLY BELOW name and address of person to
whom the check is mailed to

State below the PURPOSE for which
withdrawal is requested

PURPOSE: _legal –_

NAME_____

ADDRESS_____
_____

LEGAL COPIES------LEGAL SUPPLIES

NON LEGAL COPIES      (Circle one)

_Romo EZEQVIEL_

PRINT FULL NAME HERE