EZEQUIEL ROMO
K 38661 P.O. BOX 1906
TEHACHAPI CA
93581.

IN PRO SE:

In The United States District
Court Eastern District Of
California.

EZEQUIEL ROMO,
        Plaintiff

    VS.

MATHEW CATE, ET Al.,
        DEFENDANT(S).

No. 2:11- CV-2898 DAD P

DEMAND For Jury Trial.

Amended Complaint As Matter Of Law.
                I.

1. Plaintiff, EZEQUIEL ROMO Pursuant To Court Order Of
May 30. 2012., And Fed. R. Civ. P. 8 (a) (2).
2. The Plaintiff In Original Complaint (Named) Unidentified
Defendant(s) As Does 1 Through 50.
3. Since filing The Complaint Plaintiff Has Determined
The Names Of Defendant(s).

## II.
## JURISDICTION

1. THIS ACTION IS BROUGHT PURSUANT TO 42 U.S.C SECTIONS 1983 AND 1985 TO REDRESS THE DEPRIVATION UNDER COLOR OF STATE LAW OF RIGHTS SECURED BY THE CONSTITUTION OF UNITED STATES. JURISDICTION IS BASED UPON 28 U.S.C. SECTION 1331 AND 1343. THE COURT ALSO HAS PENDANT JURISDICTION OVER STATE CLAIMS PURSUANT TO 28 U.S.C. SECTION 1367. PLAINTIFF, SEEKS DECLATORY RELIEF PURSUANT TO 28 U.S.C. SECTIONS 2201 AND 2202. THE UNLAWFUL ACTS AND PRACTICE ALLEGED OCCURRED PRIMARILY WITHIN THIS JUDICIAL DISTRICT AND THE MAJORITY OF THE DEFENDANT(S) RESIDE WITHIN THIS DISTRICT 28 U.S.C. SECTION 1391(b). PLAINTIFF RESPECTFULLY REQUEST A JURY TRIAL ON THESE ALLEGATIONS.

## III.
## PARTIES.

1. PLAINTIFF, EZEQUIEL ROMO IS AND AT ALL TIMES MENTIONED HEREIN, A PRISONER OF THE STATE OF CALIFORNIA, IN THE CUSTODY OF THE (CDCR) CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION. CURRENTLY CONFINED AT (CCI) CALIFORNIA CORRECTIONAL INSTITUTION AND HOUSED WITH THE (SHU) SECURITY HOUSING UNIT.

2. DEFENDANT(S), MATHEW CATE IS THE DIRECTOR OF THE CDCR AND LEGALLY RESPONSIBLE FOR THE OVERALL OPERATION OF THE DEPARTMENT AND EACH INSTITUTION UNDER IT'S JURISDICTION INCLUDING CALIFORNIA STATE PRISON AT SACRAMENTO (CSP/SAC.).

13. DEFENDANT, (Lt) LIEUTENANT J. BAKER AT ALL RELEVANT TIMES HEREIN HELD THE RANK AS APPEALS REVIEWER.

14. DEFENDANT, L. WILLIAMS AT ALL TIMES HEREIN HELD THE RANK AS APPEALS REVIEWER.

15. DEFENDANT, C. HOLSTORM AT ALL RELEVANT TIMES HEREIN HELD THE RANK AS APPEALS REVIEWER.

# INTRODUCTION OF FACTS.

1. This ACTION(S) ARISE FROM DEFENDANTS ACTS AND OR POLICIES WHICH HAVE CAUSED PLAINTIFF TO BE WRONGLY PLACED ON CONTRABAND SURVEILLANCE WATCH, (CSW) AND RETAINED ON CSW FOR AN EXTENDED PERIOD OF TIME BASED ON PLAINTIFF'S LEGITIMATE COURT ORDER ARRIVAL AT CSP SACRAMENTO ARBITRARLY:

A). WITHOUT DUE PROCESS OF LAW; B). INTENTIONALLY AND WITHOUT PROBABLE CAUSE; C). FOR EIGHT DAYS IN CONDITIONS THAT ADVERSLY IMPACTED PLAINTIFF'S PHYSICAL AND MENTAL WELL-BEING; D). SUBJECTIVE PUNITIVE DISCIPLINE ABSENT A RULES VIOLATION REPORT (RVR) OF ANY GUILT.

FACTS PERTAINING TO PLAINTIFF'S PLACEMENT ON CSW, RETENTION.

1. PLAINTIFF WAS ISSUED A COURT ORDER TO BE RESENTENCED ON NOVEMBER 20.2009.

2. DEFENDANT(S) WERE ISSUED THE SAME COURT ORDER ON OCTOBER 30, 2009.

## IV. STATEMENT OF FACTS.

1. NOVEMBER 13, 2009. PLAINTIFF, EZEQUIEL ROMO ARRIVED AT CALIFORNIA STATE PRISON AT SACRAMENTO (CSP/SAC). AT 10:30 A.M. ON OUT TO COURT ORDER (PEOPLE V. ROMO CASE NO,. 04F05789) FOR RESENTCE. STRIPPED NAKED OF ALL CLOTHING AND UNDERWENT A VISUAL/BODY-CAVITY INSPECTION AND WANDED BY A METAL-DETECTOR.

2. DEFENDANT(S): JOSEPH STEWART (LT) LIEUTENANT ISSUED A CDCR 114D FORM NOTIFYING PLAINTIFF OF PLACEMENT IN (AD/SEG) ADMINISTRATIVE SEGREGATION, AND PERSONALLY AUTHORIZED PLAINTIFF COULD POSSESS HIS LEGAL-WORK [CAL. CODE. REGS. TIT. 15., 3160]. AT 12:40 P.M., DEFENDANT(S): R. MENDOZA AND E. BAKER, CORRECTIONAL OFFICER'S OF INVESTIGATIVE SERVICE'S UNIT, (ISU). ENTERED (R/R) AND SPOKE WITH (LT), STEWART JOINED BY DEFENDANT BUCHANON (SGT), SERGEANT IN STEWARTS OFFICE. AS R. MENDOZA AND E. BAKER EXITED (R/R), BAKER MADE THE COMMENT OF CALLING PLAINTIFF "ROMERO".

3. PLAINTIFF [EZEQUIEL ROMO] HAS NEVER KNOWN DEFENDANT E. BAKER. R. MENDOZA, PARTICIPATED IN THE INVESTIGATION OF PLAINTIFF'S COURT ORDERED CASE (AUGUST 6. 2003).

4. DEFENDANT, BUCHANON [STATED] HE WOULD SEARCH PLAINTIFF LEGAL WORK AND ISSUED AS AUTHORIZED BY (LT), STEWART. (C/O) CORRECTIONAL OFFICER RAFFERTY TELEPHONED (AD/SEG) TO HOUSE PLAINTIFF DUE TO OVERCROWDING OF (R/R). AN UNIDENTIFIED CORRECTIONAL OFFICER ARRIVED, AND WAS TOLD BY SGT, BUCHANON NOT TO ESCORT PLAINTIFF TO AD/SEG.

