1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EZEQUIEL ROMO,

11          Plaintiff,                    No. 2:11-cv-2898 DAD P

12      vs.

13   MATHEW CATE, et al.,

14          Defendants.              <u>ORDER</u>

15   _____/

16          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil

17   rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local

18   Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

19          By order filed May 31, 2012, plaintiff's complaint was dismissed with leave to

20   file an amended complaint granted.  On June 18, 2012, plaintiff filed a second amended

21   complaint (Doc. No. 11).[1]  On July 13, 2012, plaintiff filed a third amended complaint (Doc. No.

22   12).  On July 16, 2012, plaintiff filed a document styled "Plaintiff's Motion to Vacate/Set Aside

23   Amended Complaint and Request for Extension of Time to File A Correct Amended Complaint."

24   (Doc. No. 13).  The court construes the latter as a motion for leave to file a proposed third

25   _____

26      [1] Plaintiff filed a first amended complaint on May 29, 2012.  Plaintiff's subsequent
amended complaints filed with this court supersede that pleading.

1

1  amended complaint and for extension of time to do so.  Good cause appearing, the motion will be

2  granted and the court will screen plaintiff's third amended complaint pursuant to 28 U.S.C.

3  § 1915A(a).

4          The court must dismiss a complaint or portion thereof if the prisoner has raised

5  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

6  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

7  U.S.C. § 1915A(b)(1),(2).  A claim is legally frivolous when it lacks an arguable basis either in

8  law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d

9  1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is

10  based on an indisputably meritless legal theory or where the factual contentions are clearly

11  baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim,

12  however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885

13  F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

14          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

15  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

16  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

17  Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355

18  U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must

19  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

20  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

21  id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the

22  defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson

23  v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn quoting Conley v.

24  Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the court must

25  accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 94, and construe

26  /////

2

1    the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

2    (1974).

3          The claims in plaintiff's third amended complaint arise from a period of time that

4    commenced on November 13, 2009, when he was transferred to California State Prison-

5    Sacramento (CSP-Sacramento) for resentencing in the Sacramento County Superior Court.

6    Plaintiff alleges that while at CSP-Sacramento he was placed on contraband surveillance watch

7    (CSW) for an extended period of time without due process and without probable cause, that the

8    placement was retaliatory, and that the conditions of his confinement violated the Eighth

9    Amendment.  While plaintiff's allegations are clear, he has failed to cure one of the defects in his

10   original complaint:  the lack of clarity concerning the defendants he seeks to name in this action.

11         Plaintiff has named thirteen individual defendants in section III of his third

12   amended complaint.  Several other individuals are identified as defendants in the body of

13   plaintiff's third amended complaint.  In certain parts of the third amended complaint, specific

14   acts or omissions are attributed to individually named defendants; in other parts of the third

15   amended complaint, acts or omissions are attributed to "defendants" generally.  See, e.g., Third

16   Amended Complaint, filed July 13, 2012 (Doc. No. 12), at ¶ 26.

17         For these reasons, the court finds that the complaint does not contain a short and

18   plain statement of claims against specific defendants as required by Fed. R. Civ. P. 8(a)(2).

19   Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice

20   and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency,

21   733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must clearly identify each defendant and the specific

22   acts or omissions he contends are attributable to that defendant and that support his claim.  Id.

23   Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the

24   complaint must be dismissed.  The court will, however, grant leave to file a fourth amended

25   complaint.

26   /////

3

1    If plaintiff chooses to amend the complaint, plaintiff must allege facts

2    demonstrating how the conditions complained of have resulted in a deprivation of his

3    constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint

4    must specifically identify each defendant and must allege in specific terms how each named

5    defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some

6    affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo

7    v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.

8    Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of

9    official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673

10   F.2d 266, 268 (9th Cir. 1982).

11   In addition, plaintiff is informed that the court cannot refer to a prior pleading in

12   order to make plaintiff's fourth amended complaint complete.  Local Rule 220 requires that an

13   amended complaint be complete in itself without reference to any prior pleading.  This is

14   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

15   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a fourth amended complaint, the prior

16   pleadings no longer serve any function in the case.  Therefore, in a fourth amended complaint, as

17   in an original complaint, each claim and the name of each defendant and their involvement must

18   be sufficiently alleged.

19   Good cause appearing, the court will require plaintiff to prepare his fourth

20   amended complaint on the court's form civil rights complaint.  Plaintiff must list every defendant

21   that he is suing in this action in the caption of the form complaint **and** in section III of the form

22   complaint.  Plaintiff is cautioned that the court will not order service of process on any defendant

23   not listed in both the caption and section III of the form complaint.

24   On July 26, 2012, plaintiff filed a motion for appointment of counsel (Doc. No.

25   14).  The United States Supreme Court has ruled that district courts lack authority to require

26   counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court,

1  490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the

2  voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

3  1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In

4  the present case, the court does not find the required exceptional circumstances.  Plaintiff's

5  motion for the appointment of counsel will therefore be denied.

6         In accordance with the above, IT IS HEREBY ORDERED that:

7            1.  Plaintiff's July 16, 2012 motion (Doc. No. 13) is granted;

8            2.  Plaintiff's third amended complaint (Doc. No. 12) is deemed timely filed;

9            3.  Plaintiff's third amended complaint is dismissed.

10           4.  Within thirty days from the date of this order, plaintiff shall complete the

11  attached Notice of Amendment and submit the following documents to the court:

12              a.  The completed Notice of Amendment; and

13              b.  An original and one copy of the Amended Complaint.

14  Plaintiff's fourth amended complaint shall be completed on the form provided with this order

15  and shall comply with the requirements of this order, the Civil Rights Act, the Federal Rules of

16  Civil Procedure, and the Local Rules of Practice; the fourth amended complaint must bear the

17  docket number assigned this case and must be labeled "Fourth Amended Complaint"; failure to

18  file a fourth amended complaint in accordance with this order may result in the dismissal of this

19  action;

20           5.  The Clerk of the Court is directed to send plaintiff a copy of the court's form

21  civil rights complaint and accompanying instructions; and

22           6.  Plaintiff's July 26, 2012 motion for appointment of counsel (Doc. No. 14) is

23  denied.

24  DATED: September 21, 2012.

25  _____

DAD:12
26  romo2898.14.4

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EZEQUIEL ROMO,

11           Plaintiff,                          No. 2:11-cv-2898 DAD P

12      vs.

13   MATHEW CATE, et al.,                        NOTICE OF AMENDMENT

14           Defendants.

15   _____/

16           Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18           _____    Fourth Amended Complaint

19   DATED:

20

21

22                                      _____
                                        Plaintiff

23

24

25

26

6