IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EZEQUIEL ROMO,

    Plaintiff,                    No. 2:11-cv-2898 DAD P

    vs.

MATHEW CATE, et al.,

    Defendants.           ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        By order filed May 31, 2012, plaintiff's complaint was dismissed with leave to file an amended complaint granted. On June 18, 2012, plaintiff filed a second amended complaint (Doc. No. 11).[1] On July 13, 2012, plaintiff filed a third amended complaint (Doc. No. 12). On July 16, 2012, plaintiff filed a document styled "Plaintiff's Motion to Vacate/Set Aside Amended Complaint and Request for Extension of Time to File A Correct Amended Complaint." (Doc. No. 13). The court construes the latter as a motion for leave to file a proposed third

---

[1] Plaintiff filed a first amended complaint on May 29, 2012. Plaintiff's subsequent amended complaints filed with this court supersede that pleading.

1

amended complaint and for extension of time to do so. Good cause appearing, the motion will be granted and the court will screen plaintiff's third amended complaint pursuant to 28 U.S.C. § 1915A(a).

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 94, and construe

/////

1   the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
2   (1974).
3           The claims in plaintiff's third amended complaint arise from a period of time that
4   commenced on November 13, 2009, when he was transferred to California State Prison-
5   Sacramento (CSP-Sacramento) for resentencing in the Sacramento County Superior Court.
6   Plaintiff alleges that while at CSP-Sacramento he was placed on contraband surveillance watch
7   (CSW) for an extended period of time without due process and without probable cause, that the
8   placement was retaliatory, and that the conditions of his confinement violated the Eighth
9   Amendment.  While plaintiff's allegations are clear, he has failed to cure one of the defects in his
10  original complaint:  the lack of clarity concerning the defendants he seeks to name in this action.
11          Plaintiff has named thirteen individual defendants in section III of his third
12  amended complaint.  Several other individuals are identified as defendants in the body of
13  plaintiff's third amended complaint.  In certain parts of the third amended complaint, specific
14  acts or omissions are attributed to individually named defendants; in other parts of the third
15  amended complaint, acts or omissions are attributed to "defendants" generally.  See, e.g., Third
16  Amended Complaint, filed July 13, 2012 (Doc. No. 12), at ¶ 26.
17          For these reasons, the court finds that the complaint does not contain a short and
18  plain statement of claims against specific defendants as required by Fed. R. Civ. P. 8(a)(2).
19  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice
20  and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency,
21  733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must clearly identify each defendant and the specific
22  acts or omissions he contends are attributable to that defendant and that support his claim.  Id.
23  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the
24  complaint must be dismissed.  The court will, however, grant leave to file a fourth amended
25  complaint.
26  /////

If plaintiff chooses to amend the complaint, plaintiff must allege facts demonstrating how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must specifically identify each defendant and must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's fourth amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a fourth amended complaint, the prior pleadings no longer serve any function in the case. Therefore, in a fourth amended complaint, as in an original complaint, each claim and the name of each defendant and their involvement must be sufficiently alleged.

Good cause appearing, the court will require plaintiff to prepare his fourth amended complaint on the court's form civil rights complaint. Plaintiff must list every defendant that he is suing in this action in the caption of the form complaint **and** in section III of the form complaint. Plaintiff is cautioned that the court will not order service of process on any defendant not listed in both the caption and section III of the form complaint.

On July 26, 2012, plaintiff filed a motion for appointment of counsel (Doc. No. 14). The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court,

490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's motion for the appointment of counsel will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's July 16, 2012 motion (Doc. No. 13) is granted;

2. Plaintiff's third amended complaint (Doc. No. 12) is deemed timely filed;

3. Plaintiff's third amended complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

Plaintiff's fourth amended complaint shall be completed on the form provided with this order and shall comply with the requirements of this order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the fourth amended complaint must bear the docket number assigned this case and must be labeled "Fourth Amended Complaint"; failure to file a fourth amended complaint in accordance with this order may result in the dismissal of this action;

5. The Clerk of the Court is directed to send plaintiff a copy of the court's form civil rights complaint and accompanying instructions; and

6. Plaintiff's July 26, 2012 motion for appointment of counsel (Doc. No. 14) is denied.

DATED: September 21, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
romo2898.14.4

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EZEQUIEL ROMO,

     Plaintiff,                              No. 2:11-cv-2898 DAD P

    vs.

MATHEW CATE, et al.,                   <u>NOTICE OF AMENDMENT</u>

     Defendants.

_____/

       Plaintiff hereby submits the following document in compliance with the court's order filed _____:

       _____          Fourth Amended Complaint

DATED:

                                                        _____
                                                          Plaintiff