IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EZEQUIEL ROMO,

      Plaintiff,                        No. 2:11-cv-2898 DAD P

      vs.

MATHEW CATE, et al.,                <u>ORDER AND</u>

      Defendants.                 <u>ORDER TO SHOW CAUSE</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to United States Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c).

        By order filed September 24, 2012, plaintiff's third amended complaint was dismissed with leave granted to file a fourth amended complaint. (ECF No. 15.) On October 19, 2012, plaintiff filed a fourth amended compliant. (ECF No. 16.)

        The court is required to screen plaintiff's fourth amended complaint pursuant to 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.

1

28 U.S.C. § 1915A(b)(1),(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell,  550 U.S. at 555, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 94, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

As with his previous complaints, the claims in plaintiff's fourth amended complaint arise from a period of time that commenced on November 13, 2009, when he was transferred to California State Prison-Sacramento (CSP-Sacramento) for resentencing in the Sacramento County Superior Court.  Plaintiff alleges that while at CSP-Sacramento he was placed on contraband surveillance watch (CSW) for an extended period of time without due

process and without probable cause, that the placement was retaliatory, and that the conditions of his confinement violated the Eighth Amendment. While plaintiff's allegations are clear, the fourth amended complaint continues to suffer from the same defect as his third amended complaint, described to plaintiff in this court's September 24, 2012 order (ECF No. 15): the lack of clarity concerning the defendants he seeks to name in this action.

Plaintiff names fourteen individual defendants in section III of his fourth amended complaint. As with his third amended complaint, several other individuals are identified as defendants in the body of plaintiff's fourth amended complaint. In addition, as with the third amended complaint, in certain parts of the fourth amended complaint, specific acts or omissions are attributed to individually named defendants; in other parts acts or omissions are attributed to "defendants" generally. See, e.g., Fourth Amended Complaint, filed October 19, 2012 (ECF No. 16), at ¶ 26.

For these reasons, the court finds that the complaint does not contain a short and plain statement of claims against specific defendants as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must clearly identify each defendant and the specific acts or omissions he contends are attributable to that defendant and that support his claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the court will not serve the fourth amended complaint.

In the court's September 24, 2012 order, plaintiff was specifically ordered to list every defendant that he is suing in this action in the caption of the form complaint **and** in section III of the form complaint. (See Order filed Sept. 24, 2012 (ECF No. 15) at 4.) Plaintiff was cautioned that the court would not order service of process on any defendant not listed in both the caption and section III of the form complaint. Id. Plaintiff has not complied with that order. Specifically, there are individuals identified as defendants in the body of the complaint who are

not listed as defendants in either the caption or section III of the form complaint, and there are individuals identified as defendants in section III of the form complaint who are not listed as defendant in the caption of the complaint. Plaintiff is required to clearly identify each individual that he names as a defendant in this action in the caption of the operative complaint, and in section III of the form complaint. No individual should be identified as a defendant who is not listed in both the caption and section III of the form complaint.

Good cause appearing, plaintiff will be ordered to show cause in writing why this action should not be dismissed as a sanction for his failure to comply with the court's September 24, 2012 order. The order to show cause may be discharged if plaintiff files with his response a fifth amended complaint on the form provided with this order that specifically lists all defendants in both the caption of the fifth amended complaint and in section III of the form complaint. Plaintiff is cautioned that failure to comply with this order will result in the dismissal of this action pursuant to Fed. R. Civ. P. 41(b).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Within twenty days from the date of this order plaintiff shall show cause in writing if any he has why this action should not be dismissed as a sanction for his failure to comply with the court's September 24, 2012 order; and

2. The Clerk of the Court is directed to send plaintiff a copy of the court's form civil rights complaint and accompanying instructions.

DATED: April 19, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
romo2898.osc