

**FILED**

MAY 1 4 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

### FOR THE EASTERN DISTRICT OF CALIFORNIA

EUEQUIEL RAMOS K'38661
(Name of Plaintiff)
P.O. BOX 1906 (HB 8A 110 (SHU)
(Address of Plaintiff)
TEHACHAPI, CA 93581.

2:11-CV.02898 DAD
(Case Number)

vs.

MATHEW CATE, AS SECRETARY
OR CDCR, ET AL.,

COMPLAINT
Violation OF Civil Rights
STATUTE 42 U.S.C. 1983
" DEMAND FOR Jury Trial".

_____

(Names of Defendants)

I. Previous Lawsuits:

    A. Have you brought any other lawsuits while a prisoner:   ☐ Yes   ☒ No

    B. If your answer to A is yes, how many?: _____ Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

        1. Parties to this previous lawsuit:

            Plaintiff _____

            Defendants _____

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983    Rev'd 5/99

2. Court (if Federal Court, give name of District; if State Court, give name of County)

_____

3. Docket Number _____

4. Name of judge to whom case was assigned _____

5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)

_____

6. Approximate date of filing lawsuit _____

7. Approximate date of disposition _____

II. Exhaustion of Administrative Remedies

A. Is there a grievance procedure available at your institution?    ☒ Yes    ☐ No

B. Have you filed a grievance concerning the facts relating to this complaint?
                                                                   ☒ Yes    ☐ No

If your answer is no, explain why not _____

C. Is the grievance process completed?    ☒ Yes    ☐ No

III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

A. Defendant _MATHEW CATE_ is employed as _SECRETARY OF CALIF., Corrections And Rehab.,_ at _SACRAMENTO CALIFORNIA._

B. Additional defendants _JAMES WALKER (WARDEN) ; T. VIGRA (CDW) ; G. DVUMMOND (CDW); KRAMER (CPT); T. STEWART (LT); Buchanan (SGT); ALLEN (SGT); ENGEMEMER (SGT); R. MENdoRA ; E. BAKER (C/O) ; T. BAKER (LT); L. Williams; C. Molstrom (AS APPEALS REVIEWERS); John And TME DOE 11 - 20 FOR THE Constitutional Violations DESCRIBED HEREIN, AT All RELEVANT TIMES ; John DOE (1) ; John DOE (2) ;(C/O) I. MONTEZ; (C/O) R. HOOD._

4

1  EZEQUIEL Romo K38661
2  CCI ·4B 8A·210 (SHU)
   P.O. Box 1906 TEHACHAPI
3  CA 93581.
4
   In pro se:
5
6
7              IN THE UNITED STATES DISTRICT COURT
8              For the EASTERN DISTRICT OF California.
9  EZEQUIEL Romo,                    CASE NO., 2:11 CV 02898 DAD.
10        PLAINTIFF.                  Violation of Civil Rights
11                                    STATUTE 42 U.S.C. SECTION
12    V.                              1983.
13  MATHEW CATE, SECRETARY OF         "DEMAND For Jury Trial"
    CDCR; JAMES WALKER, Warden
14  of CSP-SACRAMENTO; T. VIGVA,
15  Chief DEPUTY Warden; G.
16  Drummond, (CDW); R. KRAMER,
17  CAPTAIN; JOSEPH STEWART, (Lt);
18  J.A. BAKER, (Lt); Buchanon, (SGT)
19  SERGEANT; Engellener, (SGT);
20  Allen, (SGT); R. Mendora; E.
    BAKER; R. HOOD; E. MONTEZ;
21  John AND JANE DOE(S) 1 AND
22  TWO AS CORRECTIONAL OFFICER(S);
23  APPEALS REVIEWER(S); L. Williams;
24  C. Holmstram; AND John DOE(S)
    1-through 20; Inclusive Being
25  SUED In their Indivual And
26  official capacities,
                    DEFENDANTS.
27

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 05 90192

Jurisdiction. I

1

2  1. This Action Is Brought Pursuant to 42 U.S.C. Section 1983
3  and 1985. To Redress The Deprivation, Under Color Of State
4  Law, Of Rights Secured By The Constitution Of the United
5  States. Jurisdiction Is Based on 28 U.S.C. Sections 1331 And
6  1343. The Court Also Has Pendent Jurisdiction Over the State
7  Claims Pursuant To 28 U.S.C. Section 1367. Plaintiff Seeks Declaratory
8  Relief Pursuant To 28 U.S.C. Sections. 2201 And 2202. The Unlawful
9  Acts And Practices Alleged Occurred Primarily Within this Juri-
10 sdiction. And the Majority Of Defendants' Reside Within
11 this District 28 U.S.C. 1391(b). Plaintiff Respectfully Requests
12 A Jury Trial on These Allegations.

13
14            Introduction Of Facts. II

15 2. This Cause Of Action, Arises From Defendants' Acts And
16 or Policies Which Have Caused Plaintiff To Be Arbitrarly And
17 wrongly placed on Contraband Surveillance Watch (CSW) And
18 Retained for (192) Hours, Eight Days Based on A Legitimate
19 Court Order:

20        . Without Due Process Of Law;
21        . Intentionally; Without Probable Cause.
22        . For Eight-Days, In Conditions Adversely Impacted
23          Plaintiff's Physical And Mental Well-Being;
24        . Subjective, Punitive Discipline Absent Any Hearing
25          Guilt By, (RVR) Rules Violation Report OR Opportunity
             To Present Views.
26 3. Defendants' Were Issued the Same Court Order
27 on October 30. 2009, And Aware Of Plaintiff To Be
   Resentenced on November 20. 2009.



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 05 90192

PARTIES. III

4.   PlaintiFF, EZEQUIEL Ramo. Is at all times mentioned a prisoner of the State of California Department of Corrections And Rehabilitation CDCR, currently confined at (CCI), California Correctional Institution And housed within the (Shu), Security Housing Unit, at Tehachapi.

5.   Defendant' Matthew Cate, at all times mentioned herein Is the Secretary of the (CDCR) And legally responsible for the overall Operation of the Department [policy And procedure] And each Institution Under It's Jurisdiction Including California State Prison At Sacramento, (CSP-Sacramento);

6.   Defendant' James Walker, at all relevant times herein, Is the Warden of CSP-Sacramento, And legally responsible for the overall Operation of the Institution;

7.   Defendant' T. Viigra, at all relevant times herein, Is the chief Deputy Warden, (CDW). Legally Responsible for assisting the Warden at CSP-Sacramento with the Operation of the Institution;

8.   Defendant, G. Drummond, at all times herein Is the (CDW) legally Responsible for assisting the Warden at CSP-Sacramento, with the Operation of the Institution;

9.   Defendant' Kramer, at all times herein Held the Rank of Lieutenant, assigned the Rank of Acting Captain;

10.  Defendant' Joesph Stewart, at all times herein, Held the Rank of Lieutenant;

11.  Defendant, Buchanan, at all times herein, Held the Rank of Sergeant;

12. Defendant, Allen (SGT); or Ellen, at all times herein held the rank of Sergeant;

13. Defendant, Engelmeier (SGT), at all times herein held the rank of Sergeant;

14. Defendant, R. Mendoza, at all times herein held the rank of Correctional Officer;

15. Defendant, E. Baker, at all times herein held the rank of Correctional Officer;

16. Defendant, I. Montez, at all times herein held the rank of Correctional Officer;

17. Defendant, R. Mood, at all times herein held the rank of Correctional Officer;

18. Defendant, John; Jane Doe (1) at all times herein held the rank of Correctional Officer; CSW Observation;

19. Defendant, John; Jane Doe (2) at all times herein held the rank of Correctional Officer; CSW Observation;

20. Defendant, J. Baker, at all times herein held the rank of Lieutenant / Assigned as Appeals Reviewer;

21. Defendant, L. Williams, at all times herein held the rank of Appeal Reviewer;

22. Defendant, C. Holstrom, at all times herein held the rank of Appeals Reviewer;

23. Defendant, John (or) Jane Doe (3); at all times herein held the rank of Correctional Officer; CSW Observation;

24. Defendant, John (or) Jane Doe (4); at all times herein held the rank of Correctional Officer; CSW Observation;

25. Defendant, John (or) Jane Doe (5); at all times herein held the rank of Correctional Officer; CSW Observation;

26. DEFENDANT' John (or) JANE DOE (6); AT ALL TIMES HEREIN HELD THE RANK OF CORRECTIONAL OFFICER; CSW OBSERVATION;

27. DEFENDANT' John (or) JANE DOE (7); AT AN TIMES HEREIN HELD THE RANK OF CORRECTIONAL OFFICER; CSW OBSERVATION;

28. DEFENDANT' John (or) JANE DOE (8); AT ALL TIMES HEREIN HELD THE RANK OF CORRECTIONAL OFFICER; CSW OBSERVATION;

29. DEFENDANT' John (or) JANE DOE (9); AT ALL TIMES HEREIN HELD THE RANK OF CORRECTIONAL OFFICER; CSW OBSERVATION;

30. DEFENDANT' John (or) JANE DOE (10); CSW OBSERVATION; AT ALL TIMES HELD THE RANK OF CORRECTIONAL OFFICER;

31. DEFENDANT' John (or) JANE DOE (11); CSW OBSERVATION; AT ALL TIMES HELD THE RANK OF CORRECTIONAL OFFICER;

32. DEFENDANT' John (or) JANE DOE (12); CSW OBSERVATION; AT ALL TIMES HELD THE RANK OF CORRECTIONAL OFFICER;

33. DEFENDANT' John (or) JANE DOE (13); CSW OBSERVATION; AT ALL TIMES HELD THE RANK OF CORRECTIONAL OFFICER;

34. DEFENDANT' John (or) JANE DOE (14); CSW OBSERVATION; AT ALL TIMES HELD THE RANK OF CORRECTIONAL OFFICER;

35. DEFENDANT' John (or) JANE DOE (15); CSW OBSERVATION; AT ALL TIMES HELD THE RANK OF CORRECTIONAL OFFICER;

36. DEFENDANT' John (or) JANE DOE (16); CSW OBSERVATION; AT ALL TIMES HELD THE RANK OF CORRECTIONAL OFFICER;

37. DEFENDANT' John (or) JANE DOE (17); CSW OBSERVATION; AT ALL TIMES HELD THE RANK OF CORRECTIONAL OFFICER;

38. DEFENDANT' John (or) JANE DOE (18); CSW OBSERVATION; AT ALL TIMES HELD THE RANK OF CORRECTIONAL OFFICER;

39. DEFENDANT' John (or) JANE DOE (19); AND (20) AT ALL TIMES HEREIN INDIVIDUALLY HELD THE RANK OF CORRECTIONAL OFFICER.

IV.     Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

40. On November 13. 2009, Plaintiff Ezequiel Romo Arrived At California State Prison At Sacramento (CSP-SAC), At 10:30 A.M. On A Legitimate Court Order (People V. Romo case no. 04F05789) for Resentencing on Nov. 20. 2009.

