1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    EZEQUIEL ROMO,                              No.  2:11-cv-2898 GEB DAD P

12                    Plaintiff,

13           v.                                   ORDER

14    MATTHEW CATE, et al.

15                    Defendant.

16

17           Plaintiff is a state prisoner proceeding with an action for alleged civil rights violations

18    pursuant to 42 U.S.C. § 1983.  On August 29, 2014, the court issued findings and

19    recommendations granting in part and denying in part defendants' motion to dismiss.  (See Doc.

20    No. 53.)  On September 11, 2014, defendants filed a request for clarification of the findings and

21    recommendations.  (Doc. No. 54.)  Therein, defendants suggest that the court intended to dismiss

22    defendants J. Baker, Williams, Holstrom and Walker completely from the action, but, they argue,

23    the language of the court's recommendation indicating that the Eighth Amendment conditions-of-

24    confinement claim is viable as to all defendants is inconsistent with that intention.  They seek

25    clarification of that apparent inconsistency.  They further request additional time in which to file

26    formal objections to the findings and recommendations in the event the court states that defendant

27    /////

28    /////

                                                   1

1   J. Baker, Williams, Holstrom and Walker should remain as defendants to the conditions-of-

2   confinement claim.[1]

3        The defendants are correct that the undersigned intended to recommend that J. Baker,

4   Williams, Holstrom and Walker should be dismissed completely from this action, pursuant to

5   Federal Rule of Civil Procedure 12(b)(6).  Defendants J. Baker, Williams and Holstrom are

6   named in the complaint as officers involved in the inmate appeals process, which the court found

7   could not be the basis for any viable civil rights claim in this case.  (See Fifth Amended

8   Complaint (Doc. 21) at 6, ¶¶ 20-22; Findings and Recommendations (Doc. No. 53) at 5-6.)

9   Insofar as they are identified solely with plaintiff's administrative appeals process, it is not

10  plausible that defendants J. Baker, Williams and Holstrom could be liable for any other claim

11  alleged in the operative complaint.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57

12  (2007) (holding that a claim upon which the court can grant relief must have facial plausibility);

13  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff

14  pleads factual content that allows the court to draw the reasonable inference that the defendant is

15  liable for the misconduct alleged.")  Likewise, the court found defendant Walker, the warden at

16  the prison where the events relevant to this action occurred, could not be liable on a theory of

17  failure to train or supervise and, further, could not be liable on a theory of respondeat superior on

18  any other claim.  (Id. at 6-7.)  Therefore defendant Walker should be dismissed as a defendant in

19  this action.

20        Accordingly, IT IS HEREBY ORDERED that:

21        1.  The Findings and Recommendations of August 29, 2014 (Doc. No. 53) are amended

22  as follows:

23           a.  Paragraph 6 of the Recommendations, page 24, is amended to read, "The court

24  should grant the motion to dismiss the Eighth Amendment claim for unconstitutional conditions

25  of confinement as to defendants J. Baker, Williams, Holstrom and Walker.  As to all other

26

27  _____

[1]  Defendants represent that they "do not intend to object to any . . . portion of the findings and
    recommendations" other than the status of defendants J. Baker, Williams, Holstrom and Walker

28  in this case.  (Request for Clarification (Doc. No. 54) at 3.)

1   defendants, the motion to dismiss the Eighth Amendment claim for unconstitutional conditions of

2   confinement should be denied."

3           b.   The court adds Paragraph 7 to the Recommendations, which reads, "The court

4   should grant the motion to dismiss as to all claims based on the processing or review of plaintiff's

5   underlying administrative inmate appeals."

6           c.   The court adds Paragraph 8 to the Recommendations, which reads,

7   "Defendants J. Baker, Williams, Holstrom and Walker should be dismissed from this action."

8       2.   The Findings and Recommendations of August 29, 2014, remain otherwise

9   unamended.

10      3.   Defendants' request for an extension of time (Doc. No. 54) in which to file objections

11  to the Findings and Recommendations of August 29, 2014, is denied as having been rendered

12  moot by this clarification.

13      4.   Plaintiff has fourteen days from the date of this order in which to file objections, if

14  any, to the amended recommendations listed in Paragraph 1 of this Order.  Failure to file

15  objections within the specified time may waive the right to appeal the District Court's order.

16  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17  Dated:  September 15, 2014

18

19                                   _____

20                                   DALE A. DROZD
                                     UNITED STATES MAGISTRATE JUDGE
    hm
21  romo.2898.f&r.amend

22

23

24

25

26

27

28

                                         3