1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EZEQUIEL ROMO,                          No.  2:11-cv-2898 GEB DAD P

12                 Plaintiff,

13        v.                                 FINDINGS & RECOMMENDATIONS

14   MATTHEW CATE, et al.

15                 Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se with an action for alleged violations of the

18   Civil Rights Act, 42 U.S.C. § 1983.  On August 29, 2014, the court found that, in addition to his

19   several claims that his federal constitutional rights had been violated, plaintiff had adequately

20   pled a state-law claim under the California Constitution against defendants Stewart and Virga.

21   (See Findings and Recommendations (ECF No. 53) at 23-24.[1])  Those two defendants have now

22   moved jointly to dismiss plaintiff's state-law claim under Federal Rule of Civil Procedure

23   12(b)(6), arguing it is untimely under the applicable statute of limitations.

24        I.   Procedural Standards

25        Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint or portion

26   thereof when it is apparent that the plaintiff  cannot state a claim on which relief could be granted.

27

28   ――――――――――――――――
     [1]  The assigned District Judge adopted the undersigned's findings and recommendations on
     September 30, 2014 (ECF No. 57).

                                              1

1     Because statutes of limitation stand as complete bars to recovery on untimely claims, the

2     affirmative defense that a claim is time-barred is a common subject for analysis under Rule

3     12(b)(6). Ordinarily, "[r]eview is limited to the complaint; evidence outside the pleadings . . .

4     cannot normally be considered in deciding a 12(b)(6) motion." <u>Cervantes v. City of San Diego</u>, 5

5     F.3d 1273, 1274 (9th Cir. 1993) (citations and internal quotation marks omitted).  Indeed, the

6     federal rules require a different standard if a court's dispositive analysis relies on materials

7     extrinsic to the complaint:  Federal Rule of Civil Procedure 12(d) states that "[i]f, on a motion

8     under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the

9     court, the motion <u>must</u> be treated as one for summary judgment under Rule 56.  All parties must

10     be given a reasonable opportunity to present all material that is pertinent to the motion."

11     (Emphasis added.) Therefore "[i]f the defense [that a claim is time-barred] does not appear on the

12     face of the complaint and the trial court is willing to accept matters outside of the pleadings, the

13     defense can still be raised by a motion to dismiss accompanied by [other evidence].  Rule

14     12(b)(6) permits the court to consider a motion to dismiss accompanied by [other evidence] as a

15     motion for summary judgment."  <u>Jablon v. Dean Witter & Co.</u>, 614 F.2d 677, 682 (9th Cir.1980)

16        In this case, defendants have submitted several exhibits extrinsic to the operative

17     complaint that are necessary to decide whether plaintiff's state-law claim is barred by the

18     applicable statute of limitations.  Plaintiff has had a reasonable opportunity to present argument

19     and material pertinent to the motion and has properly filed an opposition.  Accordingly, the

20     undersigned will address the pending motion by applying standards governing a motion for

21     summary judgment.

22        Summary judgment is appropriate when the moving party "shows that there is no genuine

23     dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

24     Civ. P. 56(a).  The moving party "initially bears the burden of proving the absence of a genuine

25     issue of material fact."  <u>In re Oracle Corp. Securities Litigation</u>, 627 F.3d 376, 387 (9th Cir. 2010)

26     (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)).  The moving party may carry its

27     burden by "citing to particular parts of materials in the record, including depositions, documents,

28     electronically stored information, affidavits or declarations, stipulations (including those made for

1   purposes of the motion only), admission, interrogatory answers, or other materials" or by showing

2   that such materials "do not establish the absence or presence of a genuine dispute, or that the

3   adverse party cannot produce admissible evidence to support the fact."  Fed. R .Civ. P.

4   56(c)(1)(A), (B).

5        If the moving party meets its initial responsibility, the burden then shifts to the opposing

6   party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita

7   Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the

8   existence of a factual dispute, the opposing party may not rely upon the allegations or denials of

9   its pleadings but is required to tender evidence of specific facts in the form of affidavits or

10  admissible discovery material in support of its contention that the dispute exists.  See Fed. R. Civ.

