KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
CHRISTOPHER J. BECKER, State Bar No. 230529
Supervising Deputy Attorney General
KELLY A. SAMSON, State Bar No. 266927
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 322-5643
 Fax: (916) 324-5205
 E-mail: Kelly.Samson@doj.ca.gov
*Attorneys for Defendants*
*E. Baker, Engellenner, Buchanan, Mendoza, Hood,*
*Kramer, Virga, Ellen (misidentified as Allen),*
*Stewart, Montes, and Drummond*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **EZEQUIEL ROMO,**<br><br>                    Plaintiff,<br><br>   v.<br><br>**MATHEW CATE, et al.,**<br><br>                    Defendants. | 2:11-cv-02898-GEB-DAD (PC)<br><br>**DEFENDANTS' ANSWER TO FIFTH AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

    Defendants E. Baker, Engellenner, Buchanan, Mendoza, Hood, Kramer, Virga, Ellen (misidentified as Allen), Stewart, Montes, and Drummond answer Plaintiff's Fifth Amended Prisoner Civil Rights Complaint (Complaint), filed on May 14, 2013, below. Except as expressly admitted, all of Plaintiff's allegations are denied.

    1.    Defendants admit the allegations in paragraphs 1, 40, 96, 107, 110, and 114 of the Complaint.

///

///

1

2. Defendants deny the allegations in paragraphs 2, 4, 42, 51, 52, 61, 64, 70, 74, 78, 79, 80, 82, 88, 92, 95, 97, 102, 103, 116, 117, 118, 119, 120, 121, 127, 129, 151, 156, 157, 166, and 171 of the Complaint.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in section I-previous lawsuits, section II-exhaustion, paragraphs 3, 41, 44, 45, 46, 47, 48, 49, 54, 55, 57, 58, 59, 60, 62, 63, 65, 66, 67, 68, 69, 71, 73, 75, 77, 81, 83, 84, 85, 86, 87, 89, 90, 91, 93, 94, 98, 99, 100, 101, 104, 105, 106, 108, 109, 111, 112, 113, 115, 124, 131, 136, 146, 147, 150, 152, 153, 155, 159, and 167.

4. In response to the allegations in section III-parties of the Complaint, Defendants admit that Plaintiff originally named all of the mentioned Defendants, but deny that all of the named Defendants remain parties in this action.

5. In response to the allegations in paragraphs 5, 6, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, tenth cause of action paragraph 149, 161, and 170, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations as each of the named individuals have been dismissed from the lawsuit and on that basis alone, deny them.

6. In response to the allegations in paragraph 43 of the Complaint, Defendants admit that Plaintiff was initially scheduled to be placed in administrative segregation before being placed on contraband surveillance watch, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis alone, deny them.

7. In response to the allegations in paragraph 50 of the Complaint, Defendants deny that they violated Department Operational Manual policies and procedures, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis alone, deny them.

8. In response to the allegations in paragraph 53 of the Complaint, Defendants deny that they refused Plaintiff liberty to use the restroom, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis alone, deny them.

///

9. In response to the allegations in paragraph 56 of the Complaint, Defendants admit that Plaintiff is free from being subjected to cruel and unusual punishment, but deny that there was no basis for Plaintiff to be placed on contraband surveillance watch.

10. In response to the allegations in paragraph 76 of the Complaint, Defendants admit that Plaintiff was seen by the Institutional Classification Committee on November 18, 2009, and that he denied having any contraband, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis alone, deny them.

11. In response to the allegations in paragraph 122 of the Complaint, Defendants deny that reasonable suspicion did not exist to place Plaintiff on contraband surveillance watch, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis alone, deny them.

12. In response to the allegations in paragraph 123 of the Complaint, Defendants admit that Plaintiff was placed on contraband surveillance watch, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis alone, deny them.

13. In response to the allegations in paragraph 126, 128, 130, 133, 135, 138, 140, 142, 148, eleventh cause of action paragraph 149, 154, 158, 162, 165, and 168 of the Complaint, Defendants incorporate by reference their responses to the paragraphs preceding them.

14. In response to the allegations of paragraph 132 of the Complaint, Defendants deny that they violated the First Amendment or Fourteenth Amendment Equal Protection Clause, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis alone, deny them.

15. In response to the allegations in paragraph 134 of the Complaint, Defendants deny that their actions or inactions constituted cruel and unusual punishment or that they retaliated against Plaintiff, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis alone, deny them.

