UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EZEQUIEL ROMO,<br><br>           Plaintiff,<br><br>      v.<br><br>MATHEW CATE, et al.,<br><br>           Defendants. | No.  2:11-cv-2898 GEB CKD P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding in forma pauperis, with a civil rights action pursuant to 42 U.S.C. § 1983.  On March 8, 2016, this matter was set for settlement conference scheduled on July 26, 2016.  On July 11, 2016, the settlement conference was continued to July 27, 2016, at 9:30 a.m. before the undersigned.  On July 26, 2016, the day before the scheduled settlement conference, attorney Vicken H. Hagopian filed a substitution of attorney substituting himself as attorney for plaintiff, who previously proceeded pro se.  That same day, plaintiff's counsel filed a motion to continue the settlement conference and to reset the dispositive motions deadline.  By minute order filed July 26, 2016, plaintiff's motion to continue the settlement conference was denied.

On July 27, 2016, at 9:30 a.m., the undersigned attempted to proceed with the scheduled settlement conference.  Plaintiff was transported from the prison, and the assigned Deputy

1

Attorney General appeared.  Plaintiff's counsel did not appear and did not telephone.  The courtroom deputy attempted to reach plaintiff's counsel by phone, but only reached the attorney's law clerk, who was unable to reach plaintiff's counsel.  The court also attempted to reach plaintiff's counsel by cell phone, but the cell phone voicemail box was full, so no message could be left.

At some point after 10:00 a.m., plaintiff's counsel called the court.  The undersigned verbally informed plaintiff's counsel that the undersigned was considering the issuance of an order to show cause why sanctions should not be imposed for the late-filed request and his failure to appear, either in person or by phone, but that counsel should not allow such consideration to impact his representation of plaintiff at the settlement conference.  Plaintiff's counsel was apologetic, and agreed to participate in the settlement conference by telephone, and further agreed that his participation in the settlement conference would not be influenced by the pending order to show cause.  Around 10:15 a.m., the settlement conference commenced, with plaintiff's counsel conferring with plaintiff and the court by telephone.  The case did not settle.  At the conclusion of the conference, plaintiff's counsel advised that he would not continue to represent plaintiff, plaintiff agreed, and counsel will file documentation to that effect.  Plaintiff's counsel fully participated in the settlement conference.

In light of plaintiff's counsel's cooperation and participation[1] in the settlement conference, albeit belatedly, the undersigned decides not to impose sanctions.  However, plaintiff's counsel is cautioned that such further late filing or failure to appear could result in such an order.

IT IS SO ORDERED.

Dated:  July 28, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/romo2898.osc

---

[1] The court makes clear that the potential order to show cause for the imposition of sanctions had no impact on plaintiff's counsel's representation of plaintiff during the settlement conference, or decision to withdraw as counsel of record.

2