5. DEFENDANT(S): I. MONTEZ AND R. HOOD, CORRECTIONAL OFFICER'S ARRIVED TO ESCORT PLAINTIFF, AND WHEN PLAINTIFF REQUESTED

1  His LEGALWORK Was Told By DEFENDANTS: MONTEZ And Hood ME
2  Would. NOT POSSESS Any PROPERTY WHERE PLAINTIFF WAS TO BE
3  HOUSED.

4  6. PLAINTIFF REQUESTED TO SPEAK With DEFENDANT (LT), J.
5  STEWART And KNOW WHERE HE WAS TO BE HOUSED And why
6  PLAINTIFF WAS BEING DENIED PROPERTY/LEGAL-WORK As AUTHORIZED.

7  7. DEFENDANTS: MONTEZ and HOOD [STATED] LT. J. STEWART WAS
8  BUSY And THEY WERE NOT GONNA Bother HIM And FOR
9  PLAINTIFF TO JUST SUBMITT TO HANDCUFFS. DEFENDANT, (SGT)
10 BUCHANON [STATED] (LT), J. STEWART HAD REFUSED TO SPEAK TO
11 PLAINTIFF And HEAR Any OBJECTIONS PLAINTIFF HAD TO SAY,
12 (SGT), BUCHANON FURTHER [STATED] NOTHING PERSONAL JUST BUS-
13 INESS THAT PLAINTIFF WAS NOT GOING TO Ad/SEG, WAS ORDERED
14 TO BE placed On CSW.

15 8. PLAINTIFF REQUESTED An X-RAY TO PROVE HE WAS NOT IN
16 POSSESSION OF Any CONTRABAND, And DEFENDANT, (SGT) BUCHANON
17 REFUSED.

18 9. PLAINTIFF BELIEVES By Circumstantial EVIDENCE And LEGIT-
19 IMATE COURT ORDER ARRIVAL AT CSP: SACRAMENTO, While In
20 (R/R), RECIEVING And RELEASE DEFENDANTS: (LT), J. STEWART,
21 R. MENDOZA, E. BAKER, And (SGT), BUCHANON DIRECTLY And
22 INDIRECTLY CONSPIRED TO place PLAINTIFF On CSW with-
23 out Any DOCUMENTED Probable Cause By THE Discussion In
24 (LT), J. STEWARTS OFFICE BETWEEN DEFENDANT(S) RETALIATED
25 AGAINST PLAINTIFF'S CONSTITUTIONALLY ESTABLISHED RIGHTS.

26 10. DEFENDANTS, CONTINUEOUSLY REFUSED TO ALLOW PLAINTIFF
27 HIS LEGALWORK As AUTHORIZED And HEAR Any OBJECTIONS
   And GIVE Any DOCUMENTED WRITTEN NOTICE OF CSW.

11. Plaintiff Having Completed Numerous Visual Strip Searches And Clearing All Metal-Detectors. Having Been Transferred From California Correctional Institution, (CCI) On November 12, 2009, And with A Layover At Duel Vocation At Institution, (DVI).

12. Defendants: I. Montez And R. Hood Escorted Plaintiff to C. Facility Medical And Stripped Plaintiff Naked of All clothing And Given A Visual And Body Inspection And Wanded By A Metal-Detector.

13. Plaintiff Had A Liberty Invest To Be Free From Arbitrarly Cruel And Unusual Punishment Established By Constitution, Due Process Clause.

14. Defendant, (Sgt) Engellener Asked Plaintiff Was In Possession Of Contraband. Plaintiff (Stated) He Was Not And Requested An X-Ray To Avoid CSW, Placement. (Sgt), Engellener (Stated) He Does Not Know Of Reason For CSW placement, And Would Make A phone Call.

15. Plaintiff Was Subjected To Wear Double Clothing Which Consisted Of: (2) Two pair Of Underwear Each Of which Was Duct-Taped Indivually On Each Leg And Waist And Stomach One Over The Other; (2) Tishirts Each Indivually And Both Taped Around Waist And Torso, Arms And (2) two Jumpsuits Each Inclivually And Both Taped On Each Ankle, Calve, Thigh, Waist, Stomach And Arms To Limit And Restrict Any Movement. Plaintiff Was Then Subjected to Legirons And Waistchains; Each Handcuffed To Side Of The Body And placed In A Cold-Cell Without A Toilet Or A Sink And Running Water Or A Mattress And Linen.

URT PAPER
TE OF CALIFORNIA
. 113 (REV. 3-95)

96 10924

16. CORRECTIONAL OFFICER, JONES. WAS ASSIGNED TO OBSERVE AND MONITOR DOCUMENTATION OF CSW PLACEMENT OF PLAINTIFF. JONES ISSUED PLAINTIFF A MATTRESS.

17. DEFENDANT, (SGT) ENGELLENER CONFISCATED THE MATTRESS FIVE MINUTES AFTER IT WAS ISSUED. [STATED] PLAINTIFF WAS NOT TO BE ALLOWED ANY PROPERTY WHILE ON CSW, AND FURTHER MENTIONED HE SPOKE (LT), LIEUTENANT D. HAIL OF AN X-RAY AND REASON FOR PLAINTIFF'S CSW PLACEMENT AND WAS TOLD NO ONE KNOWS ANYTHING; OR DOES NOT WANTA SAY ANYTHING.

18. DEFENDANTS, AND ALL SUPERVISING CORRECTIONAL OFFICERS ARE ENFORCING AN UNLAWFUL CSW PLACEMENT AND RETENTION OF PLAINTIFF WITHOUT ANY PROBABLE CAUSE ARBITRARY AS ALL CORRECTIONAL OFFICER'S ARE SUBORDINATES.

19. NOVEMBER 14. 2009 DEFENDANTS, E. BAKER AND HERRERIA OF SECURITY AND INVESTIGATIONS (ISU), CAME TO CHECK ON PLAINTIFF AND ASKED IF HE USED THE RESTROOM YET. PLAINTIFF REQUESTED AN X-RAY AND REASON FOR PLACEMENT ON CSW. DEFENDANT E, BAKER [STATED] IT WAS NOT HIS JOB TO TELL PLAINTIFF ANYTHING. HERRERIA [STATED] HE WAS NOT ON DUTY (NOVEMBER 13. 2009) AND ASKED WHY PLAINTIFF WAS AT CSP/ SACRAMENTO. PLAINTIFF [STATED] HE WAS SUCCESSFUL ON APPEAL AND WAS COURT ORDERED TO BE RE-SENTECED.

20. PLAINTIFF'S BELIEF IS HIS ARRIVAL WAS THE REASON OF SUBJECTIVE PLACEMENT ON CSW. DEFENDANTS ARE RETALIATING FOR LEGITIMATE ACCESS TO COURTS AND INTERFERENCE WITH LEGALWORK WHILE PLACED ON CSW TO FUSTRATE AND IMPEDE PLAINTIFF. HERRERIA [STATED] HE BELIEVED PLAINTIFF WAS ALREADY CONVICTED AND SENTCED ON THAT CASE.