41. Stripped Naked Of All Clothing And Underwent A Visual/Body-Cavity Inspection And Wanded by A Metal-Detector, Awaiting To be Housed In Administrative Segregation Pursuant To CDC 114 D Segregation Order.

(SEE: CONTINUED FACTS: ATTACHED)

V.     Relief.

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

125. Wherefore: Plaintiff Prays for the following (1). Declaratory Judgement Defendants' Acts And Practices Described Violated Plaintiff's Rights;(2) A Preliminary And Permanent Injunction which Prohibits/Requires Defendants' And Their Agents/Employees Successor(s); (i) Cease Harrassment, Retaliation, Reprisal for Plaintiff's Court Litigation; (3) Compensatory Damages for Loss Up Legal Work And Personal Property Unaccounted for;And Punitive Damages (SEE: Continued Relief: Attached)

Signed this 27th day of April 27 , 2013 .

*Ezequiel Romo*
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

April 27. 2013
(Date)

*Ezequiel Romo*
(Signature of Plaintiff)

IV. STATEMENT OF FACTS.

42. DEFENDANTS, JOSEPH STEWART (Lt); (SGT), Buchanon; R. Mendora; E. Baker, (c/o's). Violated plaintiff All Opportunity To Present Any view Of placement for CSW. (SEE. D.O.M. 52050. et seq.)

43. DEFENDANT, J. STEWART As LIEUTENANT Issued A CDC 114D Notifying plaintiff of placement In administrative Segregation (AD/SEG), And STATED plaintiff Would BE Allowed to Personally possess his legal-work (SEE. Cal. Code. Regs, Tit. 15. Section 3160.) AT 12:40 p.m., DEFENDANTS' R. Mendora; E. Baker As correctional officers of Institutional, Investigative Services Unit, (ISU), upon entering (R/R), Recieving And Release Observed plaintiff In A Holding-cell And Spoke With (Lt), STEWART At which time SGT. Buchanon joined them in (Lt), STEWART's office And Discussed placing plaintiff On Contraband Surveillance Watch. As E. Baker And R. Mendora, Exited, Baker made A Comment of calling plaintiff By his LAST NAME "Romero" though Error had said I'll SEE you later.

44. plaintiff, Has never Known DEFENDANT, E. Baker At Any time while housed At CSP-SACRAMENTO. R. Mendora, had participated In the Investigation Of plaintiff's Criminal CASE On August 6. 2003.

45. DEFENDANT, (SGT) Buchanon [STATED], plaintiff Would BE Allowed possession Of his legal-work As Authorized by (Lt) STEWART. AT, which correctional officer, Rafferty telephoned (AD/SEG) To House plaintiff DUE To Overcrowding OR (R/R), An Unidentified correctional officer Arrived To escort plaintiff To Ad/SEG. (SGT), Buchanon approached him And As A Superior-Rank said

## IV. STATEMENT OF FACTS.

plaintiff was Not going to AD/SEG. Just yet So there was No Need for the correctional Officer to escort plaintiff.

46. Dependants' Israel Montez And R. Nood, Correctional Officers, Assigned to escort plaintiff to CSW, Denied All Request of medical X-Ray And to speak with (Lt) Stewart. When plaintiff, Stated he was not in possession Of any contraband. (D.O.mo 52050.et seq.) And when plaintiff Asked for his Legal-Work was Told By Dependants' Montez And Nood plaintiff Would Not Possess Any Property Where he was to Be Housed, On CSW.

47. Plaintiff Requested to Speak with Dependant, (Lt) Stewart And Know Where And why he was Not Gonna be In Ad/Seg As CDC 114D Documents.

48. Dependants' I. Montez And R. Nood [STATED] Dependant (Lt), Stewart was too Busy to Hear Any Thing plaintiff Had to Say And They were not Gonna Bother the Lieutenant Because (Lt), Stewart Authorized them to escort plaintiff So plaintiff should Just Submit to Handcuffs, So they could escort him To CSW.

49. Dependant' (Sgt), Buchanon (STATED] (Lt), Stewart Had Refused to Speak to plaintiff And hear Any Objections, As plaintiff Called-Out for (Lt), Stewart Dependant (Lt), Stewart Shut his Office Door.(Sgt), Buchanon further [STATED] nothing Personal Just Business, Plaintiff Asked for A medical X-Ray. (Sgt), Buchanon, Said plaintiff Could probably Have plastic OR Some Kites that won't Show On A X-Ray

So let's be sure, after CSW. (D.O.M. 52050. ET. SL2.,)

50. Plaintiff, requested an x-ray to prove there exists no contraband; And each Defendant refused, and denied all opportunity violating Departmental Operations Manual, contraband and Surveillance watch policy and procedure(s).

51. Plaintiff's belief by circumstantial evidence And A legitimate court-order was the reason for defendants' to arbitrarily place plaintiff on CSW from Nov. 13. (through) 20. 2009

52. Defendants' R. Mendola; And E. Baker having escorted two individuals for a medical x-ray, denied plaintiff the same arbitrary, And intentional as they discussed with Defendants' J. Stewart; And (Sgt), Buchanon by placing plaintiff on CSW, without an x-ray. The similarly situated [Manuel Chavez] prisoner was placed on CSW, Nov. 11. 2009. Defendants' Directly And Indirectly conspired with T. Vigla to place plaintiff In An Inescapable predicament of an (196) hours Extended period, at all times shackled, waist-chained, Violated First, eight, Fourteenth Amendments' As constitutionally established, protected.

53. Defendants' (Sgt), Buchanon; I. Montez; R. Hood; R. Mendora; E. Baker; R. Kramer (CPT); (Sgt), Engellener. Each Denied plaintiff's continuous request for x-ray and reason for CSW, placement and liberty of free use of Restroom; Sgt. Allen; Defendant; Engellener asked if the court case was on the Reversal [he] participated In RVR.

54. Plaintiff, having already completed numerous visual strip searches, clearing all metal-detector's Abnormalitys. Transferred from California Correctional Institution, (CCI).

# IV. STATEMENT OF FACTS.

On NOVEMBER 12. 2009; With A layover through Duel Vocational Institution, (DVI).

55. Defendants' I. MONTEZ And R. HOOD, having ESCORTED Plaintiff to C'Facility Medical And stripped Plaintiff OF All clothing NAKED And Given A Visual And Body Inspection And WANDED BY METAL-DETECTOR. (D.O.M. 52050. et seq.) While plaintiff WAS stripped-out And searched In the medical, Defendants' Denied A medical X-Ray.

56. Plaintiff, having A liberty-Intrest to BE Free from Arbitrary Cruel And Unusal-punishment. (see. CDC 114A Segregation Order, No Documentation OF placement on csw.); DOM. 52050. ET seq.).

57. Defendant' (SGT), Engellener Asked Plaintiff What Contraband He was in possession. plaintiff, [STATED] he was Not In possession of Contraband And REQUESTED A X-ray To prove the Fact. (SGT), Engellener, [STATED] he DOES Not Know OF A REASON for csw, placement And would make A phone call.

58. Plaintiff, WAS SUBJECTED to WEAR Double-Clothing Which consisted of (2) Two Pair of underwear, Each WAS Duct-Taped Individually to A leg And waist, And stomach One over the other; (2) T-shirst, Each Individually Both TAPED Around waist Arms, Torso; (2) Two Jumpsuits Each Individually TAPED on Ankle; calve, Tigh', Waist; Stomach And Arms to limit And Restrict movement And comfort. then further, subjected to Waist-Chains Cupped And Restrained

# IV. STATEMENT OF FACTS.

AT All TIMES [ FROM NOV. 13. 2009 THROUGH NOV. 21. 2009] EACH HAND-
CUFFED TO SIDE OF WAIST-CHAINS AT BODY AND SUBSEQUENTLY
PLACED IN A COLD-CELL WITHOUT A TOILET OR WATER AND A
MATTRESS AND All BASIC HYGEINE.

59. CORRECTIONAL OFFICER, JONES WAS ASSIGNED TO OBSERVE
AND MONITOR PLAINTIFF OF CSW, DOCUMENT All OCCURRANCES.
JONES, ISSUED PLAINTIFF A MATTRESS.

60. DEFENDANT, (SGT) ENGELLENER CONFISCATED THE MATTRESS
FIVE MINUTES, AFTER CORRECTIONAL OFFICER JONES ISSUED IT.
DEFENDANT, (SGT) ENGELLENER REPRIMANDED, (C/O) JONES IN
THAT PLAINTIFF WAS NOT ALLOWED ANY PROPERTY WHILE ON
CSW, AS COMING POWARD FROM LIEUTENANT J. STEWART.

61. DEFENDANTS' All SUPERVISING CORRECTIONAL OFFICERS
ARBITRARY PLACED PLAINTIFF ON CSW, AND ENFORCED AN UN-
LAWFUL RETENTION WITHOUT ANY PROBABLE CAUSE OVER SUB-
ORDINATE CORRECTIONAL OFFICERS AT DETRIMENT OF PLAINTIFF.

62. DEFENDANT, (SGT) ENGELLENER MENTIONED LIEUTENANT
(LT), P. MAIL HAVING SPOKEN TO (LT). STEWART STATED PLAINTIFF
WAS NOT TO BE ALLOWED A X-RAY OR ANY PROPERTY; AND
THAT NO ONE KNOWS ANY OR DOES NOT WANT TO SAY ANY-
THING.

63. ON NOVEMBER 14. 2009. DEFENDANT, E. BAKER; AND
CORRECTIONAL OFFICER, HERRERIA [NOT A DEFENDANT] CAME TO CHECK
ON PLAINTIFF AND E. BAKER, ASKED IF PLAINTIFF HAD USED
THE RESTROOM. PLAINTIFF, REQUESTED A X-RAY AND REASON FOR
PLACEMENT ON CSW. DEFENDANT E. BAKER [STATED] IT WAS

# IV. STATEMENT OF FACTS.

NOT HIS JOB TO TELL PLAINTIFF ANYTHING. CORRECTIONAL OFFICER, HERRERIA [STATED] HE WAS NOT ON DUTY [NOV. 13. 2009] AND ASKED WHY PLAINTIFF WAS AT CSP-SACRAMENTO. PLAINTIFF, [STATED] HE WAS SUCCESSFUL ON APPEAL AND WAS COURT ORDERED TO BE RESENTENCED; AT WHICH HERRERIA [STATED] NOW YOU KNOW THE REASON WHY YOUR ON CSW.