11  P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11.

12       "In evaluating the evidence to determine whether there is a genuine issue of fact," the

13  court draws "all reasonable inferences supported by the evidence in favor of the non-moving

14  party."  Walls v. Central Costa County Transit Authority, 653 F.3d 963, 966 (9th Cir. 2011).  It is

15  the opposing party's obligation to produce a factual predicate from which the inference may be

16  drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985),

17  aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

18       II.  Procedural and Factual Background

19       A state-law action against a California public official is governed by the California

20  Government Claims Act, California Government Code §§ 810, et seq.[2]  The Government Claims

21  Act requires a person with a legal grievance against a public official to file a claim with the

22  appropriate public entity before he initiates litigation in court.  Cal. Gov. Code § 945.4.  For most

23  types of actions, including this one, the limitations period for filing a claim with the appropriate

24  public entity is one year.  Id. at § 911.2(a).  If the claim is timely filed, the public entity has forty-

25  five days to accept or reject it.  Id. at § 912.4.  If the claim is rejected, the public entity must

26  provide the claimant with written notice of the decision, whereupon the claimant has six months

27

28  _____

[2]  The Government Claims Act has long been known by another name, the California Tort Claims Act (CTCA).

3

1    to file a lawsuit in court.  Id. at § 945.6(a)(1).  The six-month limitations period starts to run from

2    the date the notice of rejection is "deposited in the mail."  Id.  If the claimant is not properly

3    noticed of the rejection in writing, the limitations period for taking the action to court is two years

4    from the accrual of the cause of action.  Id. at § 945.6(a)(2).

5        Plaintiff's state-law claim concerns his placement on contraband surveillance watch

6    (CSW) at California State Prison-Sacramento on November 13, 2009.  He remained on CSW

7    until November 21, 2009.  (See Findings and Recommendations (ECF No. 53) at 2-4.)  Plaintiff's

8    claim against defendants Virga and Stewart thus accrued during that period of time.

9        On April 15, 2010, the plaintiff timely served his administrative claims for violations of

10   state law on the correct public entity, the California Victim Compensation and Government

11   Claims Board (VCGCB).  (See Declaration of Rivera (ECF No. 59-2) at 27-31.)  On May 28,

12   2010, the VCGCB sent plaintiff a letter stating that its staff "believes that the court system is the

13   appropriate means for resolution of these claims[.]"  (Id. at 26.)  It informed plaintiff that "[t]he

14   VCGCB will act on your claim at the August 19, 2010 hearing.  You do not need to appear at this

15   hearing.  The VCGCB's rejection of your claim will allow you to initiate litigation should you

16   wish to pursue this matter."  (Id.)

17       On August 26, 2010, the VCGCB issued its letter informing plaintiff that it had rejected

18   his claims at a hearing held on August 19, 2010.  (Id. at 25.)  The letter was sent to plaintiff at the

19   address he provided to the VCGCB on his original claim form (see id. at 27), but it was returned

20   by the U.S. Postal Service with the label "Unable To Identify As Addressed."  (Id. at 24.)  Both

21   the returned envelope and the returned letter are date-stamped to show that the VCGCB received

22   them on September 9, 2010.  (Id. at 24-25.)

23       III.  Analysis

24       The state-law claim that defendants seek to dismiss is before the court under its

25   supplemental (also known as "pendent") jurisdiction, as provided in 28 U.S.C. §1367(a).

26   Although the Erie doctrine[3] of applying state law to state claims in federal court most often

27

28   _____

[3] See Erie R.R. v. Tompkins, 304 U.S. 64 (1938).

1  obtains in the context of federal diversity jurisdiction, "[t]he Erie principles apply equally in the

2  context of pendent jurisdiction." In re Exxon Valdez, 484 F.3d 1098, 1100 (9th Cir. 2007).

3  Where Erie controls, state substantive law supplies the rules of decision in the case, while federal

4  law supplies the rules of procedure.  See Feldman v. Allstate Ins. Co., 322 F.3d 660, 666 (9th Cir.

5  2003).  "For purposes of Erie[] . . . statutes of limitations are treated as substantive."  Jinks v.

6  Richland County, S.C., 538 U.S. 456, 465 (2003) (citing Guaranty Trust Co. of N.Y. v. York, 326

7  U.S. 99, 109-10 (1945)).[4]  Thus, a federal court that has exercised supplemental jurisdiction over

8  a state-law claim must apply the state's statute of limitations to that claim.  See Gallardo v.