16. In response to the allegations in paragraph 137 of the Complaint, Defendants deny that their actions or inactions violated the Eighth or Fourteenth Amendments, and deny that any

1  decisions were unfounded or made arbitrarily, and lack knowledge or information sufficient to
2  form a belief as to the truth of the remaining allegations and on that basis alone, deny them.
3      17.   In response to the allegations in paragraph 139 of the Complaint, Defendants deny
4  that they violated the Eighth or Fourteenth Amendments or that they retaliated against Plaintiff,
5  and lack knowledge or information sufficient to form a belief as to the truth of the remaining
6  allegations and on that basis alone, deny them.
7      18.   In response to the allegations in paragraph 141 of the Complaint, Defendants deny
8  that they denied Plaintiff due process and conspired to violate Plaintiff's constitutional rights, and
9  lack knowledge or information sufficient to form a belief as to the truth of the remaining
10 allegations and on that basis alone, deny them.
11     19.   In response to the allegations in paragraph 143 of the Complaint, Defendants deny
12 that Plaintiff was subjected to cruel and unusual punishment, or that he was arbitrarily placed on
13 contraband surveillance watch without reasonable suspicion, and lack knowledge or information
14 sufficient to form a belief as to the truth of the remaining allegations and on that basis alone, deny
15 them.
16     20.   In response to the allegations in paragraph 145 of the Complaint, Defendant Allen
17 denies that he prevented Plaintiff from using the bathroom on contraband surveillance watch, and
18 Defendants lack knowledge or information sufficient to form a belief as to the truth of the
19 remaining allegations and on that basis alone, deny them.
20     21.   In response to the allegations in paragraph 160 of the Complaint, Defendants deny
21 that Plaintiff was arbitrarily placed on contraband surveillance watch, and lack knowledge or
22 information sufficient to form a belief as to the truth of the remaining allegations and on that basis
23 alone, deny them.
24     22.   In response to the allegations in paragraph 163 of the Complaint, Defendants deny
25 that Plaintiff was arbitrarily placed on contraband surveillance watch, and lack knowledge or
26 information sufficient to form a belief as to the truth of the remaining allegations and on that basis
27 alone, deny them.
28 / / /

23. In response to the allegations in paragraph 164 of the Complaint, Defendants admit that Plaintiff was released from contraband surveillance watch, and deny that failed to provide Plaintiff with "state due process."

24. In response to the allegations in paragraph 169 of the Complaint, Defendants deny that they acted arbitrarily, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis alone, deny them.

## AFFIRMATIVE DEFENSES

1. Plaintiff is not entitled to punitive damages because the Defendants did not act with malicious intent to deprive him of any constitutional right or to cause any other injury.

2. Defendants' are immune or qualifiedly immune from suit for damages because Defendants actions were reasonable under the circumstances.

3. Plaintiff's claims for injunctive relief are moot as he is now a parolee.

4. This action is barred in part by Plaintiff's failure to exhaust administrative remedies because he failed to file an administrative appeal concerning all of his claims before filing this action.

## DEMAND FOR JURY TRIAL

Under Rule 38 of the Federal Rules of Civil Procedure, Defendants demand that this matter be tried before a jury.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**PRAYER FOR RELIEF**

Defendants pray for relief as follows:

1. That Plaintiff takes nothing by this action;

2. That Defendants be awarded costs of suit and attorney's fees; and

3. That Defendants be awarded such other relief as this Court deems proper.

Dated: September 8, 2015

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
CHRISTOPHER J. BECKER
Supervising Deputy Attorney General

*/s/ Kelly A. Samson*

KELLY A. SAMSON
Deputy Attorney General
*Attorneys for Defendants*
*E. Baker, Engellenner, Buchanan, Mendoza, Hood, Kramer, Virga, Ellen (misidentified as Allen), Stewart, Montes, and Drummond*

SA2013113040
32201163.doc

**DECLARATION OF SERVICE BY U.S. MAIL**

Case Name:   **Ezequiel Romo v. Mathew Cate**
Case No.:    **2:11-cv-02898-GEB-DAD (PC)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On **September 8, 2015**, I served the attached:

> **DEFENDANTS' ANSWER TO FIFTH AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Ezequiel Romo
K-38661
11293 Telfair Avenue
San Fernando, CA  91340
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **September 8, 2015**, at Sacramento, California.

| S. Burke | /s/ S. Burke |
|----------|--------------|
| Declarant | Signature |

SA2013113040
32201163.doc

7

DEFENDANTS' ANSWER TO FIFTH AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL
(2:11-cv-02898-GEB-DAD (PC) )