1  21. CORRECTIONAL OFFICERS EACH Individually ASSigned To Monitor
2  And DOCUMENT CSW, Observations, Asked What IF Any Con-
3  TRAband PlAINTIFF POSSESSED. Plaintiff [STATED] HE WAS NOT IN
4  POSSESSION OF Any CONTRAbaud And DOES Not Know Why HE
5  WAS placed On CSW. An [Unidentified] Correctional Officer
6  MENTioned, Security And INVESTIGATions Continues To Call
7  ASKing IF plaintiff HAS Used The Restroom.

8  22. NOVEMBER 16. 2009. plaintiff WAS Able To Use The Restroom
9  [DEFECATE] ABsent Any CONTRABAND, Correctional Officer, BoJunda
10  [STATED] HE Would DOCUMENT On 114A SEGREGATION Order.

11  23. DEFENDANT, (Lt) KRAMER As Acting Captain Reviewed The
12  114D PlACEMENT Order OF Ad/SEG. At which plaintiff
13  REITERATED Not HAVing Any CONTRAband And REQUESTED AN
14  X-RAY And REASON For CSW, PlACEMENT. KRAMER [STATED]
15  HE Did NOT Know The REASON For CSW PlACEMENT. And
16  DENied plaintiff's REQUEST For X-RAY.

17  24. CORRECTIONAL OFFICER BoJunda NOTIFIED plaintiff
18  WAS ordered To BE RE-LOCATED To B'FACILITY CSW.

19  25. Plaintiff WAS EscorTED And plAced In A Cell That
20  Previously Occupied [MANUEL CHAVEZ] prisoner who HAd BEEN
21  On CSW, NOVEMBER 11. 2009. AFTER RELEASE Six-days plaintiff
22  WAS placed In Worse Conditions. The Cell WAs Not CLEAN
23  or DISINFECTED with prisoners DirTy LINEN Still In The
24  Cell And A BoTTLE FILLED with Urine.

25  26. DEFENDANTS SUBJECTED PlAINTIFF To Unhealthy And
26  UnSanitARY living Conditions. A DELIBERATE INdIFFERENCE
27  OF EQUAL CondiTions while On CSW With No LEGITIMATE
   penological EntrEST Adversly AFFECTED PlAINTIFF.



URT PAPER
TE OF CALIFORNIA
). 113 (REV. 3-85)

98 10924

27. A prisoner [Guillermo Panameno] in the next cell over on CSW [stated] he was given an x-ray on November 13. 2009 by escorting officer's, defendants: R. Mendoza and E. Baker. Prisoner [Panameno] also stated he and [Manuel Chavez] were allowed to brush their teeth and given clothing and linen, allowed to wash after using the restroom.

28. November 17. 2009. Defendant, (SGT) Ellen as supervising officer of CSW having to be present for plaintiff to use the restroom. (SGT), Ellen [stated] he would not be found or reached for CSW.

29. Plaintiff having to wait hours and often after shift change, or any willing supervisor on one occassion a female (SGT) Hronek had to stand in as (SGT) Ellen was nowhere around. The degrading nature of a denial of using the restroom when naturally needed correctional officer(s) of standard rank often would ask plaintiff to hold any bowel movement and be certain so when supervisor's were called they would not be bothered or have to wait on plaintiff.

30. Defendants subjected plaintiff to punitive placement on CSW and denial of privacy having to urinate and defecate in front of all staff supervising and any passerby's in an open area to be observed. While restrained and confined in double clothing and shackles often added to discomfort of stomach ache, cramps of being able to use the restroom in decency.

31. PLAINTIFF WAS DENIED HYGEINE TO WASH AND CLEAN
APPROPIATELY AFTER USING THE RESTROOM.
     DEFENDANTS SUBJECTED PLAINTIFF TO UNCLEAN
DECENCY OF HAVING TO EAT MEALS AND USE THE REST
ROOM TO COMPLY WITH CSW POLICY AND PROCEDURES.
32. NOVEMBER 18.2009. PLAINTIFF WAS SEEN BY INITIAL
CLASSIFICATION COMMITTEE (ICC) WHILE ON CSW, AND
[STATED] NOT HAVING ANY CONTRABAND AND REQUESTED
AN X.RAY.
33. DEFENDANT, G. DRUMMOND, (CDW) CHIEF DEPUTY
WARDEN, (STATED) HE DID NOT KNOW OF REASON FOR
CSW PLACEMENT AND WOULD SPEAK TO WARDEN JAMES
WALKER.
34. DEFENDANTS REFUSAL'S TO ACKNOWLEDGE PLAINTIFF'S
REQUESTS FOR AN X-RAY AND LACK OF PROBABLE CAUSE
OF PLACEMENT ON CSW DENIED PLAINTIFF HIS LIBERTY
INTREST.
35. DEFENDANT JAMES WALKER FAILURE TO TRAIN SUBORD-
INATE OFFICER'S AND PREVENT THEM FROM MAINTAINING
A PATTERN OF RETALIATION AND UNCONSTITUTIONAL
HARRASSMENT FOR PLAINTIFF'S EXERCISE OF HIS FIRST
AMMENDMENT RIGHT OF ACCESS TO THE COURTS AND BE
FREE FROM CRUEL AND UNUSUAL PUNISHMENT.
36. DEFENDANTS, (LT). JOSEPH STEWART AND CAPTAIN,
KRAMER REFUSED AND FAILED TO ACKNOWLEDGE
PLAINTIFF'S REQUESTS TO STOP CSW PLACEMENT AND
ALLOW PLAINTIFF ANY OBJECTIONS UPON REVIEW OF CDCR

1 114D REVIEW. Supervising DEFENDANTS HAVE BEEN On NOTICE OF
2 ENFORCING CSW PLACEMENT WITHOUT ANY WRITTEN NOTICE TO plain-
3 TIFF AT EACH and EVERY OPPORTUNITY AS PLAINTIFF WAS TOLD NO ONE
4 KNOWS ANYTHING DENIED PLAINTIFF ALL DUE PROCESS OF LAW,
5 AND ESTABLISHED CONSTITUTIONAL RIGHTS.

6 37. PLAINTIFF WAS SUBJECTED TO THE PHYSICAL AND MENTAL DISCOM-
7 FORT OF BEING CHAINED SHACKLED AND LEGIRONED FOR EIGHT
8 DAYS, (192) HOURS. WHICH EXACERBATED THE CHRONIC ARTHRITIS
9 AND ASTHMA PLAINTIFF SUFFERS FROM, DOCUMENTED HISTORY
10 PRIOR TO CSW, PLACEMENT.

11 38. DEFENDANTS, DENIED PLAINTIFF ANY ACCESS TO MEDICAL CARE
12 WHILE HOUSED IN HOLDING CELL WITHIN MEDICAL CLINIC ON
13 CSW. DELIBERATELY INDIFFERENT AS PRISONER [GUILLERMO PANA
14 MENO] WAS BEING ISSUED HIS MEDICATION.