64.   PLAINTIFF'S BELIEF IS HIS ARRIVAL WAS THE REASON FOR SUBJECTIVE PLACEMENT ON CSW. DEFENDANTS' ARE RETALIATING FOR A LEGITIMATE ACCESS TO COURTS AND IMPEDE, AND INTERFERE WITH HIS COURT ORDER WHILE PLACED ON CSW; TO FRUSTRATE PLAINTIFF WITHOUT HIS LEGAL-WORK; AS NO LEGITIMATE PENOLOGICAL INTREST FOR CSW. CORRECTIONAL OFFICER; (STATED BY HERRERIA) IF YOU WERE ALREADY CONVICTED AND SENTENCED ON THE CASE, WHY WOULD YOU BE HERE FOR COURT.

65.   CORRECTIONAL OFFICERS' EACH INDIVUALLY ASSIGNED TO MONITOR AND DOCUMENT CSW, OBSERVATION ON CDC 114A SEGREGATION ORDER. ASKED WHAT IF ANY CONTRABAND PLAINTIFF POSSESSED. PLAINTIFF [STATED] HE WAS NOT IN ANY POSSESSION OF CONTRABAND AND DOES NOT KNOW WHY HE WAS ON CSW. [JOHN DOE 1. ] CORRECTIONAL OFFICER DEFENDANT, SAID IF YOU HAD NO CONTRABAND, THEN THERES NO REASON FOR CSW, PLACEMENT. DEFENDANT, JOHN DOE 1. [ONE] STATED PLAINTIFF BETTER NOT USE THE RESTROOM ON HIS OBSERVATION AS SECURITY AND INVESTIGATIONS CONTINUES TO CALL ASKING IF PLAINTIFF HAS USED THE RESTROOM.

# IV. STATEMENT OF FACTS.

66. November 16. 2009, Plaintiff was able to use the restroom defecated, absent no contrabaud; Correctional officer, Bojunda (stated) he would document no contraband on CDC114A.

67. Defendant, (CPT) Kramer during review of CDC114D. Segregation order; Plaintiff reiterated the 114D was for administration segregation and requested a notice and opportunity for placement on CSW; and a X-Ray. Defendant (CPT), Kramer (stated) he did not know any reason for CSW, placement and denied all request for an X-Ray. (D.O.M. 52050. ET. SEQ.)

68. Correctional officer, Bojunda notified plaintiff was ordered to be re-located to B. Facility CSW.

69. Plaintiff, was escorted and placed in a cell that previously occupied (by: Manuel Chavez) prisoner who on November 11. 2009, was placed on CSW and given a X. Ray on November 13. 2009. After six-days plaintiff was placed in worse-conditions; the cell was not clean or disinfected with dirty-linen still in the cell and a bottle filled with urine.

70. Defendants' subjected plaintiff to un-healthy and un-sanitary living conditions. A dilebevate In-difference of equal conditions while on CSW; with no legitimate penological interests, adverse to plaintiff.

71. A similar situated prisoner (Guillermo panamueno) in the adjacent cell, (stated) he was given an X-Ray in Nov. 13. 2009 by escorting officer(s): Defendants' R. Mendola

# IV. STATEMENT OF FACTS.

AND E. BAKER. (PANAMENO) ALSO (STATED) HE OVER-HEARD DEFEND-
ANTS' TALKING ABOUT SOMEONE WHO ARRIVED FOR COURT AND
WAS IN (R/R) SOON TO BE PUT ON CSW, SO PRISONER
WOULD HAVE SOME COMPANY. WHILE (PANAMENO AND CHAVEZ)
ALLOWED TO WASH; BRUSH THEIR TEETH AND GIVEN A CLEAN
CHANGE OF CLOTHING AFTER (EACH) USE OF RESTROOM. IT
AM CEASED WHEN PLAINTIFF WAS PLACED ON CSW, SPECIFICALLY
NEXT TO SIMILARLY SITUATED.

72. NOVEMBER 17. 2009. DEFENDANT, SGT ALLEN AS A
SUPERVISING OFFICER OF CSW, HAVING TO BE PRESENT FOR
PLAINTIFF TO USE THE RESTROOM; IN VIEW AND DIRECTLY
UNDER OBSERVATION; (SGT) ALLEN (STATED) HE WOULD NOT BE
FOUND OR REACHED FOR CSW.

73. PLAINTIFF, HAVING TO WAIT HOURS AND OFTEN AFTER
SHIFT CHANGE; OR ANY WILLING SUPERVISOR AND ON ONE OCCAS-
SION A (FEMALE) SGT. HRONEK HAD COURTEOUSY TO STAND IN
AS (SGT.) ALLEN, WAS NO-WHERE TO BE FOUND. THE DEGRADING
NATURE OF A DENIAL OF HAVING TO USE THE REST-ROOM TO
COMPLY WITH CSW, PROTOCOL (D.O.M. 52050.) WHEN NATURALLY
NEEDED. CORRECTIONAL OFFICER'S OF STANDARD RANK OFTEN WOULD
ASK PLAINTIFF TO HOLD USING THE RESTROOM SO THEY WOULD
NOT BOTHER (SGT.) ALLEN; DEFENDANT JOHN DOE 2. (TWO) HAD
ASKED PLAINTIFF IF HE WAS SURE HE HAD TO USE THE REST-
ROOM; BECAUSE DEFENDANT, JOHN DOE 2. (TWO) DID NOT WANT
TO DISTURB A SUPERVISOR OR CALL DEFENDANT SGT, ALLEN
IF PLAINTIFF DIDN'T NEED TO USE THE RESTROOM.

# IV. STATEMENT OF FACTS.

74. DEFENDANTS' SUBJECTED PLAINTIFF TO PUNITIVE PLACEMENT WHILE ON CSW; AND DENIAL OF PRIVACY OF HAVING TO URINATE AND DEFECATE IN FRONT OF ALL STAFF SUPERVISING AND ANY PRISONERS, PASSING - BY IN AN OPEN AREA TO BE OBSERVED. WHILE, RESTRAINED AND CONFINED IN DOUBLE-CLOTHING AND SHACKLES OFTEN ADDED TO DISCOMFORT OF STOMACH-ACHE AND CRAMPS OF WAITING HOURS AND NOT BEING ABLE TO USE THE RESTROOM IN DECENCY. VIOLATED THE EIGHT AMENDMENT.

75. PLAINTIFF, WAS DENIED ALL BASIC HYGEINE TO WASH AND CLEAN APPROPIATELY AFTER USING THE RESTROOM AND HAVING TO EAT AND DEFECATE ALL WHILE EXPECTATION OF COMPLYING WITH CSW, PROTOCOL (D.O.M. 52050. ET SE2).

76. NOVEMBER 18. 2009. PLAINTIFF WAS SEEN BY INITIAL CLASSIFICATION COMMITTEE, (ICC) WHILE ON CSW; AND [STATED] NOT HAVING ANY CONTRABAND AND REQUESTED AN X-RAY.

77. DEFENDANTS' G. DRUMMOND, CHIEF DEPUTY WARDEN (CDW). [STATED] HE DID NOT KNOW OF REASON FOR CSW PLACEMENT AND WOULD SPEAK TO WARDEN JAMES WALKER.

78. DEFENDANTS' REFUSAL TO ACKNOWLEDGE PLAINTIFF'S REQUESTS FOR AN X-RAY AND LACK OF REASON FOR PROBABLE CAUSE OF PLACEMENT AND DENIAL OF ALL OPPORTUNITY TO PRESENT HIS VIEWS CREATED A LIBERTY- INTREST (ON NOV. 13. 2009.) AND RETENTION WITHOUT ANY HEARING AT ALL.

79. DEFENDANT, JAMES WALKER WARDEN, FAILURE TO TRAIN SUBORDINATE OFFICERS AND PREVENT THEM FROM MAINTAINING

# IV. STATEMENT OF FACTS.

A PATTERN OF RETALIATORY AND Un-Constitutional HARRASSMENT BASED on PLAINTIFF'S EXERCISE OF FIRST AMENDMENT RIGHT TO ACCESS OF COURTS AND BE FREE FROM CRUEL AND UNUSUAL punishment; without DUE PROCESS. DEFENDANTS' (Lt), JOSEPH STEWART And DEFENDANT, (CAPTAIN) KRAMER FAILED TO ACKNOwLEDGE THE CDC114D while ordered PLAINTIFF TO BE HOUSED In Administrative SEGREGATION, AS HEARING off-iCER(S) DEFENDANTS ISSUED And REVIEWED A CDC114D while PLAINTIFF WAS on CSW AND NEVER assigned In AD/SEG. (From nov. 13. 2009 through Nov. 21. 2009.).

80. DEFENDANTS' AS supervising correctional offical all DENIED PLAINTIFF REASONABLE NOTICE AND THE constitutional standards, HAVE BEEN on notice of Enforcement of CSW, And RETENTION By Actions/ And Inactions violated the protocol of CSW, D.O.M. 52050 ET SEQ.

81. PLAINTIFF WAS SUBJECTED TO the PHYSICAL AND MENTAL DISCOMFORT OF Being chained, shackled And Leg-Ironed for Eight-Days; (192) Hours WHICH EXACERBATED the Chronic ATHsitis And ASTHMA PLAINTIFF SUFFERS From, DOCUMENTED prior to CSW, placement. (D.O.Mq.52050-ET Seq.)

82. DEFENDANTS' DENIED PLAINTIFF All ACCESS to medical CARE While HOUSED In medical clinic And on CSW. Deliberately Indifferent As prisoner (Guillermo PANAMENO) WAS BEING Allowed And ISSUED His medication Daily.

83. Correctional officer, MANDELL WAS ASSIGNED TO CSW And on this only occassion, Allowed A Nurse To TAKE my

# IV. STATEMENT OF FACTS.

VITALS AND DOCUMENTED PLAINTIFF'S LOW-BLOOD PRESSURE AND A RASH AND BRUISING; AND SWELLING FROM HANDCUFFS AND SHACKLES. DISCOLORATION ON STOMACH FROM DUCT-TAPE BEING PEELED-OFF AND RE-APPLIED AFTER USING THE RESTROOM.

84. PLAINTIFF [STATED] HE WAS NOT FEELING GOOD AND HAD A HEADACHE FROM LIGHTS ON FROM HAVING TO SLEEP ON BACK AS RESTRAINED THE LOCKS MADE IT DIFFICULT TO SLEEP AS NO MOVEMENT AND SLEEP ON A METAL-BUNK, WHILE RESTRAINED AT SIDE CUFF TO WAIST-CHAINS.