9  AT&T Mobility, LLC, 937 F.Supp.2d 1128, 1138 (N.D. Cal. 2013) (citing Felder v. Casey, 487

10  U.S. 131, 151 (1988)).  "In the analogous setting of diversity suits, the Federal Rules of Evidence

11  'ordinarily govern.'  However, 'where a state evidence rule is intimately bound up with the rights

12  and obligations being asserted, [the Erie doctrine] mandates the application of a state rule[.]'"

13  Liebsack v. United States, 731 F.3d 850, 855 (9th Cir. 2013) (citation omitted).

14      Defendants maintain that notwithstanding the returned rejection letter, California

15  Government Code § 945.6(a)(1) applied here to give plaintiff six months from the letter's date –

16  that is, until February 26, 2011 – in which to file a state-law claim against them in court.  (See

17  Motion (ECF No. 59) at 8.)  They argue that the date of service on the complaint that initiated this

18  federal action – October 18, 2011 – was over seven months too late to sue on a claim under state

19  law.  (Id.)

20      Plaintiff responds that he never received the VCGCB's claim rejection letter dated August

21  26, 2010, and he points to the returned letter and envelope as evidence.  (See Opposition (ECF

22  No. 63) at 3.)  Plaintiff maintains, therefore, that the six-month limitations period stated in

23  California Government Code § 945.6(a)(1) never started to run against him.  If that is so, the two-

24  year limitations period stated in § 945.6(a)(2) applies, and his state-law claim was timely filed

25  under California law.

26  ////

27

---

28  [4]  But see Nelson v. Flintkote Co., 172 Cal.App.3d 727, 733 (1985) ("[A] statute of limitations is
    procedural; it affects the remedy only, not the substantive right or obligation.")

"The statute of limitations is an affirmative defense that is forfeited if not appropriately invoked by the defendant." Adams v. Paul, 11 Cal.4th 583, 597 (1995) (concurring opinion). See also Wyatt v. Terhune, 315 F.3d 1108, 1117 (9th Cir. 2003) (stating that "it is well-settled that statutes of limitations are affirmative defenses, not pleading requirements"), overruled on other grounds by Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014). Therefore the defendants bear the burden of proving that the plaintiff filed his state-law claim beyond the applicable limitations period. See Samuels v. Mix, 22 Cal.4th 1, 10 (1999); Payan v. Aramark Management Services L.P., 495 F.3d 1119, 1122 (9th Cir. 2007); California Sansome Co. v. U.S. Gypsum, 55 F.3d 1402, 1406 (9th Cir. 1995); Hemphill v. Estate of Ryskamp, 619 F.Supp.2d 954, 973 (E.D. Cal. 2008). To the extent that the question of a claim's timeliness under a statute of limitations depends, as it does here, on evidence extrinsic to the complaint, the evidentiary rules that decide that question are "intimately bound up" with the decisional law embodied in the statutes of limitations themselves.[5] Therefore the court applies California's rules of evidence in resolving the issue presented here. See Liesback, 731 F.3d at 855; Feldman, 322 F.3d at 666.

Neither party disputes that the VCGCB placed the August 26, 2010 letter in the mail on or around that date. Indeed, there is a general presumption that "the letter issuance date is also the date on which the letter was mailed." See Payan 495 F.3d at 1123. Furthermore, the longstanding "mailbox rule," which is codified in California at California Evidence Code § 641, establishes the presumption that a letter mailed to the correct address was received by the addressee in due course. See REO Broadcasting Consultants v. Martin, 69 Cal. App.4th 489, 497 (1999). Importantly, however, "[u]pon presentation of . . . detailed, credible, and unimpeached evidence of no actual notice[,] the presumption of such notice (Evid. Code § 641) cease[s] to exist." Bonzer v. City of Huntington Park, 20 Cal.App.4th 1474, 1481 (1993). See also Cal. Evid. Code § 604. "The trier of fact must then weigh the denial of receipt against the inference of receipt . . . and decide whether or not the letter was received." Craig v. Brown & Root, Inc., 84 Cal.App.4th 416, 422 (2000) (emphasis, citations and internal quotations omitted).

---

[5] "The measurement of state limitations periods is controlled by state law." 19 WRIGHT & MILLER, Fed. Prac. & Proc. Juris. § 4510 (2d ed.).