15 39. CORRECTIONAL OFFICER, MANDELL WAS ASSIGNED TO CSW, AND
16 ON THE ONLY OCCASSION ALLOWED A NURSE TO TAKE PLAINTIFF'S
17 VITALS AND DOCUMENTED PLAINTIFF'S LOW BLOOD PRESSURE AND
18 A RASH AND BRUISING, SWELLING FROM HANDCUFFS AND
19 SHACKLES. DISCOLORATION OF STOMACH FROM DUCT-TAPE AND
20 THE PEELING AS TORN OFF AND APPLIED AFTER USING THE
21 RESTROOM.

22 40. PLAINTIFF [STATED] HE WAS NOT FEELING GOOD HAD HEAD-
23 ACHE FROM LIGHTS ON AND HAVING TO SLEEP ON BACK
24 AS RESTRAINED THE LOCKS MADE IT DIFFICULT TO SLEEP AS
25 NO MOVEMENT AND SLEEPING ON A METAL BUNK.

26 41. THE [UNIDENTIFIED] NURSE APPLIED ANTIFUNGAL CREAM TO
27 PLAINTIFF'S STOMACH, LEGS AND GAVE HIM TWO-TYLENOL
AND [STATED] PLAINTIFF WOULD HAVE TO SUBMIT A 7362 MEDICAL


COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 98 10924

1  FORM TO BE SEEN BY A PHYSICIAN.

2  42. NOVEMBER 20. 2009, DEFENDANT (SGT) BUCHANON NOTIFIED PLAIN-
3  TIFF HE WAS SCHEDULED FOR COURT AND WOULD BE TRANSPORTED
4  AS IS ON CSW, NO SHOWER, NO SHAVE AND RETURNED TO
5  CSW AFTER COURT.

6  43. PLAINTIFF, REQUESTED HIS LEGALWORK TO GO OVER COURT
7  DOCUMENTS IN PREPARATION FOR RE-SENTCE AND WAS DENIED
8  BY DEFENDANT BUCHANON.

9  44. DEFENDANTS, (SGT) BUCHANON DEPRIVED PLAINTIFF OF HIS
10 LEGALWORK WITHOUT ANY LEGITIMATE PENOLOGICAL INTREST.

11 45. CORRECTIONAL OFFICER, FLOOD WAS ASSIGNED TO MONITOR
12 PLAINTIFF ON CSW WAS TOLD BY (SGT) BUCHANON TO GET THE
13 EQUIPTMENT OF CSW FOR COURT WHICH CONSISTED OF A
14 BOTTLE TO URINATE IN AND A STOOL WITH BUCKET TAPED
15 TO SQUAT OVER AND DEFECATE IN.

16 46. DEFENDANT BUCHANON ASKED IF PLAINTIFF HAD ALREADY
17 USED THE RESTROOM [STATING] HE DID NOT WANT PLAINTIFF
18 USING THE RESTROOM WHILE ON TRANSPORTATION OR AT COURT.

19 47. PLAINTIFF ASKED FOR AN X-RAY TO BE RELEASED OFF CSW
20 AND DEFENDANT BUCHANON [STATED] IF IT WAS UPTO HIM HE
21 WOULD HAVE RELEASED PLAINTIFF FROM CSW AFTER ONE BOWEL
22 MOVEMENT, BUT IT WAS STEWART'S CALL. WHILE BEING ESCORTED
23 PRISON OFFICALS ASKED HOW LONG IT HAD BEEN SINCE PLAIN-
24 TIFF HAD SHOWERED BECAUSE HE WAS RIPE AND SMELLED.

25 48. NOVEMBER 21. 2009. (SGT) G. WOLF SUPERVISING CSW NOTIFIED
26 PLAINTIFF HE WOULD BE RELEASED FROM CSW, AND HOUSED
27 IN AD/SEG.

   49. NOVEMBER 23. 2009 PLAINTIFF REQUESTED HIS LEGALWORK

1 and personal property from AD/SEG correctional officer
2 W. Almodvar as legal officer. Almodvar [stated] he spoke
3 to (LT), Stewart and was told plaintiff had his legalwork
4 50. Defendants, Joseph Stewart contradictory statements
5 and actions deprived plaintiff of legalwork and due
6 notice of CSW placement violated plaintiff's constitutional
7 established rights.
8 51. November 25. 2009, plaintiff filed grievence appeal
9 log no. SAC.S0901620 to contest and redress the placement
10 on CSW. lack of notice pre and post CSW placement.
11 52. Defendants, T. Vigra (CDW) chief deputy warden did not
12 interview plaintiff and denied a impartial fair hearing
13 of CSW placement of information relied upon to allow
14 plaintiff any objections to decision maker violated
15 plaintiff's rights established by constitution due
16 process clause.
17 53. November 27.2009 plaintiff was able to submitt medical
18 form 7362 (no.57181) and (no.571615) due to continued
19 pain and discomfort from after effects of being shackled
20 and restrained unable to sleep from bruising and fatigue
21 of body.
22 54. plaintiff was seen by a physician and told nothing
23 could be done for the pain and discomfort suffered on
24 CSW as it was exacerbated from the arthritis of
25 plaintiff the lack of movement just made it difficult.
26 physician issued tyelonol and antifungal cream for the
27 rash and bruising, discoloration of tape being peeled.

55. DECEMBER 23. 2009. (LT) J. BAKER ASSIGNED APPEALS REVIEWER DEFENDANT J. BAKER, INTERVIEWED PLAINTIFF AND [STATED] THERE WAS NOTHING SHE COULD DO ABOUT CSW PLACEMENT AND RETENTION BUT WOULD HAVE LEGAL OFFICER W. ALMODVAR LOCATE PLAINTIFF'S LEGAL WORK AND PERSONAL PROPERTY.

56 DECEMBER 29. 2009. PLAINTIFF WAS BEING PROCESSED BACK TO (CCI) CALIFORNIA CORRECTIONAL INSTITUTION, WITHOUT LEGAL WORK AND PERSONAL PROPERTY PLAINTIFF ARRIVED WITH ON NOVEMBER 13. 2009.

57. DEFENDANTS RETALIATED AGAINST PLAINTIFF BY DENYING PLAINTIFF ACCESS AND POSSESSION OF LEGAL WORK AND PROPERTY WHILE OUT TO COURT ON A LEGITIMATE COURT ORDER VIOLATED PLAINTIFFS (FIRST, EIGHT AND FOURTEENTH AMENDMENTS) RIGHTS ESTABLISHED BY THE CONSTITUTION.

58. DEFENDANT (SGT) BUCHANON [STATED] TO PLAINTIFF WHILE IN (R/R) RECIEVING AND RELEASE THAT DEFENDANT PERSONALLY CALLED (CCI) TEHACHAPI TO LET THEM KNOW PLACE PLAINTIFF ON CSW UPON ARRIVAL; AND THEN WENT ON TO SAY JUST KIDDING AND LAUGHED.