85. THE NURSE [Un-identified] APPLIED ANTIFUNGAL CREAM TO PLAINTIFF'S STOMACH, LEGS AND GAVE HIM TWO TYLENOL AND [STATED] PLAINTIFF WOULD HAVE TO SUBMIT A CDC 7362 MEDICAL FORM TO BE SEEN BY A PHYSICIAN.

86. NOVEMBER 20. 2009, DEFENDANT' (SGT) Buchanon NOTIFIED PLAINTIFF, HE WAS SCHEDULED FOR COURT AND WOULD BE TRANSP-OFTED AS IS ON CSW; NO SHOWER; NO SHAVE AND RETURNED TO CSW AFTER COURT.

87. PLAINTIFF, REQUESTED HIS LEGAL-WORK TO PREPARE FOR COURT AND GO OVER DOCUMENTS FOR RESENTENCING AND WAS DENIED BY SGT, Buchanon.

88. DEFENDANT' (SGT) Buchanon DEPRIVED PLAINTIFF OF HIS LEGAL-WORK WITHOUT ANY LEGITIMATE PENOLOGICAL INTREST.

89. CORRECTIONAL OFFICER, FLOOD WHO WAS ASSIGNED TO MONITOR PLAINTIFF ON CSW, WAS TOLD BY (SGT), Buchanon TO GET THE EQUIPMENT OF CSW FOR COURT.

90. DEFENDANT (SGT) Buchanon ASKED PLAINTIFF IF

# IV. STATEMENT OF FACTS.

HE AlREADY USED THE RESTROOM [STATING] plaintiff WOULD NOT BE USING THE RESTROOM while on TRANSPORTATION, DUE TO COURT.

91. plaintiff, ASKED DEfendant (SGT), Buchanon FOR A X-RAY TO BE RELEASED FROM CSW, And DEfendant [STATED] if it WAS UPTO HIM [HE] WOULD HAVE RELEASED plaintiff FROM CSW, AFTER ONE BOWEL-MOVEMENT; BUT SAID it WAS DEfendant, (Lt) STEWART's CALL.

92. DEfendant (SGT), Buchanon CommentED HOW plaintiff WAS RIPE FROM NOT SHOWERING And SMELLED WHILE ESCORTING plaintiff. DEfendantS' EACH Individually DEGRAde plaintiff FOR BEing On CSW, BUT FAILED TO Allow A X-RAY OR BASIC HYgeinE Without Ridicule And TAUNT ARbitrarily.

93. NOVEMBER 21. 2009. (SGT). G. WOLFF, NOT A defendant TO Complaint; SUPERVISING csw NOTIFIED plaintiff HE WOULD BE RELEASED FROM csw, And HOUSED In AD/SEG.

94. On NOVEMBER 23. 2009. Plaintiff REQUESTED HIS LEGAL-WORK, And Personal property FROM AD/SEG. Correctional OFFICER. W, ALMODVAR AS LEGAL-OFFICER. ALMODVAR [STATED] HE SPOKE TO (Lt), STEWART And WAS Told plaintiff HAd HIS LEGAL-WORK.

95. DEfendantS, Joseph STEWART Contradictory STATEMENTS And DilEberATE ActionS DEprive plaintiff Of LEGAL-WORK And DUE NOTICE Of csw, plAcEment VIOLATED plaintiff's RightS.

96. NOVEMBER 25. 2009. plaintiff, filED AdminiSTRAtIVE APPEAL 602. log. No., SAC.S0901620 TO Contest And REdress

# IV. STATEMENT OF FACTS.

placement on csw; without any Opportunity To present Views.

97.   DEfendant, T.Vigna(CDW), NEVER Interviewed plaintiff And Denied plaintiff An Impartial Decision-maker for Any Reason for placing plaintiff On csw. Violated plaintiff's Due process.

98.   November 27. 2009, plaintiff Was Able to submit a medical form (7362 no.57181; And 7362 no.571615) Due To Contin UED Pain And Discomfort from After Effects Of Shackles and Restraints Unable To Sleep from Bruising And fatigue Of Body.

99.   plaintiff, Was Seen by a Physician And Told Nothing Could Be Done for The pain And Discomfort Suffered On csw, As it Was Exacerbated from the Shackles And Restraints Due To Arthritis And Lack of movement. The Physician, Issued The lendly And Antifungal Cream for the Rash And Bruising; And Discoloration Of Tape-pulled from Appendeges.

100.  On December 23. 2009, Defendant (Lt), J. Baker Assigned As Appeals Reviewer, Interviewed plaintiff [stated] There Was Nothing She Could Do About csw, placement And Retention But Would Have Legal Officer (C/O). W. Almodovar Locate plaintiff's legalwork And personal prøpelty.

101.  On December 29. 2009, plaintiff Was Being Processed Back to cci; without legalwork And personal Property As Was Authorized By Defendant J. Stewart And In plaintiff's possession On Arrival nov.13.2009.

102.  Defendants' Retaliated Against plaintiff By Denying

# IV. STATEMENT OF FACTS.

Plaintiff Access And Possession Of Legalwork And Property While on a Legitimate Court-Order. Violated Constitutional Rights As Established.

103. Defendant, (SGT), Buchanan [STATED] To Plaintiff, while in (R/R) that Defendant Personally Called Tehachapi to let them Know To place Plaintiff on CSW Upon his Arrival, And then laughed; walking Away.

104. DECEMBER 30. 2009. Plaintiff, Arrived At Tehachapi Without Any legalwork And Personal-property; though Plaintiff was not Subsequently Placed on CSW, the CSW, Arbitrary By Defendants Served no Penological legitimate Interest Based On Lack Of Documentation To Justify.

105. Defendants' Appeal Reviewer, (Lt) J. Baker Failed To Provide Any Meaningful Appeal Process, Partially Granting Co2 log. no., SAC S0901620; Documents no Interview Of Defendant, T. Vigra.[Stating] Defendant J. Stewart Recieved the CSW, placement Order From T. Vigra, All As No Documentation Exists.(D.O.M. 52050. et seq.)

106. January 6. 2010. plaintiff was Issued CDCR 1H3 property Reciept And Some property; With Personal Items Still missing And Un-Accounted For. Defendant (SGT) Buchanan [STATED] he Would Search Plaintiff's property (on nov. 13. 2009).

107. March 9. 2010, Defendants' L. Williams, Appeal Reviewer, Documented An Additional Statement By Defendant (Lt), J. Stewart (" the Investigative Services Unit, (ISU) At

# IV. STATEMENT OF FACTS.

CSP. Sacramento. Had Been The One To Request Plaintiff Be placed On CSW; Based On An "Reasonable Suspicion".).

108.   Defendants' R. mendoza And E. Baker Failed To Document Any "Reasonable Suspicion" Defendant (Lt), J. Stewart Failed to When Issued plaintiff CDC114D.

109.   Defendant' L. williams, Further Documents The Administrative Error Of CDC114A. Segregation Order Which Details the Record Of Observation Of Plaintiff By Defendants, John And Jane Doe(s) One Through Twenty. [1 through 20].

110.   March 12.2010, Appeals Reviewers, Partially Granted The 602, Administrative Appeal.

111.   Plaintiff, Disatissfied Re-submits For Director's Level Review. Appeals Reviewers' Denied meaningful Review of the Decision Of CSW, And Loss Of Property without Due Process. Violates First; Eight; Fourteenth Amendments'.

112.   On April 27. 2010, Plaintiff Recieved Another Property Receipt CDC 143. Of Some Accounted And Unaccounted legal Work And Personal Property. However, Still Are missing Legal Documents, Personal Pictures And Artwork.

113.   Defendants'(Lt), J. Stewart who Authorized plaintiff To Possess His Property; Defendant (Sgt), Buchanon who Said He Would Issue After Searching Failed To Account For Items missing lost And Unaccounted For.

114.   July 8. 2010. Defendant, C. Holstorm Appeal Reviewer Denied Director's Level Review. I A.B. Case No., 0920583.

# IV. STATEMENT OF FACTS.

115. Plaintiff, Has Diligently Exhausted All Administrative Remedies And Filed a Board Of Control Claims Form (on March 31. 2010) And Is Without Redress Of Constitutional Rights as Established By Institutional Means (See. Cal. Code. Regs. Tit. 15. 3084. et Seq.) 42. U.S.C. Section 1983 And 1985.

116. Defendants' (et). J, Baker; L. Williams; C. Holstrom Appeals Reviewer(s) Denied All Meaningful Review Of a procedural "Due process" Review Of CSW, Based On Defendants Authority Violates Constitutional Rights As There Exists No Documented Legitimate Penological Intrest In Subjecting plaintiff To CSW, without all Opportunity And Notice (from nov. 13. 2009 – nov. 20. 2009)

117. plaintiff's placement On CSW, For An Extended period pursuant to [Defendants'] vague And OverBoard Arbitrary And punitive policy/procedure. Constituted An Atypical And Significant Hardship.

118. Defendants' have a custom And Unwritten But widely Understood Code Of silence designed To Encourage prison Employees To Remain silent Regarding the Improper Behavior Of their fellow Employees. As a Result Of their failure to Train Subordinates And their Active Opposition To Investigations Of wrongdoing By Officers; Supervisory Defendants' Have perpetuated this practice At Detriment Of plaintiff On CSW.

# FACTS PERTAINING TO DEFENDANTS' INTENT

119. DEFENDANTS' (ct). J. STEWART; (sgt) Buchanan; R. Mendoza; E. BAKER, EACH Individually conspired to place plaintiff on csw without any "probable cause" for arrival at csp-Sacramento on a legitimate court-order as a exercise of the First Amendment;

120. DEFENDANTS' (ct), J. STEWART; (sgt) Buchanan; R. Mendoza; E. BAKER; I. MONTEZ; R. HOOD, HAVE No legitimate penological interest In prohibit ing plaintiff possession of his legal-work as authorized by (ct). J. STEWART;

## DIRECT EVIDENCE.

121. DEFENDANTS' RETALIATED Against plaintiff Intentionally the [STATEMENTS] FACT [C/o. HERRERA] on Nov. 14. 2009, said to plaintiff "your back for court; there is your answer" DEFENDANT, E. BAKER said it was not his job to tell plaintiff anything. The FACT of CDC 114A. Lost due to "administrative error". As DEFENDANT, L. Williams appeals reviewer DOCUMENTED on appeal. DEFENDANTS', prison offici als only had access to the segregation order, And THERE EXISTS No DOCUMENTATION of Any Hearing of csw, placement by DEFEND-ANTS' T. VIGHA (CDW); DEFENDANT, ALLEN (sgt) supervisor of csw Prem Nov. 18. 2009 - Nov. 21. 2009; ordered John Doe, And JANE Doe one through twenty he was not to be bothered for csw And John DOE (S) [1-20] where hesitant to disturb any supervisor; collect ional officer, JONES ISSUED plaintiff a mattess, five minutes later DEFENDANT confiscated it; collectional officer(s), BOJUNDA [STATED] it was wrong how plaintiff was being TREATED But he was only doing his job, And If SUBPEAONED will STATE FACTS of his observation. (ct), D. HAIL [STATED] plaintiff was not allowed any property,

BASED on his conversation with [John DOE, DEFENDANT] plaintiff was not to be given a x-ray (see: D.O.M.-52050.ET SEQ) the CSW was deliberate "Retaliation" to impede and fustrate plaintiff to present any views while on CSW, and denial of legal work was subjected to court on Nov. 20. 2009, while on CSW.