1    Thus "[t]hese assumptions [of proper delivery and notice] may be rebutted with evidence

2    to the contrary."  Payan, 495 F.3d at 1124.  Here, there is clear evidence contrary to the

3    presumption of proper delivery and notice:  it is undisputed that the VCGCB's rejection letter to

4    plaintiff, which contained notice of the six-month limitations period under § 945.6(a)(1), was

5    returned to the VCGCB on September 9, 2010, because the U.S. Postal Service was "Unable To

6    Identify As Addressed."

7    The undersigned therefore finds that the returned letter rebuts the presumption that

8    plaintiff received the notice dated August 26, 2010.  Accordingly, defendants must carry their

9    burden of persuading the court that plaintiff's state-law claim is time-barred not by relying on the

10   usual presumption that the original letter was delivered – we know that it was not – but by

11   producing evidence showing (or at least strongly suggesting) that plaintiff did at some point

12   receive the written notice that triggers the six-month limitations period on which they ground

13   their motion.  See Cal. Evid. Code § 604; Craig, 84 Cal.App.4th at 422.

14   Defendants reply that there was a "second copy of the notice of rejection letter dated

15   August 26, 2010 which was not returned to VCGCB."  (Reply (ECF No. 64) at 2.)  Defendants do

16   not go quite so far as to say, however, that it mailed this "second copy" to plaintiff, and at this

17   point, with the usual presumptions of mailing and delivery rebutted, it is incumbent on the

18   defendants to say so clearly, and to present evidence establishing as much.  The letter itself

19   suggests a more likely destination of this "second copy:"  the letter is cc'd to "Corrections and

20   Rehabilitation" (see ECF No. 59-2 at 23, 25), which the court takes to mean the California

21   Department of Corrections and Rehabilitation, the state agency with custody of plaintiff at the

22   time.  Furthermore, the fact that a copy exists other than the one with the returned stamp hardly

23   proves that the letter must have made its way to plaintiff eventually.  The unreturned "second

24   copy" the defendants attach to their motion could easily have come from the VCGCB's own file –

25   it would seem likely to be an ordinary practice for a state agency to keep such a copy in its claim

26   file – and the court notes again that the defendants are vague on when and why the second,

27   unreturned copy went out to the plaintiff in the first place.

28   /////

1      To the extent the defendants might mean to imply that the VCGCB sent plaintiff a second

2   copy of the claim rejection letter in a second envelope simultaneously with the first (an unlikely

3   practice for which there is no direct evidence), the court notes that each of the pertinent sections

4   of state law – California Government Code §§ 945.6, 913 and 915.4 – refer to "written notice" in

5   the singular.  There is no provision that the VCGCB or any other state administrative entity must

6   send more than one copy in more than one envelope to a claimant whose administrative grievance

7   has been rejected.  Likewise, there is no provision requiring the VCGCB to remedy a returned

8   notice by sending a "second copy."[6]  Again, it is incumbent on the defendants to provide evidence

9   that the VCGCB actually responded to the return of the letter by attempting to send it to plaintiff

10  again.  They cannot rely merely on the suggestion that because a copy of the original letter exists

11  it must be the one that was delivered to plaintiff, and leave it at that.  See Davis v. Sutley, 2008

12  WL 1817262 at *2, No. EDCV -7-1415-CBM (RNB) (C.D. Cal. Apr. 17, 2008) (concluding the

13  pro se prisoner's claims under the CTCA were not time-barred because the declarations attached

14  to the motion's exhibits "do not contain any information regarding the mailing of a rejection letter

15  to plaintiff, nor do the declarations lay an adequate foundation for when the letters were mailed

16  (or indeed an adequate foundation for whether each letter was properly mailed)") (citing Cal.

17  Code Civ. P. § 1013 and Rincon v. Burbank Unified School District, 178 Cal.App.3d 949, 956

18  (1986)).