59. DECEMBER 30. 2009 PLAINTIFF ARRIVED AT (CCI) TEHACHAPI WITHOUT LEGAL WORK AND PERSONAL PROPERTY; AND WAS NOT PLACED ON CSW PLACEMENT; HOWEVER PLAINTIFF STILL DOES NOT KNOW WHAT TRIGGERED CSW PLACEMENT ASIDE FROM CSP/SACRAMENTO SUBJECTING PLAINTIFF ARBITRARY TO CSW.

60. DEFENDANT, APPEAL REVIEWER (LT), J. BAKER FAILED TO PROVIDE A MEANINGFUL APPEAL PROCESS PARTIALLY GRANTED THE 602 (LOG NO. SAC. 80901620) SHE DOCUMENTS NO INTERVIEW OF DEFENDANT T. VIGIRA STATING DEFENDANT J. STEWART RECIEVED THE CSW PLACEMENT ORDER FROM T. VIGIRA.

61. January 6. 2010. plaintiff was Issued CDCR 143 property Reciept and some property with personal Items Still missing And unaccounted For.

62. March 9. 2010. Appeals Reviewer, L. Williams Documents an additional Statement by Defendant (lt) J. Stewart: the Investigation Services Unit (ISU) at CSP/SAC. Had Been the one to Request plaintiff be placed on CSW, Based on an " Reasonable Suspicion".

63. Defendants Failed to Document any " Reasonable Suspicion" on November 13. 2009; And Fail to Identify what If any Reasonable Suspicion. Further, Appeals Reviewer Documents the Administrative Error of CDC 114 A Segregation Order Record which Details CSW Observation, Documentation Lost and cannot confirm or deny plaintiff's Claims.

64. March 12. 2010, Appeals Reviewer partially Granted the 602.

65. March 31. 2010, plaintiff Disatissfied Re-submits For Director's Level Review.

66. Appeals Reviewer's Denied meaningful Review of the Decision of CSW placement Violates Constitutional Established First Amendment.

67. Defendants all Supervisory prison Officals Have Violated plaintiff's Constitutionally Established Rights Without any Due process of law, And Arbitrarly Subject plaintiff to Eight Days punitive Segregation without any Documented penological Intrest For plaintiff's Arrival at CSP/Sacramento on a court Order. (Eight and Fourteenth U.S. Amendments; Cal. Const. Art. I. ¶¶15)

68. APRIL 27. 2010. PLAINTIFF, RECIEVED ANOTHER PROPERTY RECIEPT CDCR 143 FORM. OF SOME OF THE UNACCOUNTED LEGALWORK AND PERSONAL PROPERTY. HOWEVER STILL ARE MISSING LEGALWORK, PERSONAL PICTURES AND DRAWINGS PLAINTIFF ARRIVED WITH ON NOVEMBER 13. 2009 AT CSP/SAC.

69. DEFENDANTS (LT) STEWART AUTHORIZED PLAINTIFF COULD POSSESS HIS LEGALWORK, DEFENDANT (SGT) BUCHAN OR (STATED) HE WOULD ISSUE TO PLAINTIFF AFTER HE SEARCHED AS AUTHORIZED BY DEFENDANT STEWART.

70. DEFENDANTS WITHELD AND LOST, MISPLACED AND OR DESTROYED PLAINTIFF LEGALLY AUTHORIZED PROPERTY WITHOUT ANY WRITTEN NOTICE.

71. DEFENDANTS ACTIONS TO ARBITRARLY PLACE PLAINTIFF ON CSW TO RETALIATE AGAINST FOR HIS LEGITIMATE FIRST AMENDMENT IN SUCCESSFUL APPEAL OF COURT ORDER RE-SENTENCE, DENIAL OF LEGALWORK AT ALL TIMES WHILE HOUSED AT CSP/SACRAMENTO TO FUSTRATE AND IMPEDE PLAINTIFF. CIRCUMSTANTIAL EVIDENCE OF DEFENDANTS' STATE OF MIND IS PROVIDED BY THE ABSENCE OF ANY RELIABLE EVIDENCE IN SUPPORT OF CSW NOTICE, PLACEMENT.

72. JULY 8. 2010. APPEALS REVIEWER EXAMINER C. HOLSTORM DENIED DIRECTORS LEVEL REVIEW. (IAB CASE NO. 0920583).

73. PLAINTIFF HAS DILIGENTLY EXHAUSTED ALL ADMINIST-RATIVE REMEDIES AND FILED A BOARD OF CONTROL CLAIMS FORM (ON MARCH 31. 2010.) AND IS WITHOUT REDRESS OF CONSTITUTIONAL RIGHTS ESTABLISHED BY

Institutional means of administrative appeal of meaningful review (Cal. Code. Regs., Tit. 15. 3084.1. (a1.(d)) 42. U.S.C. 1983. And 1985.

75.  Defendants J. Baker and L. Williams, C. Holstrom Appeals Reviewer's Denied meaningful review of any procedural due process review of CSW, placement violated plaintiff's First, Eight and Fourteenth Amendments on each level of appeal process.

76.  Defendants or more than one of them have a history of a consistent pattern of deliberate, willful indifference to the constitutional rights of prisoners.

77.  Plaintiff placement on CSW for an extended eight day period pursuant defendants' vague/overboard, arbitrary and punitive policy, practices, rules and regulations constitutes an atypical and significant hardship.

78.  Defendants have a custom and policy of maintaining, an unwritten but widely understood code of silence designed to encourage prison employees to remain silent regarding the improper behavior of their fellow employees. As a result of their failure to train subordinates and their active opposition to investigations of wrongdoing by officers, supervisory defendants have ratified and perpetuated this practice and policy.



## V

# RELIEF REQUESTEd.

WHEREFORE PLAINTIFF PRAYS FOR THE FOLLOWING:

1). DECLATORY JUdGEMENT THAT DEFENDANTS ACTS ANd PRACTICES DESCRIBEd HEREIN VIOLATE PLAINTIFF'S RIGHTS; 2). A PRELIMINARY ANd PERMANENT INJUNCTION WHICH PROHIBITS ANd REQUIRES THAT DEFENDANTS, THEIR AGENTS/EMPLOYEES SUCCESSOR(S); (i) CEASE HARRASSMENT, RETALIATION ANd REPRISAL FOR PLAINTIFF'S COURT LITIGATION; 3). COMPENSATORY ANd PUNITIVE DAMAGES OF FIFTY (50)THOUS ANd DOLLARS FROM EACH DEFENDANT FOUND TO HAVE INTENTIONALLY DEPRIVEd PLAINTIFF HIS RIGHTS; 4). PLAINTIFF'S COST OF SUIT ANd FEES INCURREd; 5). REASONABLY ATTORNEY FEES PURSUANT TO 42. USC 1983. ANd ANY OTHER GROUNdS AUTHORIZEd BY LAW; 6). TRIAL BY JURY INCLUdING TO THE EXTENT THAT LEGITIMATE SECURITY CONCERNS DICTATE JUdICIAL PROCEEdINGS REGARdING THE SPECIFIC FACTUAL GROUNdS THAT PURPORTEdLY JUSTIFY PLAINTIFF'S EXTENded PLACEMENT ON CSW; 7). FURTHER RELIEF THAT THE COURT DEEMS JUST.