## FACTS PERTAINING TO DELIBERATE INDIFFERENCE

122. DEFENDANTS' T. VIGRA (COW); (Lt), J. STEWART; R. MENDORA ; E. BAKER; allowed two similarly situated prisoner's [manuel chavez CDCR. No. V.08690; and Guillermo panamero CDCR. No. V.69840) to be x-rayed, while denying plaintiff the same x-ray; plaintiff was not placed on CSW for any alleged misconduct or " Reasonable suspicion"; plaintiff's co-defendant (marcos avalos CDCR. NO., J.46795); arrived on nov.13. 2009, for the same court order and defendants' chose not to place [him] on CSW rather subjected plaintiff.

## CRUEL AND UNUSUAL PUNISHMENT.

123. Defendants' deliberately placed plaintiff on CSW, for an extended period and while out to court (from Nov. 13. through nov. 20. 2009.) for (192) hours. SUBJECTED plaintiff to CSW, without the basic hygeine (soap, water, clean-clothing; common decency) defendants' forced plaintiff in an en-escapdoe predicament to comply with (D.O.M. 52050. ET SEQ) policy and CSW procedure Arbitrary defendants failed to follow and reprimand subordinates [john doe one through 20] who were assigned observation and documentation on CDC114A; plaintiff was a documented history of asthma, and chronic arthritis while

DENIED ALL MEDICAL CARE, WITHOUT SUBMITTING A CDC 7362 FORM; WHILE AT ALL TIMES DEFENDANTS' HOUSED PLAINTIFF IN THE MEDICAL Holding-cell; NO TOILET; NO MATTRESS; NO WATER And Under observation AT All Hours the LIGHTS WERE On AT ALL HOURS CAUSING FATIGUE AND HEADACHES, WHICH ADDED TO A PAIN OF EATING AND COMFORT WHILE RESTRAINED In chains And LEG-Frons; LACK OF SLEEP the SEASONAL WEATHER OF NOVEMBER; All STAFF WORE JACKETS And THERMALS AS All Doors ARE KEPT OPEN For STAFF TO FREELY WALK In AND out OF MEDICAL clinic AT All Hours, REFUSED TO close Doors AS PLAINTIFF REQUESTED.

124. DEFENDANTS' John And JANE DOE(S) [1 through 20] ARE EACH Responsible In SOME MANNER For THE CONSTITUTIONAL Violations And DAMAGES DESCRIBED HEREIN, AT All RELEVANT TIMES From NOVEMBER 13.2009 Through 21.2009; THEREFORE SUED BY SUCH [FICTIOUS] NAMES AS Their Identitys ARE UNKNOWN And PLAINTIFF will ASCERTAIN Through Discovery OF [FEDERAL R.Civ. Procedure, Rule; 33 And 34] DUE TO THE ADMINISTRATIVE Error OF CDC 114A WAS lost BY DEFENDANTS DEFENDANT · J.A. BAKER ASKED PLAINTIFF TO WITHDRAW his ADMINISTRATIVE APPEAL; DEPENDANT · L. WILLIAMS AND; C. HOLSTROM DENIED PLAINTIFF'S Claims EVEN Though the FACT of CSW, PLACEMENT REMAINS Un-disputed And A Violation OF All FIRST; Right And Fourteenth AMENDMENTS AS PROTECTED Under the U.S. CONSTITUTION; 42. U.S.C. Section 1983.

V. RELIEF.

OF FIFTY-THOUSAND DOLLARS FROM EACH DEFENDANT FOUND TO HAVE INTENTIONALLY DENIED PLAINTIFF HIS RIGHTS; (4) PLAINTIFF'S COST OF SUIT. (350.°°), AND ALL LEGAL-COPIES INCURRED; (5) FOR COST AND RE ASONABLE ATTORNEY(S) FEES PURSUANT TO 42 U.S.C. SECTION 1983; AND ANY OTHER GROUNDS AUTHORIZED BY LAW; (6) TRIAL BY JURY INCLUDING TO THE EXTENT THAT LEGITIMATE SECURITY CONCERNS DICTATE IN JUDICIAL PROCEEDINGS REGARDING THE SPECIFIC FACTUAL GROUNDS THAT PURPORTEDLY JUSTIFY PLAINTIFF'S EXTEND ED PLACEMENT ON CSW; (7) FURTHER RELIEF THAT THE COURT DEEMS JUST:

| PROSPECTIVE RELIEF |

DEFENDANTS; MATTHEW CATE; JAMES WALKER; T. VIGRA; G. DRUMMOND AND, JOSEPH STEWART; J.A. BAKER; R. KRAMER; BUCHANON; ENGELLENER; ALLEN; R. MENDOZA; E. BAKER; I. MONTEZ; R. WOOD; L. WILLIAMS; C. HOLMSTROM. FIFTY-THOUSAND EACH; AND JOINTLY OR SEVERLY FOR COMPENSATORY AND PUNITIVE DAMAGES FOR THE CSW, PLACEMENT- RETENTION A VIOLATION OF CONST ITUTIONAL ESTABLISHED RIGHTS;

DEFENDANTS' JOHN AND JANE DOE(S) [ONE THROUGH TWENTY] THROUGH DISCOVERY EACH; AN JOINTLY AND SEVERLY DENIED PLAINTIFF ALL BASIC HYGEINE WHILE OBSERVATION ON CSW, AND ENFORCED POLICY AND PROCEDURE (D.O.M. 52050-ET.SEQ.) TEN THOUSAND DOLLARS EACH AND SEVERLY. PUNITIVE DAMAGES FOR VIOLATIONS OF THE 8TH AMENDMENT; AND CONSTITUTIONAL ESTABLISHED RIGHTS.

APRIL. 27. 2013

In Pro SE: EZEQUIEL RAMO.

RESPECTFULLY SUBMITTED

E Zequiel Ramo

## VI. Claims For Relief.

First Cause Of Action:
(First Amendment; Access To Courts As Established By the
U.S. Constitution).

126. Plaintiff, ReAlleges And Incorporates By Reference Each And
Every Previous Paragraph Of this Complaint.

127. Defendants' (Lt), J. Stewart; (Sgt), Buchanan; (C/o)R. mendoza;
(C/o), E. Baker. Violated Plaintiff's Constitutional Right As Established
In that On November 13. 2009, Plaintiff Having Arrived At Csp-
Sacramento on A Legitimate Court-Order for Re-Sentencing on
Nov. 20. 2009. Plaintiff's Personal Belief; that For A Successful
Appeal Of Criminal Conviction; Defendants' In View Of Plaintiff
Discussed Placement on Csw To Fustrate And Impede His
Scheduled Court Appearance To Fustrate And Impede With A
Legitimate Court-Order, As Csw did Not Serve Any Penological
Interest.

Second Cause Of Action:
(First Amendment; Retaliation by Defendants' Violated
A Constitutional Protected Right For Redress Of A Legit-
imate Court-Order To Be Re-Sentenced).

128. Plaintiff, ReAlleges And Incorporates By Reference Each
And Every Previous Paragraph Of this Complaint.

129. Defendant, (Lt). Joseph Stewart Diliberately Issued CDC 114D
Segregation Order for Plaintiff To Be Housed In AD/SEG.,
And Authorized Plaintiff To Possess His legal-Work. Defendant,
(Sgt), Buchanan [Stated] After [He] personally searched Plaintiff's
legal-Work And Personal property It Would Be Issued As

authorized. Instead, Defendants' Discussion to place plaintiff on csw and Denial of medical x-ray with Defendants' R. Mendoza; and E. Baker after having just escorted prisoners from a medical x-ray which showed neither of those two (Manuel Chavez and Guillermo Panameno) were in possession of contraband. (prisoners to be subpeaned for jury trial.); Defendants, I. Montez and R. Wood, escorted plaintiff to cfacilty medical and Denied a medical xray and his legal-work as (3G21), Defendant Buchanan said Defendant Stewart would not listen to plaintiff's objection of csw placement. Defendant, I. Montez and R. Wood told plaintiff to submit or be pepper-sprayed and dragged out to csw.

Third Cause Of Action:

(First Amendment; and Equal Protection Clause Of "Due Process" as guaranteed by the fourteenth-amendment of the U.S. Constitution.)

130. plaintiff realleyes and incorporates by reference each and every paragraph of this complaint.

131. Defendants' Mathew Cate, (Secretary); James Walker, warden; and; T. Jilyra (cow); y. Drummond (cow); Kramer (cpt); (lt), J. Stewart; Buchanon (sgt); (sgt), Engellener; (sgt) Allen; (lt).J. Baller; L. Williams; C. Holstrom; (c/o) E. Baller; R. Mendoza; I. Montez; R. Wood; John Doe (1); John Doe (2).