19      Finally, the defendants argue that the letter of May 28, 2010, which informed plaintiff that

20  his claim would be rejected at a hearing on August 19, 2010, imposed on him "a duty to inquire

21  as to the status of his claim when he did not receive a notice of rejection within 45 days of August

22  26, 2010."  (Reply (ECF No. 64) at 2-3.)  Defendants assert that "[h]ad [plaintiff] contacted

23  _____

24  [6]  It is worth noting that the stamp on the returned envelope stating the U.S. Postal Service was
    "Unable To Identify As Addressed" does not mean, in this case at least, that plaintiff provided the

25  VCGCB with the wrong address.  The claim application form he used to file his claim with the
    VCGCB and the letter of August 26 both contain the same address:  P.O. Box. 1906, Tehachapi,

26  California 93581.  (See ECF No. 59-2 at 23, 25 and 27.)  The letter of May 28, 2010, informing
    plaintiff that his claim would be rejected at a later hearing reflects the same address.  (See id. at

27  26.)  The court takes judicial notice that this is a valid address for California Correctional
    Institution – the same address, incidentally, that plaintiff wrote, as required, on the original

28  complaint that initiated this civil action.  (See ECF No. 1.)

VCGCB, <u>he would have been informed that his claim had been rejected on August 26, 2010</u>."

(<u>Id.</u> at 3) (emphasis added). This assertion does defendants' argument more harm than good, because the evidence shows plaintiff did exactly that. Defendants' own exhibits include plaintiff's letter of November 18, 2010, to the VCGCB, wherein he references a previous request for a status update and asks that the agency provide him with a claim number. (ECF No. 59-2 at 2-3.) The most reasonable inference from this letter, which is stamped "Received" by the Government Claims Program on November 24, 2010, is that plaintiff had not seen the August 26, 2010 notice telling him that his claim had been rejected.[7] Here again, if the VCGCB responded to plaintiff's query with a letter informing him that its notice went out in late August 2010 – something the defendants now contend the VCGCB would have done – neither defendants nor the evidence they submit in support of their motion indicates anything like that happened.[8]

IV.  Conclusion

To their credit, defendants and their counsel disclosed to the court and to plaintiff that their initial mailing of the August 26, 2010, notice was returned as undeliverable. Had plaintiff simply claimed, without that proof, that he had never received the letter, the usual presumptions of mailing and delivery likely would have been dispositive against him. But, as explained above, those presumptions are fully rebutted in this case by the undisputed fact that the letter of August 26, 2010, was returned without having been delivered to plaintiff.

In light of all of the evidence presented, defendants' suggestion that another copy of the rejection letter went out on an unspecified date is not enough to persuade the undersigned that plaintiff received that notice. The undersigned finds, therefore, that defendants have not carried their burden of showing that the claim rejection letter of August 26, 2010, ever made it to the plaintiff to apprise him that the six-month limitations period had begun to run. The undersigned

---

[7]  The August 26, 2010 notice of rejection included a claim number. (ECF No. 23, 25.)

[8]  The undersigned makes no finding as to whether plaintiff was under a legal duty to inquire with the VCGCB about the status of his administrative claim, though the court notes that no state law provision relevant to this motion indicates that he was. It is enough to find that he did, in fact, write to the VCGCB within a reasonable time after the promised hearing of August 19, 2010, and that there is no evidence before this court that the VCGCB ever responded to that inquiry.

1   concludes that plaintiff's state law claim is thus subject to the two-year statute of limitations

2   stated in California Government Code § 945.6(a)(2).  Here, plaintiff submitted his state law claim

3   for service on this court on October 18, 2011, less than two years after it accrued in November

4   2009.  Defendants Stewart's and Virga's joint motion to dismiss plaintiff's claim against them for

5   violation of due process under state law should therefore be denied.

6           Accordingly, IT IS HEREBY RECOMMENDED that the motion to dismiss (ECF No.

7   59), which should be treated as a motion for summary judgment under Federal Rules of Civil

8   Procedure 12(d) and 56, be denied.

9           These findings and recommendations are submitted to the United States District Judge

10   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

11   after being served with these findings and recommendations, any party may file written

12   objections with the court and serve a copy on all parties.  Such a document should be captioned

13   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

14   objections shall be served and filed within fourteen days after service of the objections.  The

15   parties are advised that failure to file objections within the specified time may waive the right to

16   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17   Dated:  July 23, 2015

18

19                                                                              _____
                                                                                  DALE A. DROZD
20                                                                                UNITED STATES MAGISTRATE JUDGE

21   hm/romo2898.mtd

22

23

24

25

26

27

28