JUNE.12
2012.

Ezequiel Romo
PLAINTIFF
EZEQUIEL ROMO
IN PRO SE.

# FACTS PERTAINING TO DEFENDANTS INTENT.

1. DEFENDANTS HAVE INTENTIONALLY PLACED PLAINTIFF ON CSW WITHOUT ANY "PROBABLE CAUSE" FOR A LEGAL AND LEGITIMATE ACCESS TO COURTS.

2. DEFENDANTS HAVE NO LEGITIMATE PENOLOGICAL INTREST IN PROHI BITING PLAINTIFF'S LEGAL PROPERTY AND LEGITIMATE TO OUT TO COURT STATUS COURT ORDER PRESENTENCE.

3. DIRECT EVIDENCE: DEFENDANTS RETALIATORY INTENT IS PROVID ED BY ACTIONS/AND INACTIONS OF STATEMENTS TO PLAINTIFF WHILE HOUSED ON CSW.

4. CIRCUMSTANTIAL EVIDENCE: DEFENDANTS RETALIATORY INTENT AND OF LEGITIMATE PENOLOGICAL INTREST IS PROVIDED BY THE FACT CDCR.114D FORM, SEGREGATION ORDER DOES NOT DOCUMENT ANY "REAS ONABLE SUSPICION". FURTHER CIRCUMSTANTIAL EVIDENCE, DEFENDANTS RETALIATORY INTENT IS PROVIDED BY THE FACT CDCR 114 A. WAS LOST DUE TO ADMINISTRATIVE ERROR.

5. DEFENDANTS, HAVE ARBITRARILY PLACED PLAINTIFF ON CSW IN ORDER TO IMPEDE AND RETALIATE AGAINST PLAINTIFF'S LEGITIMATE FIRST AMENDMENT, CIRCUMSTANTIAL EVIDENCE: DEFENDANTS STATE OF MIND PROVIDED BY THE ABSENCE OF ANY RELIABLE EVIDENCE TO SUPPORT PLACEMENT ON CSW:

   a). DEFENDANT, (LT). JOESEPH STEWART FAILED TO DOCUMENT "REASON ABLE SUSPICION" ON CDCR 114D DURING ISSUANCE TO PLAINTIFF.

   b). DEFENDANT, E. BAKER, INTENTIONALLY CALLING PLAINTIFF BY ANOT HER NAME; AND [STATING] IT WAS NOT DEFENDANTS JOB TO TELL PLAINTIFF ANYTHING.

   c). DEFENDANT, (SGT) ENGELLENER DELIBERATELY CONFISCATED

THE MATTRESS ISSUED (BY CORRECTIONAL OFFICER C/O: JONES).

d). DEFENDANT, (SGT). ELLEN REFUSAL AND DISREGARD TO ALLOW PLAINTIFF USE OF THE RESTROOM TIMELY WHEN REQUESTED.

(e). DEFENDANT, (SGT) BUCHANAN DENIAL OF LEGAL PROPERTY AND [STATING] (Lt). JOSEPH STEWART REFUSED TO SPEAK TO PLAINTIFF OF CSW PLACEMENT.

(f) DEFENDANTS DIRECT REFUSALS TO RESPOND TO PLAINTIFF'S REQUESTS TO STOP CSW RETENTION AND ALLOW A MEDICAL X-RAY.

(g). DEFENDANT, WARDEN JAMES WALKER FAILURE TO TRAIN AND SUPERVISE SUBORDINATE OFFICER'S AND PREVENT THEM FROM MAINTAINING A ARBITRARY PATTERN OF PLACEMENT/RETENTION ON CSW, WITHOUT ANY "PROBABLE CAUSE" DOCUMENTATION.

(h). PLAINTIFF WAS SUCCESSFUL IN LAWFULLY BEING HOUSED AT CSP/SACRAMENTO (PEOPLE V. ROMO CASE.NO., 04F05789) COURT ORDER TO BE RE-SENTENCE; DEFENDANTS ORDERED PLACEMENT ON CSW.

(i) PLAINTIFF'S ABILITY TO PRESENT ANY VIEWS, DENIAL OF LEGAL WORK SIGNIFICANTLY REDUCED AND IMPEDED WHILE AT COURT CONFINED ON CSW (NOVEMBER 20. 2009).

# FACTS PERTAINING TO DELIBERATE INDIFFERENCE.

1. NOVEMBER 13. 2009, DEFENDANTS ALLOWED TWO PRISONERS (MANUEL CHAVEZ CDCR.NO.V.08690 AND GUILLERMO PANAMENO V.69840) TO BE X-RAYED; DENIED PLAINTIFF ALL X-RAY REQUESTS.

2. PLAINTIFF WAS NOT PLACED ON CSW FOR ANY ALLEGED MISCONDUCT OR "REASONABLE SUSPICION". AND TREATED DELIBERATELY INDIFFERENT.

3. PLAINTIFF'S CO-DEFENDANT (MARCOS AVALOS CDCR.NO. J46795) ARRIVED AT CSP/SAC. ON THE SAME COURT ORDER AND WAS NOT

SUBJECTED TO PLACEMENT ON CSW.

4. SUPERVISORY DEFENDANTS ACTIONS/INACTIONS RESULTED IN THE ARBITRARILY PLACEMENT OF PLAINTIFF ON CSW.

## FACTS
## PERTAINING TO CRUEL AND UNUSUAL PUNISHMENT.

1. DEFENDANTS' DELIBERATELY PLACED PLAINTIFF ON CSW FOR AN EXTENDED PERIOD OF TIME WHILE BRIEFLY OUT TO COURT FOR (8) EIGHT DAYS.

2. DEFENDANTS WERE DELIBERATELY INDIFFERENT TO PLAINTIFF'S LEGITIMATE COURT ORDER REASON FOR ARRIVING AT CSP/SACRAMENTO. SUBJECTED PLAINTIFF TO CSW, WITHOUT THE BASIC HYGEINE AND SANITARY LIVING CONDITIONS FORCED PLAINTIFF TO EAT, SLEEP AND BE RESTRAINED AT ALL TIME (8) EIGHT DAYS WITHOUT WASHING UP, A METAL BUNK TO SLEEP ON WITHOUT LINEN AND LIGHTS ON AT ALL TIMES TO BE OBSERVED BY STAFF AND HOUSED IN COLD CELLS; SEASONAL WEATHER, ALL STAFF WORE JACKETS, THERMALS.

3. PLAINTIFF, WAS COLD AND SUFFERS FROM ASTHMA, DOCUMENTED CHRONIC ARTHRITIS. EXACERBATED BY BEING RETRAINED AT ALL TIMES TO SLEEP WITH WAIST-CHAINS AND LOCKS ON BACK CAUSED PAIN, DISCOMFORT THROUGHOUT EIGHT DAYS AND AFTER.