132. Mathew Cate, as Secretary Of CDCR Is at all times legally responsible for lawful operation of policy and Departmental procedure (D. O.M. 52050. et sec.,) during November 13. 2009, while allowing and authorizing the

contraband surveillance watch, (csw) criteria for placement on csw, directly And indirectly. Other similarly situated prisoners through the CDCR having been placed on csw, And allowed X-Ray (D.O.M. 52050.25 et seq.,) As Arbitrary Applied to plaintiff; DEFENDANTS' JAMES WALKER, Warden of CSP-SACRAMENTO was Notified by G.Drummond [on nov. 18. 2009] of All Lack of Notice And Denial of X-Ray During classification while plaintiff was on csw; (ct) J. Stewart Refused to SPEAK to plaintiff Despite Deciding the csw placement with (sgt) Buchanon; R. mendoza; E. BAKER And I. montez; R. Mood And Denial of LEGAL-work And personal property [plaintiff is still missing legal documents; And personal pictures of girl-friend who passed away on June 10.2010) DEFENDANT, sgt. ENGELLENER [STATED] he was not aware Of Reason for place-ment on csw, while forcing plaintiff to submit to a strip search supervising DEFENDANTS' I. montez And R. Mood And further [STATED] Lieutenant p.Mail was notified no one knows Anything; or Nobody wants to say Anything It's Just Another Day At the Office; I. montez And R. Mood Reiterated for plaintiff Not to ACT-up As they would pepper-spray him seriously And Did Not want to fill-out Any paperwork, so strip out And follow orders so they could go home; (cpt), Kramer while Re-viewing A CDC114D for segregation was Not listening to plaintiff Request for A X-Ray And stated he had No knowledge of csw, placement he was just there to Review CDC114D; DEFENDANT, (SGT) Allen [STATED] to Correction

AL OFFICER who was assigned to observe plaintiff on csw; was not to be bothered; or located for csw. John (or) Jane Doe(s)one; and (2) two; on seperate occassions were hesitant to call a supervisor [specifically (SGT), Allen] for csw. plaintiff asked, (SGT) Hfon EK who knew plaintiff when (he) housed in CSP- sacramento in (2006) past; allowing plaintiff to use the restroom; plaintiff ask (SGT), HRonEK if she could authorize a X-ray or get plaintiff off csw as he had no contraband; subordinates, John Doe [3] and [4] stated they were just following orders, procedures because a supervisor had to be present (see. D.O.M. 52050.), and did not want to be reprimanded by a supervisor because plaintiff wanted to use the bathroom; John Doe [5] [one through 20] each, Individually waited until plaintiff had to use the bath- room which was a discomfort and caused pain before any defendants' called a supervisor; defendant's' appeals review(s) (ir). J. A, Baker; L. Williams; c. Holstvom failed to properly review the administrative appeal ( D.O M. 52050.25), T. Vigra never issued any notification of csw, placement ["prior to placing an Inmate on csw, the Inmate will be allowed an opportunity to volun tarily surrender any suspected contraband on his person"] defendants' each and Individually denied plaintiff all equal protection; while arbitrarly enforced policy and procedure.

Fourth Cause Of Action:

( "Cruel And Unusual Punishment; Dileberate Indiff<br>  erence Of Retaliatory csw; action by defendants'<br>  for a constitutionally Protected Right 8th; 14th" )

133. plaintiff Realleges And Incorporates by Reference

each, and every paragraph of this complaint.

134.   Defendants' Matthew Cate; James Walker; G. Drummond and; T. Vigra; (Lt). J. Stewart; (Sgt), Buchanon; R. Mendola; E. Bajer; I. Montez; R. Mood; (Sgt), Engellener; (Sgt), Allen; J.A. Bajer, (Lt); L. Williams; C. Holstrom; John and Jane Doe(s) are through twenty; each and individually subjected plaintiff to policy and process procedure (see: D.O.M. 52050-25) for eight days, and (192) hours without serving any penological intrest by lack of all notice and meaning specifically denying plaintiff all X-Ray attempts to prove me was in no possession of contraband [from nov. 13. through 20. 2009] defendants' arbitrarily and blatantly enforced csw by placing plaintiff in an inescapable predicament of a cruel and unusual punishment, denial of all basic human needs, hygeine to wash before and after using the restroom to comply with csw by defecating or urinating; and eat with the same unwashed hands for eight-days. defendants' forced plaintiff to wait until they were ready me would use the restroom causing pain and discomfort cramps, stomach-aches by waiting until shift change or a willing supervisor would allow plaintiff to use the bathroom which consisted of humilating conditions of a water-bottle In which to urinate in, not washed; a bucket plaintiff squatted over In-front of all on lookers all while restrained to comply with csw procedure, as plaintiff had no alternative subordinates [stated] they were each only following orders as assigned observation.

V.I.

FIFTH CAUSE OF ACTION:

PLACEMENT ON CSW/RETENTION ARBITRARILY DEFENDANTS' VIOLATED THE EIGHT AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION:

135. PLAINTIFF REALLEGES AND INCORPORATES BY REFERENCE EACH AND EVERY PARAGRAPH OF THIS COMPLAINT.

136. DEFENDANTS' JAMES WALKER, (WARDEN); T.VIGRA, (COW); G. DRUMMOND, (COW); R.KRAMER (CPT); SGT, ENGELLENER; SGT, BUCHANON; (LT), F. STEWART, AND JOHN, JANE DOE(S) 1-20]

137. SPECIFICALLY, THE PLACEMENT WAS AUTHORIZED by T.VIGRA WAS UN-FOUNDED BASED ON THE CDC114D. ISSUED BY (LT). F. STEWART THERE EXISTS NO "REASONABLE CAUSE" PURSUANT TO D.O.M. 52050.25. DEFENDANTS' EACH DELIBERATELY BY THEIR OWN ACTIONS/IN-ACTIONS FAILED TO FOLLOW POLICY AND PROCEDURE (D.O.M. 52050.21): (A) DEFENDANTS' WERE EACH INDIVIDUALLY PUT ON NOTICE, JAMES WALKER WAS NOTIFIED BY G. DRUMMOND DURING CLASSIFICATION ON NOV. 18. 2009, WHILE ON CSW ALREADY SIX-DAYS. POLICY AND PROCEDURE AUTHORIZED BY DEFENDANT MATHEW CATE AS SECRETARY, DEFENDANTS' ALL INDIVUALLY ENFORCED PLAINTIFF'S PLACEMENT AND RETENTION ARBITRARLY DENIED PLAINTIFF ALL PROPERTY, LOSS AND CONFISCATION: (B). DEFENDANTS' ALLOWED PRISONERS ALREADY ON CSW ALL HYGEINE AND BED-LINEN, MEDICAL X-RAY ON NOVEMBER 13. 2009; AND DAILY MEDICATION [GUILLERMO PARAMENO] WHILE ON CSW. ON ONE OCCASSION CORRECTIONAL OFFICER MANDELL ALLOWED A NURSE TO TAKE PLAINTIFF'S VITALS DOCUMENTED ON CDC 7219. LOW BLOOD-PRESSURE AND A

VI.

Discoloration; severe rash from back of hygeine and a bruising from duct-tape as chothing to body parts on each appendage which further restricted the blood and circulation, while in restraints and leg-Irons forced to sleep at fetal-position while the locks dugg onto plaintiff's back, the constant illumination of all lights on caused headaches and nausea discomfort for eight-days. The nurse [stated] plaintiff would have to see a physician by submitting a medical form CDC 7362. When released from csw, defendants' individually wore warm chothing while keeping all doors open during seasonal weather of november plaintiff was cold and correctional officer's wore thermals; jackets.

SIXTH CAUSE OF ACTION:

Retaliation / cruel and un-usual punishment by defendants' violation of 8th and 14th amendments.

138. Plaintiff realleges and incorporates by reference each and every previous paragraph.

139. Defendants' (Lt), J. Stewart; (Sgt), Buchanan; Sgt. En Gellener; R. Mendora; E. Baker; T. Vigra; Sgt, Allen. While plaintiff was on csw, denied all property basic my geine and sanitary conditions. No medical x-ray, when E. Baker asked plaintiff if he used the restroom; E. Baker said it was not his job to say anything to plaintiff; and officer Merreria [stated] he was not on duty (nov. 13. 2009), and went on to ask plaintiff why he was at CSP-Sacramento. plaintiff, [stated] for a successful appeal on criminal conviction for

RESENTENCE DUE FOR NOV. 20. 2009. MERVERIA, ASKED IF IT WAS THE SAME CASE HE USED TO TRANSPORT PLAINTIFF ON IN PAST. PLAINTIFF (STATED) YES THE COURT-ORDER WAS MAILED OCTOBER 31. 2009 ; MERVERIA SAID WASN'T R. MENDOZA AN INVESTIGATING OFFICER ON THAT CASE. NOW YOU KNOW WHY YOUR ON CSW. SUBSEQUENTLY, ON NOVEMBER 20. 2009, BUCHANAN DENIED ALL LEGAL-WORK ON SCHEDULED COURT DATE FOR PREPERATION AND AS AUTHORIZED BY, J. STEWART. PLAINTIFF, REQUESTED TO WASH UP FOR COURT (i.e., A SHOWER AND SHAVE) AFTER SEVEN DAYS ON CSW, DEFENDANTS', BUCHANAN DENIED PLAINTIFF AND DID COMMENT ON THE RIPENESS OF ODOR FROM PLAINTIFF'S NOT SHOWERING WHILE ESCORTING PLAINTIFF FOR TRANSPORTATION. PLAINTIFF, AGAIN ASKED FOR AN X-RAY, OR REASON FOR THE CSW, PLACEMENT; BUCHANON (SAID) " IT WAS STEWART'S CALL" AND IF IT WAS UP TO HIM BUCHANON WOULD OF ALREADY RELEASED PLAINTIFF AFTER ONE STOOL DEFECATION (D.O.M. 52050.25.) PLAINTIFF ASKED OF USING THE RESTROOM WHILE OUT TO COURT, TRANSPORTATION; AND BUCHANON SAID PLAINTIFF WAS NOT GONNA BE ALLOWED SO HOLD IT FOR ASLONG AS HE CAN. WHILE AT COURT PLAINTIFF'S CO-DEFENDANT WAS NOT SUBJECTED TO PLACEMENT ON CSW.

SEVENTH CAUSE OF ACTION:
DEFENDANTS' CONSPIRED, AND EACH AGREED INDIVUALLY TO DEPRIVE PLAINTIFF OF CONSTITUTIONAL RIGHTS VIOLATED 42.U.S.C. 1983 AND 1985.

140. PLAINTIFF REALLEGES AND INCORPORATES BY REFRENCE ALL PREVIOUS PARAGRAPHS OF THIS COMPLAINT.

141. DEFENDANTS' JOSEPH STEWART (Lt), PURPOSEDLY ISSUED A

VII.

...DE IIUD, segregation Order Notifying plaintiff Would BE housed In ADMINISTRATIVE segregation And Authorized he could possess All property and LEGAL-WORK. While, J.STEWART claims T.Vigra ordered placement of plaintiff on csw AND DISCUSSED the DENIAL of any X-Ray (D.o.m.52050.) Buchanon; R. mendoza; E.BAKER, EAch said AFTER Two prisoner's they Allowed An X-ray had No Contraband, said only one way to be sure, let's put [Romo] on csw AND find out. APPEALS REVIEWER(S), J.A. BAKER [STATED] All could be done was for plaintiff to withdraw the APPEAL as [me] was no longer on csw and [she] would locate his property; L.Williams, DOCUMENTED Interview with J. STEWART [STATED], INVESTIGATIVE Services Unit, [ISU] WEre the ones To REQUEST csw for Alleged "REASONABLE Suspicion" That Was NEVER BEEN DOCUMENTED; T. VIGra, Was NEVER Interviewed by APPEALS REVIEWER(S) THE CONTRADICTORY STATEMENTS of DEfendants' THAT All policy And procedure Were followed further Evidenced By the BLANTANT fact the CDC 114A. segregation order was lost Due to [ADMINISTRATIVE Error] D.o.m.52050.25. DEfendants' DENIED All Due process of Any Notice And opportunity; And meaning ful REview by Any Impartial DEcision-maker On Procedural REview of ADministrative APPEAL. DEfendants' allege plaintiffs claims CAnnot BE Confirmed DUE to lost CDC 114A. plaintiff, will SUBpeona Various Correctional officers; And prisoners who observed plaintiff on csw from Nov. 13. 2009 on through nov. 20. 2009.