4. DEFENDANTS, REFUSAL TO ALLOW PLAINTIFF AN X-RAY ON ALL REQUESTS. SUPERVISORY DEFENDANTS HAVE BEEN ON NOTICE THEY WERE ENFORCING AN UNREASONABLE PLACEMENT OF PLAINTIFF ON CSW, DEFENDANT G. DRUMMOND (ON NOVEMBER 18.2009) AT ICC, [STATED] HE WOULD SPEAK TO WARDEN, JAMES WALKER.

5. DEFENDANTS FAILED TO FOLLOW ESTABLISHED POLICY AND

PROCEDURE, ARBITRARILY PLACING PLAINTIFF On CSW without A "PROBABLE CAUSE". THESE policies And PRACTICES ARE NOT PROMULGATED AS REGULATIONS And NOT In the California Code Of Regulations. MANY OF THE DEFENDANTS Policies And PRACTICES ARE published In The DEPARTMENTAL OPERATIONS Manual, (DOM) And OFFICIAL policy ESTABLISHED By The Decision-MAKERS Of the PRISON.

6. DEFENDANTS placement Of plaintiff On CSW, NOVEMBER 13. 2009 Denied X'RAY REQUEST Released Plaintiff On NOVEMBER 21, 2009. without ANY REASONABLE NOTICE And without following the ESTABLISHED PROCEDURES (DOM. 52050-23-8 And DOCUMENTATION (DOM. 52050-24).

## VI. LEGAL Claims.

### FIRST CAUSE OF ACTION
### FIRST AMENDMENT.

1. PLAINTIFF Re-alleges And Incorporates By Reference all previous paragraphs OF this complaint.

2. DEFENDANT(S) HAVE Violated PlaintiFF's Rights Guaranteed By the FIRST AMENDMENT To The U.S. Constitution, In that plaintiff's Confinement On CSW Is Based Wholly OR In Part Upon plaintiff's legal And legitimate Court Order Pursuant To Arrival at CSP/SAC. And Did Not Consist OF Any Futherance OF Any Illegal Prison Gang Activity Whatsoever, And Plaintiff's Placement On CSW The Basis OF Defendant's Alleged Reasonable Suspicion Is Not Related To Any legitimate Penological Intrest.

### Second Cause OF Action
### FIRST AMENDMENT / Retaliation.

3. plaintiff Re-alleges And Incorporates By Reference all previous paragraphs OF this complaint.

4. DEFENDANT(S) HAVE Violated plaintiff's FIRST AMENDMENT Rights In that His placement On CSW Constitutes Retaliatory Action Taken Against plaintiff For The EXERCISE OF His Constitutionally protected Right To Access The Courts, Denial OF legal-property. The Retaliatory placement On CSW Did Not Advance legitimate Penological Intrest.

### Third Cause OF Action.
### FIRST AMENDMENT And EQual Protection Clause.

5. plaintiff Re-alleges And Incorporates By Reference all

VI.

previous paragraphs of this Complaint.

6. Defendant(s) have violated plaintiff's First Amendment and Fourteenth Amendment By not promulgating, enforcing policy/and procedures Indifferently without Due Notice. It is Established custom and policy of Defendants to place someone On CSW for Probable Cause.

Fourth Cause Of Action.

Cruel And Unusual Punishment- Deliberate Indifference Of Retaliation.

7. plaintiff Re-alleges And Incorporates By Reference the allegations Contained In all previous Paragraphs.

8. Defendant(s) subjected plaintiff to placement On CSW for an Extended period, violating plaintiff's Eight And Fourteenth Amendment Rights Exposing plaintiff To Substantial Physical And Mental Injury Deliberately As Defendants Failed To Follow their own policy And procedures Of CSW.

Fifth Cause Of Action.

Cruel And Unusual Punishment- Arbitrary Placement Of plaintiff On CSW.

9. plaintiff Re-alleges And Incorporates By Reference all allegations Contained In All previous Paragraphs.

10. Defendant(s) Have violated plaintiff's Eight And Fourteenth Amendment(s) By Arbitrary And subjectively placing plaintiff On CSW For An Extended period Of Time.

11. Defendant(s) violated Eight And Fourteenth Amendment(s) By their Deliberate Indifference.

## VI.

### Sixth Cause Of Action.
### Cruel And Unusual Punishment — Retaliation.

12. Plaintiff Re-alleges And Incorporates By Reference the allegations Contained In all previous Paragraphs.

13. Defendant(s) Arbitrarly Deprived Plaintiff Of His Eight And Fourteenth Amendments, Rights By Denying Plaintiff His Basic Human Needs, Of Sanitary Hygeine For Eight Days, medical Care.

### Seventh Cause Of Action.
### Conspiracy.

14. Plaintiff Re-alleges And Incorporates By Reference the allegations Contained In all previous Paragraphs.

15. Defendant(s), Joseph Stewart, E. Baker, R. Mendoza, T. Jigra And Each Of them, Or Some Among them Did Conspire And Agree To Deprive Plaintiff Of His Constitutional Rights As alleged Herein, In violation Of 42. U.S.C. Sections 1983 and 1985.

### Eight Cause Of Action.
### Cruel And Unusual Punishment — Deliberate Indifference To Inhumane Conditions Of CSW Placement.

16. Plaintiff Re-alleges And Incorporates By Reference the allegations Contained In all previous Paragraphs.

17. Defendants Have violated Plaintiff's Eight Amendment's Right By the Deliberate Indifference To Plaintiff's physical And mental Well-Being When Defendant(s) Are And Were

## VI.

AWARE OF INHUMANE/UNSANITARY CONDITIONS THAT PLAINTIFF HAS BEEN EXPOSED TO FOR AN EXTENDED PERIOD OF (8) EIGHT DAYS ON CSW.

### Ninth Cause Of Action.
### Eight And Fourteenth Amendments.

18. PLAINTIFF RE-ALLEGES AND INCORPORATES BY REFERENCE THE ALLEGATIONS CONTAINED IN ALL PREVIOUS PARAGRAPHS.

19. DEFENDANT(S) HAVE INTENTIONALLY INFLICTED A SEVERE PHYSICAL AND MENTAL PAIN AND SUFFERING AGAINST PLAINTIFF BY PLACEMENT ON CSW, IN VIOLATION OF THE EIGHT AND FOURTEENTH AMENDMENTS AND PRESIDENTIAL EXECUTIVE ORDER (NO. 13107).

### Tenth Cause Of Action.
### Federal Equal Protection.

20. PLAINTIFF RE-ALLEGES AND INCORPORATES BY REFERENCE ALL PREVIOUS PARAGRAPHS OF THIS COMPLAINT.

21. DEFENDANTS HAVE DENIED PLAINTIFF EQUAL PROTECTION OF THE LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION BY INTENTIONALLY DISCRIMINATING AGAINST PLAINTIFF. BASED ON THE DELIBERATE INDIFFERENCE OF CSW, PLACEMENT.