Ninth Cause of Action:

Defendants' Dileberate - Indifference Of Human Conditions Of CSW - Retention Violated plaintiff's 8th And 14th Of the U.S. Constitution Amendments:

142. Plaintiff Realleges And Incorporates By Reference All previous Pavagraphs of this Complaint.

143. Defendants' James Walker, Was Notified by G. Drummond of plaintiff's csw on Nov. 18. 2009, Six-Days After the Onder From T. Vigra; J. Stewart; R. Kramer the CDC 114D. Was Not for csw, And Defendants' Subjected plaintiff To An Extended Period of Cruel And Unusual Punishment As plaintiff Was placed In An In-Escapable predicament john And Jane Doe(s) one through Twenty] Were forced To observe plaintiff At All Hours And while Restrained At Exposed plaintiff to physical And mental Suffering Or well Being At the Arbitrary Decision of Defendants' As High-Ranking Staff Nev Subordinates John And Jane Doe(s) 1 through Twenty. | without Any "Reasonable Suspicison".

144. Defendants' Enforcing policy And Procedure (D.O.M. $2050.21)[1]; All Subordinates(s) Were Hesitant To Do Anything but of Fear of Reprimand . e.g., (C/O), Jones who Issued A Mattress on Nov.13. 2009, Was Reprimanded By (SGT), Enqeilener [stated] plaintiff Was Not Allowed Any Property while on csw.

145. Plaintiff, Often When Having To Use the Bathroom,

_____
1. Presidential Order (Nov. 20.1994) U.S. Constitution/International Law Barring The Use Of Tolture And Other Cruel, Inhumane Or degrading And Punishment for Acts Suspected..,

correctional staff, And John Doe(s) 1-20 subordinates had to summon A supervisor per the observation of plaintiff while an csw, (D.2.M. 52050.25),. e.g., sgt, Allen Refused on numerous occassions In that (sgr.), Kronek while passing the medical clinic was summoned by plaintiff Due to John Doe 5, wouldn't summon Sgt. Kronek Because she was A female; And allowed plaintiff the use of Bathroom Due to headaches And Stomach Pain Holding it for hours As sgt. Allen was not Responding To csw, job description.

146. plaintiff, was subjected To Degrading Treatment Based on Arbitrary Decision-Makers. had To use the Restroom, At convenience of prison officials, Based on Dependants' CSW placement. forced To urinate In A filthy bottle in which was not cleaned, from when [Manuel Chavez] Another prisoner was Released from csw, And To Squat, Defecate over A Bucket At All times Restrained And In view of All staff or on lookers while housed In medical clinic cold-cell. plaintiff suffers from Asthma, And chronic Arthritis which was Exacerbated by No Matress, Waist Chains And Locks placed on plaintiff's Back while Difficult To sleep with all Bright lights on Day/And night [146] hours. Denied All Access To medical care, while housed In A medical clinic A prisoner [Guillermo Panamevo] while on csw, was Allowed his medication.

147. plaintiff's co-Dependant was housed In Ad/seg., on nov. 13.2009, while on the same legitimate court order As plaintiff.

TENTH CAUSE OF ACTION:

FOURTEENTH AMENDMENT - FEDERAL DUE PROCESS In A Procedural Review Of Administrative Appeal;(CSW):

148. PLAINTIFF REALLEGES AND INCORPORATES BY REFERENCE ALL PREVIOUS PARAGRAPHS OF THIS COMPLAINT.

149. DEFENDANTS' JAMES WALKER, AS WARDEN; J.A. BARKER; L. WILLIAMS; C. HOLMSTROM APPEALS REVIEWER(S). EACH FAILED TO ADEQUATELY CORRECT THE VIOLATION OF PROCEDURE OF CSW, AS DOCUMENTED CDC114D, WAS FOR PLACEMENT OF PLAINTIFF IN AD/SEG., (SEE. TITLE 15. SECTION., 3336.) DEFENDANTS' T. VIGVA AS CSW; ORDERED PLACEMENT AND J. STEWART; AND CAPTAIN R. KRAMER WHO ISSUED AND REVIEWED THE CDC114D. DUE TO AN ADMINISTRATIVE ERROR THE SEGREGATION ORDER OF 114A. OF WHICH CONTAINS THE OBSERVATION OF CSW (.D.2.M.52050.) WAS LOST AND APPEALS REVIEWER(S) DENIED THE APPEAL ON LACK OF EVIDENCE OF PLAINTIFF'S CLAIMS. DEFENDANTS' FAILED TO INTERVIEW T. VIGVA; J.A. BARKER DOCUMENTED J. STEWART SAID IT WAS T.V.GVA WHO REQUESTED PLAINTIFF BE ON CSW; L. WILLIAMS, DOCUMENTED J. STEWART, SAID IT WAS INVESTIGATIVE SERVICES UNIT, (ISU) WHO REQUESTED CSW; C. HOLMSTROM, FURTHER DENIED THAT ALLEGED POLICY AND PROCEDURE WAS FOLLOWED. SPECIFICALLY, THE LACK OF DOCUMENTED CONTRABAND OR "REASONABLE SUSPICION" (D.2.M.52050.25) DUE TO ADMINISTRATIVE ERROR LOSS OF CDC114A. DEFENDANTS' EACH INDIVIDUALLY DENIED ANY IMPARTIAL DECISION-MAKER OR A MEANINGFUL REVIEW BASED ON FACTS OF DEFENDANTS ACTS AND INACTIONS. VIOLATED DUE PROCESS CLAUSE.

ELEVENTH Cause Of Action.

DEFENDANTS' VIOLATED Plaintiff's Right of State-Equal Protection Clause Of California Constitution; (14th U.S.C.)

149. Plaintiff Realleges And Incorporates By Reference All Previous Paragraphs Of this complaint.

150. Defendants' James Walker; G. Drummond; T. Vigra; J. Stewart; (Sgt) Buchanan; (Sgt). Engellener; (Sgt), Allen; R. Mendoza; E. Baker; R. Kramer; J.A. Baker; L. Williams; C. Holmstrom; And John And Jane Doe(S) 1-20]

151. Specifically, Denied Equal Protection Of Law As Guaranteed By Article I. Section 7; 15; 17. By Intentionally Placing Plaintiff on CSW And Retention without Any "probable Cause" (D.O.M. 52050.21.) No Documented Notice Or CSW, OR Allowed Any Hearing or Objections And Medical X-Ray.

152. Defendants' Allowed Two Prisoner's [Manuel Chavez And Guillermo Panameno] A X-Ray on Nov. 13. 2009; And These Similarly Situated Prisoner's Were Allowed Hygeine And Clean Clothing While Defendants' Denied The Same To Plaintiff.

153. Plaintiff's, Co-Defendant Was Housed In AD/SEG, on Arrival Nov. 13. 2009 Which Defendants' Arbitrarly Placed Plaintiff In An Inescapable Predicament On CSW, And Failed To Serve Any Penological Legitimate Intrests Subjecting Plaintiff To (196) Hours In Restraints In Disregard Of Lawful Policy And Procedure Of D.O.M. 52050. Et SEQ., "Prior to placing An Inmate On Body Cavity Surveillance, The Inmate Will Be Given An Opportunity To Voluntarily Surrender Any Suspected Contraband... (Id).

VI.

Twelveth Cause Of Action:

Defendants' Arbitrarly Violated Plaintiff's "Due Process"
For Eight-Days; Created A Liberty-Intvest California
Constitution Article I. Sections. 7, 15:

154. Plaintiff Realleges And Incorporates By Reference All
Previous Paragraphs Of this Complaint.

155. Defendants; James Walker; G. Drummond; T. Vigra; F.
Stewart; (Sgt), Buchanon, (CPT), Kramer; (Sgt), En geilener;
(Sgt), Allen; R. Mendoza; E. Baker; J. A. Baker, L. Williams;
c. Holmstrom; John And Jane Doe(s) 1 throughout 20].

156. Each Individually Violated Plaintiff's Rights As Protected
By "Due Process Of Law" Which Created A State-Liberty Int-
vest By Arbitrary Placement on CSW (52050.,) For An (8)
Eight-Day Extended Period.

157. In Violation Of Mandatory Statute Of State Law; Duties
Penal Code Sections 147 And 673. Imposes A Mandatory Duty
upon Each Defendant To Treat Plaintiff Fairly And Lawfully
Vinmanely To Protect Plaintiff's Physical And Mental Well-
Being the Placement Of Plaintiff On CSW, Failed to Advance
Any Penological Intvests. Specifically, the California Depart-
ment Of Corrections, (CDCR). CCR., Title 15. Sections: 3310;
3312; 3320; 3335; 3336; 3341.5. Imposes A Mandatory Duty
To Provide Plaintiff A Procedural Due Process When Allege
Misconduct In this Case placement on CSW. Defendants'
Denied Plaintiff's liberty-Intvest From An Inescapable
Predicament while On CSW, In Restraints For (196) Monts
Adminstrative Appeal Was Denied Due to loss Of CDC114A
Due to Administrative Error (D.O.M. 52050. Et seq.)

THIRTEENTH CAUSE OF ACTION:
DEFENDANTS' PLACEMENT OF PLAINTIFF ON CSW; VIOLATED
THE DUE PROCESS CLAUSE OF 14th AMENDMENT AS PROTECTED
UNDER THE U.S. CONSTITUTION " DUE PROCESS CLAUSE"..

158. PLAINTIFF REALLEGES AND INCORPORATES BY REFERENCE ALL PREVIOUS
PARAGRAPHS OF THIS COMPLAINT.

159. DEFENDANTS' T.VIGRA, FAILED TO ALLOW PLAINTIFF ANY OPPORTUNITY
TO PRESENT HIS VIEWS; AND DUE NOTICE OF THE SPECIFIC CONDUCT
ALLEGED TO POSE A "REASONABLE SUSPICION". (D.O.M.52050-25.).