---

1. U.S. CONSTITUTION AND INTERNATIONAL LAW BARRING THE USE OF TORTURE AND OTHER CRUEL, INHUMANE, OR DEGRADING TREATMENT OR PUNISHMENT AS A MEANS OF OBTAINING INFORMATION, COERCION, AND OR PUNISHMENT FOR ACTS - SUSPECTED ACTS COMMITTED (NOV. 20, 1994)

VI.

## ELEVENTH Cause Of Action.
### STATE EQUAL PROTECTION Clause.

22. Plaintiff Re-alleges And Incorporates By Reference All previous Paragraphs Of this Complaint.

23. Defendants Have Denied Plaintiff Equal Protection Of Law As Guaranteed By Article I. Section 7 And 15; Of the California Constitution By Intentionally Discriminating Against Plaintiff By Placement On CSW, Without Probable Cause.

## Twelveth Cause Of Action.
### State Created LIBERTY INTREST.

24. Plaintiff Re-alleges And Incorporates By Reference All Previous Paragraphs Of this Complaint.

25. Defendant(s) Have Deprived Plaintiff Of His State Created Liberty Intrest Protected Rights By the Fourteenth Amendment To the U.S. Constitution, When Defendants:

a). Failed To Notify Plaintiff By Way Of CDC 114D Form. Segregation Order Of Placement. (CCR.T.t. 15., Sec. 3336.)

b). Failed To Give Due Notice Of Placement On CSW For Alleged "Reasonable Suspicion". (DOM. 52050.19.2; 52050.21; 52050.23 And 52050.23.8.)

c). Failed To Give Plaintiff A Full And Fair Hearing In Order To Object, Present Evidence And Submitt To A Medical X-Ray. (CCR.Tit.15.Sec., 3338 And DOM. 52050.19.2).

d). Refused To Release Plaintiff From CSW, Although He Possessed No Contraband.

VI.

e). Used no Documentation Of "Reasonable Suspicion" To place Plaintiff On CSW For An Extended Period Of Time.

f). Failed To Provide Plaintiff With Procedural Protec-tions When Alleging That There Was Reasonable Suspicion. (DOM. 52050.19.2).

g). Failed To Clearly Document And Maintain Segregation Records CDCR.114A. (CCR.TIT.15.SEC., 3344).

### Thirteenth Cause Of Action.
#### Federal Due Process

26. Plaintiff Re-Alleges And Incorporates By Reference All Previous Paragraphs Of This Complaint.

27. Placement On CSW Violates The Due Process Clause Of The Fourteenth Amendment To The U.S. Constitution In That Defendant(S):

a). Failed To Indicate What Specific Conduct Posed Any "Reasonable Suspicion".

b) Placed Plaintiff In An Inescapable Predicament That Violates The Fundamental Principles Of Due Process Of Law.

c). Failed To Give Plaintiff An Opportunity To Present His Views To The Officals Making The Decision.

### Fourteenth Cause Of Action.
#### State Due Process

28. Plaintiff Re-Alleges And Incorporates By Reference All Previous Paragraphs Of This Complaint.

29. Defendant(S) Placement And Retention Of Plaintiff On CSW For (8) Eight Days, Violates Article I. Section 7. And 15 Of The California Constitution Due Process Of Law.

VI.

# Fifteenth Cause Of Action.
Violation Of Mandatory Duties- State Law.

30. Plaintiff Re-alleges And Incorporates By Reference All Previous Paragraphs Of this Complaint.

31. The Placement And Retention Of Plaintiff On csw, Violates California Penal Code Section(s): 147 And 673. Imposes a Mandatory Duty Upon Defendant(s) Each Of them To Treat Plaintiff Fairly And Humanely And To Protect Plaintiff's physical And Mental Well-Being.

32. The Title 15. California Code Of Regulation(s) Section: 3312. Imposes a Mandatory Duty On Defendant(s), Each Of them To Report Plaintiff's Alleged Misconduct.

33. The Title 15. Sections: 3310. Through 3320 And 3335-3341.5. Imposes a Mandatory Duty On Defendant(s) And Each of them To Provide Plaintiff with Procedural Protections When Alleging That Plaintiff Is Involved In Misconduct.

# Sixteenth Cause Of Action.
Failure To Lawfully Administer, Train And Supervise.

34. Plaintiff Re-alleges And Incorporates By Reference All Previous Paragraphs Of this Complaint.

35. Defendant(s), Supervisory Have A Duty To Establish Policies And Procedures For The Administration Of California State Prison At Sacramento (csp/sac). To Perform And Execute Their Duties In A Manner Consistent with State And Federal Law.

## VI.

36. SUPERVISORY DEFENDANT(S) WERE DELIBERATELY INDIFFERENT TO THE VIOLATIONS OF PLAINTIFF'S RIGHTS DESCRIBED HEREIN.

37. DEFENDANT(S) BREACHED THEIR DUTIES TO LEGALLY ADMINISTER THE PRISON, AND TRAIN AND SUPERVISE SUBORDINATES WHERE PLAINTIFF'S RIGHTS WERE VIOLATED AS A RESULT OF THE ENFORCEMENT OF OFFICAL CUSTOMS AND POLICIES.

38. DEFENDANT(S) BREACHED THEIR DUTIES TO LEGALLY ADMINISTER THE PRISON AND TRAIN, SUPERVISE SUBORDINATES WHERE PLAINTIFF'S RIGHTS WERE VIOLATED AS A RESULT OF DEFENDANTS ACTING IN VIOLATION OF DEFENDANT'S POLICIES AND PRACTICES, TO THE EXTENT SUPERVISORY DEFENDANT(S) HAD ACTUAL CONSTRUCTIVE KNOWLEDGE OF THE VIOLATIONS AND DID NOTHING TO PREVENT AND CORRECT THEM.

## VII CAUSATION.

39. AS A DIRECT AND PROXIMATE CAUSE, RESULT OF ACTS AND OMISSIONS ON THE PART OF DEFENDANT(S) ; PLAINTIFF HAS SUFFERED AND CONTINUES TO SUFFER GENERAL AND SPECIAL DAMAGES IN AN AMOUNT TO BE PROVEN AT TRIAL. PLAINTIFF HAS NO ADEQUATE OR COMPLETE REMEDY AT LAW TO REDRESS THE WRONGS DESCRIBED HEREIN.

40. PLAINTIFF HAS BEEN AND WILL CONTINUE TO BE IRREPARABLY INJURED BY THE CONDUCT OF DEFENDANT(S) UNLESS THE COURT GRANTS THE DECLATORY RELIEF PLAINTIFF SEEKS.

1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT
9            FOR THE EASTERN DISTRICT OF CALIFORNIA
10   EZEQUIEL ROMO,
11            Plaintiff,                No. 2:11-cv-2898 DAD P
12        vs.
13   MATHEW CATE, et al.,                 NOTICE OF AMENDMENT
14            Defendants.
15   _____/
16            Plaintiff hereby submits the following document in compliance with the court's
17   order filed MAY 30. 2012 :
18            _____            Amended Complaint
19   DATED: JUNE 12 . 2012 .
20
21                          Ezequiel Romo
                            Plaintiff
22
23
24
25
26

6