160. BASED ON DISCUSSION BETWEEN, J.STEWART; BUCHANON; R.
MENDORA; E. BAKER ARBITRARILY DECIDED TO PLACE PLAINTIFF ON
CSW, AND DENY ALL OBJECTIONS OR X-RAY REQUESTS. PLAINTIFF,
WAS SUBSEQUENTLY DENIED ALL REQUESTS TO PROVE HE WAS NOT IN
POSSESSION OF CONTRABAND. y. DRUMMOND, DURING CLASSIFICATION
WHILE ON CSW; STATED "HE WOULD PERSONALLY TALK TO THE WARDEN
JAMES WALKER; R. KRAMER, CPTI DURING CDC114D REVIEW SAID
HE WAS JUST REVIEWING THE CDC114D; BUCHANON, DURING OUT
TO COURT TRANSPORTATION SAID IT WAS [LT] STEWART'S CALL AND HE
WOULD HAVE ALREADY RELEASED PLAINTIFF. " THE RESPONSIBLE FACILITY
CAPTAIN DURING BUSINESS HOURS, AND THE ADMINISTRATIVE OFFICER
OF THE DAY, ARE DELEGATED THE AUTHORITY TO PLACE INMATES OF
SUSPECTED, CONCEALING CONTRABAND".. D.O.M.52050.25).

161. DEFENDANTS' APPEALS REVIEWERS; J.A.BAKER; L.WILLIAMS;
C.NDIMISTRAIN EACH DENIED PLAINTIFF DUE PROCESS OF CSW,
REVIEW BASED ON LACK OF DOCUMENTION CONTRARY TO DEFEN
DANTS' OWN POLICY AND PROCEDURE VIOLATED THE U.S. CONST-
ITUTION "PROCEDURAL DUE PROCESS CLAUSE".

Fourteenth Cause Of Action:

Defendants' violated plaintiff's "State Due process" Of California Constitution. Article I Section(s): 7., 15, 17. By Retention - placement on csw.

162. plaintiff Realleges And Incorporates by Reference All previous paragraphs Of This Complaint.

163. Defendants' R. Kramer, (cdr) Denied plaintiff All Request To be Released from csw During the cdc i14D Review for segregation while Defendant's' Arbitrarly Housed plain Tiff on csw; T. Viqva, Denied All Opportunity And X-ray When Giving (Lt), Stewart the order for csw, placement, while J. Stewart; (Sgt), Buchanan; R. Mendoza; E. Baker Had A Discussion To Deny plaintiff Any X-ray And Reason for csw placement; (Sgt), Engellener [Stated] He Did not Know of Any Reason And Would Call [(Lt), p.lt.ail] Who Had Responded No One Wants To Say Anything, on Knows Anything. Defendant's' [John And Jane Doe(s) 1-20] of Authority to Release plaintiff pursuant to D.O.M 52050 from nov. 13. 2009 Through 21. 2009. Each, Individually Deny plaintiff "State Due process" By Retention for (8) Eight-Days And No Hearing or Documentation of Any contraband furthermore The Loss of cdc i14A"(Due to Administrative Error!)

164. Defendants' Released plaintiff on Nov. 21. 2009, And No Hearing Had Been Concluded or Any Notice pursuant to "State Due process" A Fact That Defendants' Each, Individually Violated State Due process.

VI.

FIFTEEN CAUSE OF ACTION:
DEFENDANTS' Violation OF MANDATORY STATE- DUTIES LAW
GOVERNED By CALIFORNIA CONSTITUTION. Article I. SECTIONS:
7., 15, 17.

165. PLAINTIFF REALLEGES And INCORPORATES By REFERENCE All
previous PARAGRAPHS OF this COMPLAINT.

166. DEFENDANTS' VIOLATED STATE LAW, PLACING PLAINTIFF on
CSW ( D.O.M. 52050. ET SEQ.), Under THE CALIFORNIA CODE OF
REGULATIONS TITLE 15. ET SE2., FAILED TO ADVANCE ANY PEN
ological INTREST, PENAL CODE 647, And 673. IMPOSED on All
Individual DEFENDANTS' A MANDATORY DUTY to FOLLOW policy
AND PROCEDURE, WHEN ARBITRARY & REASONABLE SUSPICION" is
ALLEGED... NO DOCUMENTATION EXISTS OF ANY HEARING OF
RELEVANT FACTS FOR PLACEMENT On CSW, THE CDC 114 D
WAS ISSUED FOR PLACEMENT In AD/ SEG. While DEFENDANTS
PLACED PLAINTIFF On CSW, FAILURE To Order A HEARING
By DEFENDANTS, THE SUBSEQUENT LOSS OF CDC114 A. WHICH
CONTAINED All DOCUMENTATION AND OBSERVATIONS OF PLAIN
TIFF WAS LOST DUE to ADMINISTRATIVE ERROR From NOV.
13.2009 through NOV. 21. 2009, PLAINTIFF will SUBPEONA
EACH DEFENDANT And JOHN AND JANE DOES 1-20 ET
FOR ACTIONS AND INACTIONS AS A VIOLATION OF PLAINTIFF
CONSTITUTIONAL ESTABLISHED STATE RIGHTS; BASED On POLICY
And PROCEDURE OF STATE LAW (D.O.M.52050. ET SE2. ).

167. DEFENDANTS' MATHEW CATE; JAMES WALKER; T.V.GIA; G.DJURI
mond; R.KRAMER ; J.A. BAKER; J. STEWART; L.WILLIAMS; C.
Holmstrom; Buchanon; ENGELLENER; Allen; R.MENDOZA;
E. BAKER ; R. HOOD; I. MONTEZ. [John AND JANE DOES 1-20].

SIXTEENTH CAUSE OF ACTION:
DEFENDANTS' FAILURE TO LAWFULLY ADMINISTER, TRAIN AND
SUPERVISE (D.O.M. 52050. et Seq.) VIOLATED PLAINTIFF'S
CONSTITUTIONAL ESTABLISHED RIGHTS:

168. Plaintiff Reallledges And Incorporates by Reference all previous
Paragraphs of this Complaint.

169. Defendants' MATHEW CATE As SECRETARY Authorized Policy
And Procedure of ESTABLISHED, Contraband SURVEILLANCE WATCH
(D.o.m.52050.et Seq.;) JAMES WALKER As Warden when Plaintiff
Arrived on NOV.13. 2009. AT CSP- SACRAMENTO; T.VILGRA Authorized
(CST), J. STEWART And DISCUSSED With (SWT) Buchanon, R. MENDOZA
And, E. BAKER WHO DENIED All REQUEST by PLAINTIFF A MEDICAL
X-RAY. CAPTAIN R. KRAMMER When REVIEW OF COCII4D, Failed To
HEAR PLAINTIFF'S objections. G. Drummorro, (Said) "ME Would SPEAK
To The WARDEN On NOV. 18. 2009., PLAINTIFF WAS SUBJECTED TO
CSW, for (3) More DAYS UNTIL NOV. 21. 2009. No Results OF Any
CONTRABAND DEFENDANTS' ACTED ARBITRARY VIOLATING PLAINTIFF'S
CONSTITUTIONAL RIGHTS 42. U. S. C. 1983 AND 1985.

170. DEFENDANTS' J. A. BAKER; L. WILLIAMS; C. HOLMSTROM, EACH
DENIED THE PROCEDURAL REVIEW OF CSW, PLACEMENT, DEFENDANTS
ALL SUPERVISORY BREACHED THEIR DUTY TO LEGALLY ADMINISTER
THE PRISON, TRAIN AND SUPERVISE SUBORDINATES DEFENDANTS'
JOHN AND JANE DOE(S) (ONE THROUGH TWENTY) AS EACH DID
NOTHING TO PREVENT AND CORRECT THE VIOLATIONS IN A
LAWFUL MANNER WITH STATE AND FEDERAL LAW AS A DIRECT
RESULT OF CSW, PLACEMENT - RETENTION.

VII.

## CAUSATION.

171. AS A DIRECT AND PROXIMATE CAUSE OF ARRIVAL ON NOV. 13.2009, PLAINTIFF WAS PLACED ON CSW; FOR A LEGITIMATE COURT ORDER TO BE RESENTENCED. DEFENDENTS' VIOLATED PLAINTIFF's PROTECTED RIGHT AS CONSTITUTIONALLY ESTABLISHED [FIRST AND EIGHT; FOURTEENTH] UNDER 42.U.S.C. 1983; AND 1985. THE RESULT OF ACTS AND OMISSIONS ON THE PART OF DEFENDANTS', PLAINTIFF HAS SUFFERED AND CONTINUES TO SUFFER GENERAL AND SPECIAL DAMAGES IN AN AMOUNT TO BE PROVEN AT TRIAL. PLAINTIFF HAS NO ADEQUATE OR COMPLETE REMEDY OF LAW TO REDRESS THE CONSTITUTIONAL VIOLATIONS HEREIN, DESCRIBED. PLAINTIFF HAS BEEN AND WILL CONTINUE TO BE IRREPARABLY INJURED BY THE CONDUCT OF DEFENDANTS' UNLESS THE COURT GRANTS THE DECLARATORY RELIEF PLAINTIFF SEEKS.

## VERIFICATION.

I, EZEQUIEL RAMO DECLARE:

I AM A PARTY TO THE WITHIN CAUSE OF ACTION 42.U.S.C. SECTION 1983. IN PROPIA PERSONA THE FACTS DESCRIBED HEREIN ARE TRUE OF MY KNOWLEDGE AND INFORMATION, EXCEPT AS TO MATTERS THAT THEREIN STATED ON MY OWN BELIEF, AS TO THOSE, I BELIEVE THEM TO BE TRUE.

I DECLARE UNDER PENALTY OF PERJURY THE FOREGOING IS TRUE AND CORRECT, BY THE LAWS OF THE STATE OF CALIFORNIA, EXECUTED AT TEHACHAPE, CALIFORNIA's (CCI) ON APRIL 27. 2013, Ezequiel Ramo. EZEQUIEL RAMO.,

(RE: EZEQUIEL Romo   civ. Case No. 2:11 cv02898 DAD P)
    I AM A Resident In the Country Of Kern California
At Tehachape, Over the Age Of (18) Eighteen years And a party
To the Withim Cause of Action, my Address: EZEQUIEL Romo
                                    K38661
                                    CCI. 4B.8A.210 (Shu)
                                    P.O. Box 1906
                                    Tehachape, CA
                                    93581.

On April 27. 2013. I served the [Amended] civil Complaint;
order to Show Cause; motion For Counsel. placing a True Copy
enclosed In a sealed Envelope addressed: Clerk Of the
    United States District Court Of California
        Eastern District 501 'I" Street Room 2-400
            Sacramento, CA 95814

I, Declare Under Penalty Of Perjury the Foregoing Is True
And Correct, Executed At Tehachape California On 27th day
of April 2013. Ezequiel Romo

In Propia Persona: EZEQUIEL Romo.